REQUESTS FOR PRODUCTION OF DOCUMENTS

Jose DeCastro
1248 Franklin St.
Santa Monica, CA 90404
deletelawz@gmail.com
*Pro Se*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Jose DeCastro,
Plaintiff(s),

Case No. 1:22-cv-11421-ADB

v.

Judge Allison D. Burroughs

Joshua Abrams, et al.,
Defendant(s).

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS AND THINGS TO DEFENDANT, NOS. 1–12**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff DeCastro requests that Defendant Peter produce the documents and things identified below. Defendant shall provide written responses and objections to these Requests on or before 30 days from the date of this request.

You are hereby advised that under 15 U.S.C. § 78u-4(b)(3)(C)(i) you are required to preserve all evidence that are in any way relevant to this action. This includes evidence under your control, but you must also preserve evidence that you are in a position to attempt to preserve.

**INSTRUCTIONS AND DEFINITIONS**

As used herein, the following definitions apply:

1. "Defendant" means Katherine Peter, the defendant in this action, as well as its past or present owners, officers, directors, agents, servants, employees, in-house and outside attorneys, accountants, consultants, corporate parents, affiliates, subsidiaries, or other persons or entities acting on its behalf.

2. "Plaintiff" means Jose DeCastro, the plaintiff in this action, and its owners, officers, directors, agents, servants, employees, in-house and outside attorneys, accountants, consultants, predecessors in interest, corporate parents, affiliates, subsidiaries, or other persons or entities acting on its behalf.

3. This request includes documents for all organizations that Defendant owns or is a member of, including, but not limited to, Masshole Troll Mafia.

4. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), including, without limitation, any electronically-stored data or information. Drafts and non-identical duplicates constitute separate documents. Attachments, exhibits, appendices, schedules, and enclosures to documents are considered part of the same document.

5. The term "thing" refers to any tangible object other than a document and includes objects of every kind and nature, including but not limited to prototypes, models, specimens, computer disks and tapes, videotapes, and audiotapes.

6. "Concerning" means constituting, comprising, relating to, referring to, reflecting, evidencing, or in any way relevant within the meaning of Federal Rule of Civil Procedure 26(b)(1).

7. "Including" means including but not limited to.

8. "Person" and "persons" means (a) natural persons; (b) legal entities, including without limitation corporations, partnerships, firms, associations, professional corporations, and proprietorships; and (c) governmental bodies or agencies.

9. "And" and "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of a Request all responses that might otherwise be construed to be outside of its scope.

10. The past tense includes the present tense, and vice-versa. The singular includes the plural, and vice-versa.

11. Unless otherwise indicated, the Requests cover the period of April 3, 2022 to the Present.

12. These Requests seek the production of documents and things as of the date on which Defendant responds; however, the Requests shall be deemed continuing and must be supplemented as required by the Federal Rules of Civil Procedure. If, after producing documents and things, Defendant becomes aware of any further document(s), thing(s), or information responsive to these Requests, Defendant is required to produce such additional documents, things, and/or information to Plaintiff promptly upon acquiring possession of such.

13. If any document or thing is not produced based on a claim of privilege, or if Defendant contends a document or thing is otherwise exempt from discovery, Defendant shall provide Plaintiff with a privilege log in compliance with Rule 26(b)(5) of the Federal Rules of Civil Procedure.

14. If Defendant objects to any Request as overly broad or unduly burdensome, Defendant shall produce those documents and/or things that are unobjectionable and specifically identify the respect in which the request is allegedly overly broad or burdensome.

15. If Defendant is aware that any document or thing responsive to any Request once existed but has been destroyed, or is no longer available for production, Defendant shall identify who destroyed it, why it was destroyed, and the circumstances under which it was destroyed or is no longer available.

16. Respond to each of the Requests separately. Identify any Document responsive to any request as being responsive to the specific request at issue. If the same Document is responsive to more than one request, identify all requests to which it is responsive.

17. All Documents are to be produced in searchable PDF format pursuant to Fed. R. Civ. P. 34(b)(1)(C) / as they are kept in the usual course of business so that Plaintiff can ascertain the files in which the Documents are located, their relative order in such files, and how such files are maintained.

**REQUESTS FOR DOCUMENTS AND THINGS**

**DOCUMENT REQUEST NO. 1:** All documents and things concerning disparagement of Plaintiff.

**DOCUMENT REQUEST NO. 2:** All documents and things concerning the location, tracking of location, or "geoguessing" of Plaintiff.

**DOCUMENT REQUEST NO. 3:** All documents and things concerning the facts or reputation of Plaintiff or his trade.

**DOCUMENT REQUEST NO. 4:** All documents and things sufficient to show Defendant's current organizational structure, including without limitation documents sufficient to identify any parent, subsidiary, or other related companies, and documents sufficient to identify and describe Defendant's officers, directors, and managerial employees and their respective duties.

**DOCUMENT REQUEST NO. 5:** All documents and things concerning harassment, trolling, vandalism, hacking, or any other behavior directed at Plaintiff or his trade.

**DOCUMENT REQUEST NO. 6:** Copies of Defendant's policies concerning retention, storage, filing, or destruction of electronic documents, including e-mail, messaging, and video.

**DOCUMENT REQUEST NO. 7:** All non-privileged documents and things concerning this action.

**DOCUMENT REQUEST NO. 8:** All non-privileged documents that Defendant sent to or received from any person concerning this action.

**DOCUMENT REQUEST NO. 9:** All communications between Defendant, fans and friends of hers that she communicates with, "members" of her organization, or anyone else that she communicates with related to this action, during the time period April 3, 2022 to the Present.

**DOCUMENT REQUEST NO. 10:** All non-privileged documents and things concerning Defendant's knowledge or lack thereof regarding protected speech, copyright, harassment,

stalking, vandalism, defamation, trade libel, invasion of privacy including false light, conspiracy, intentional infliction of emotional distress, intentional interference with contractual relations, intentional interference with prospective economic relations, negligent interference with prospective economic relations, or threats in relation to this action.

**DOCUMENT REQUEST NO. 11:** All non-privileged communications relating to Plaintiff.

**DOCUMENT REQUEST NO. 12:** All documents concerning any lawsuit, action, claim, charge, assertion, allegation, or arbitration proceeding brought by or against Defendant involving claims for harassment, copyright violations, harassment, stalking, vandalism, defamation, trade libel, invasion of privacy including false light, conspiracy, intentional infliction of emotional distress, intentional interference with contractual relations, intentional interference with prospective economic relations, negligent interference with prospective economic relations, or threats.

DATED: October 6, 2022

Respectfully submitted,

_____
Jose DeCastro
1248 Franklin St.
Santa Monica, CA 90404
deletelawz@gmail.com
(310) 963-2445
*Pro Se*

4