# UNITED STATES DISTRICT COURT
## for the
## District of Massachusetts

| | |
|---|---|
| JOSE MARIA DECASTRO, an individual | ) Case No. 1:22-cv-11421 |
| Plaintiff, | ) **MOTION TO CORRECT RECORD** |
| v. | ) **POINTS AND AUTHORITIES** |
| JOSHUA ABRAMS, an individual, et al., | ) |
| Defendants. | ) |

## MOTION TO CORRECT RECORD POINTS AND AUTHORITIES

*Phx. Glob. Ventures, LLC v. Phx. Hotel Assocs., Ltd.*, 422 F.3d 72 (2d Cir. 2005), *Warters v. Mass. DOT*, Civil Action No. 16-11892-FDS, 2016 U.S. Dist. LEXIS 174992 (D. Mass. Dec. 19, 2016), *St. John v. CBE Grp., Inc.*, Civil Action No. 10-40091-FDS, 2011 U.S. Dist. LEXIS 13608 (D. Mass. Feb. 11, 2011)

Plaintiff's counsel stated that his motion would have been timely but for problems with the district court's electronic case filing (ECF) system. The motion was properly filed after three attempts, which caused the motion to be made one day late. The district court excused counsel's problems with the ECF system and deemed the motion filed as of the time of the second attempt. Second Circuit precedent provided that a district court had the inherent authority to overlook violations of, or depart from, its own local rules. The appellate court extended this holding to compliance with the ECF system, noting that the ECF was not, strictly speaking, a local rule which had the "force of law." Accordingly, the district court did not abuse its discretion when it overlooked the failures to comply with the ECF system. Thus, the district court had the discretion to deem the

motion made on the date that the motion would have been filed but for failure to comply with requirements of the ECF system. The appellate court noted that this was not an exception to the mandatory deadline of 28 U.S.C.S. § 1447; if not for the ECF filing errors, the motion would have been timely.

*Bd. of Trs. of the Pipe Fitters' Ret. Fund, Local 597 v. Commer. Cooling & Heating, Inc.*, No. 13 C 7731, 2019 U.S. Dist. LEXIS 88407 (N.D. Ill. May 28, 2019)

An evidentiary hearing allowed a member of the Court's IT team to determine how far along in the process of e-filing a party had reached.

*Neverson v. Farquharson*, 366 F.3d 32 (1st Cir. 2004) and Equitable Tolling

The equitable tolling doctrine extends statutory deadlines in extraordinary circumstances for parties who were prevented from complying with them through no fault or lack of diligence of their own.