# UNITED STATES DISTRICT COURT

## for the

## District of Massachusetts

| | |
|---|---|
| JOSE MARIA DECASTRO, an individual ) | Case No. 1:22-cv-11421 |
| ) | |
| Plaintiff, ) | **MOTION TO CORRECT RECORD** |
| ) | *NUNC PRO TUNC* |
| v. ) | |
| ) | |
| JOSHUA ABRAMS, an individual, et al., ) | |
| ) | |
| Defendants. ) | |

## MOTION TO CORRECT RECORD *NUNC PRO TUNC*

Plaintiff Jose DeCastro ("Plaintiff" or "I"), hereby moves this Honorable Court to correct its record under Fed. R. Civ. P. 60(a) and record the Plaintiff's Voluntary Dismissal and notice (Document #56 in the record) as filed before the Defendant's answers to my complaint, which is true and in the interest of justice.

In support of this Motion, I hereby incorporate the attached Memorandum in Support.

Dated: November 29, 2022                    Respectfully submitted,

/s/ Jose DeCastro
Jose DeCastro
1258 Franklin St.
Santa Monica, CA 90404
chille@situationcreator.com
(310) 963-2445
*Pro Se*

# UNITED STATES DISTRICT COURT
# for the
# District of Massachusetts

| | | |
|---|---|---|
| JOSE MARIA DECASTRO, an individual | ) | Case No. 1:22-cv-11421 |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S MEMORANDUM IN** |
| | ) | **SUPPORT OF MOTION TO** |
| v. | ) | **CORRECT RECORD *NUNC PRO*** |
| | ) | ***TUNC*** |
| JOSHUA ABRAMS, an individual, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO CORRECT RECORD *NUNC PRO TUNC*

Under Fed R. Civ. P. 41(a)(1)(A)(i), a Plaintiff has the absolute right to dismiss, an action that is has brought, before the opposing party serves either an answer or a motion for summary judgement.

I filed a Notice of Voluntary Dismissal ("NVD") prior to being served with answers or motions for summary judgement. There was an apparent error that I am completely not at fault for, which the court is responsible for investigating and resolving in the interest of justice. The court doesn't appear to have made an investigation, so I am moving this court to do so.

The Court has said that I did not explain why I did not refile the document until it appeared. I was never notified that filings would immediately appear in the electronic record, and in fact my experience was the opposite. I had previously e-filed documents where I was notified that it was too late to file and that the document would be filed later. I expected the NVD to appear on

2

Monday, and was surprised when the Defendant's documents, that had been filed after mine, showed before mine. Non-party attorney, Jon Rietveld, who has been reporting on this case, even made a video suggesting his followers wait "until the dust settled", that clerks don't typically work on the weekend, and it might take some time to file all the documents, and that they might not appear in order. I say this simply to point out that I am not the only person that thought this was how e-filing worked. If I had known that if a document didn't immediately appear, that I needed to keep filing until it did, I would have followed that process. I also believe that we would have had many duplicate documents filed, due to the delays that I have witnessed in the past. I'm requesting an evidentiary hearing to bring witnesses as to how a reasonable person, after any training that I attended, might expect e-filing to work, as well as to talk to your IT people after they've investigated and to discover electronic evidence of my submittal.

    The Court has said that I submitted no evidence to show that I drafted my NVD before the NEF of the answers. I declare that I did and include **Exhibit 1** which is the metadata on the PDF for the NVD that I prepared and is a true and correct copy. In **Exhibit 2**, I submit to you metadata from my computer showing my submission of the e-file, although your IT department likely has better data. I collected this metadata and it is a true and correct copy. a YouTube video that I published that began streaming at 2022-11-06T17:42:46+00:00 titled in part "… Lawsuits are withdrawn," and published at https://www.youtube.com/watch?v=fSYwoLfHCNg. I collected this metadata and it is a true and correct copy. Defendant Katherine Peter ("Peter") published a YouTube video that began streaming at 2022-11-07T02:00:13+00:00 titled in part "Chille's Sad Breakup…" and published at https://www.youtube.com/watch?v=NISnWPioMQk. In the video, Peter says, "I know why you're all here right now. I do, uh. You're thinking that we're going to have some sort of big update. Um, none whatsoever. I'm treating it as I, you

know, as of right now 9:02, sorry 9:03 PM, on Sunday the sixth of November, I am still being sued, and I am treating it as such." I collected the metadata and transcribed this and it is true and correct. In **Exhibit 3**, I include email notices including the NVD (#56 in the record), sent to the opposition prior to the NEF of the answers, which I prepared and is a true and correct copy. In **Exhibit 4**, I include an email reply from Defendant Abrams's attorney of record, replying to that email, to show proof of delivery. I prepared this document, and it is a true and correct copy. I also submit the Defendant's answers in the record at #53 and #54, which were obviously hastily prepared. They both offer permissive counter complaints that contain state claims, do not establish jurisdiction or authority for relief, or offer anything other than general denial. Either the Defendant attorneys have suddenly gotten dumb, or these were hastily prepared, which I offer as evidence as to their notice of dismissal and their obvious desire to try to beat me in a race of time to file, which they obviously won due to their continued exercise of their position and manipulation of this Court that is prejudicial against me and to keep their claims in the Court where they continue to exercise that position. Further, when I filed my Motion to Transfer Venue ("MTV") (#50), this Court suggested that I dismiss this case instead (#51). Although I considered asking this court to reconsider my MTV, it seemed more proper to file the dismissal instead of questioning the Court's legal analysis. The series of events in context makes it obvious to expect that an NVD was my next move. Finally, I have a text message chain between me and my legal team where we discuss NVD strategy, the preparation of the NVD, and the successful filing of it, which I will submit in the evidentiary hearing or in my reconsideration of this motion. Finally, case law has indicated that the requirements of the ECF system do not affect whether a document is filed, and the Court's IT personnel should be able to show minimally how

far along in the filing process that I was able to get to, showing definite intent, and notice to the defendants should also prove sufficient.

I will take necessary actions to preserve my right to appeal any action that interferes with my absolute right to dismiss. Proceeding, while preserving my appeal to voluntary dismissal, due to error by the court, and against a *pro se* plaintiff, will give me an advantage if I lose on the merits.

## POINTS AND AUTHORITIES

**a. Complying with the ECF system requirements is not "filing"**

*Phx. Glob. Ventures, LLC v. Phx. Hotel Assocs., Ltd.*, 422 F.3d 72 (2d Cir. 2005); *Warters v. Mass. DOT*, Civil Action No. 16-11892-FDS, 2016 U.S. Dist. LEXIS 174992 (D. Mass. Dec. 19, 2016); *St. John v. CBE Grp., Inc.*, Civil Action No. 10-40091-FDS, 2011 U.S. Dist. LEXIS 13608 (D. Mass. Feb. 11, 2011)

> Plaintiff's counsel stated that his motion would have been timely but for problems with the district court's electronic case filing (ECF) system. The motion was properly filed after three attempts, which caused the motion to be made one day late. The district court excused counsel's problems with the ECF system and deemed the motion filed as of the time of the second attempt. Second Circuit precedent provided that a district court had the inherent authority to overlook violations of, or depart from, its own local rules. The appellate court extended this holding to compliance with the ECF system, noting that the ECF was not, strictly speaking, a local rule which had the "force of law." Accordingly, the district court did not abuse its discretion when it overlooked the failures to comply with the ECF system. Thus, the district court had the discretion to deem the motion made on the date that the motion would have been filed but for failure to comply with requirements of the ECF system. The appellate court noted that this was not an exception to the mandatory deadline of 28 U.S.C.S. § 1447; if not for the ECF filing errors, the motion would have been timely.

*Seville v. Stowitzky*, No. 08-3315, 2009 U.S. Dist. LEXIS 21805 (E.D. Pa. Mar. 17, 2009)

> The court deemed a pro se litigant's remand motion "made" on the date it was signed and dated rather than the date it was filed in ECF.

**b. Declaration is sufficient to prove clear error**

5

*Phx. Glob. Ventures, LLC v. Phx. Hotel Assocs., Ltd.*, 422 F.3d 72, 76-77 (2d Cir. 2005)

Associates argue that there was no evidence corroborating Gulino's attempt to file. In reviewing district court decisions for abuse of discretion, we review the underlying factual findings for clear error. United States v. Garcia, 413 F.3d 201, 222 (2d Cir. 2005). In turn, clear-error review mandates that we defer to the district court's factual findings, particularly those involving credibility determinations. See Joseph Brenner Assocs., Inc. v. Starmaker Entm't, Inc., 82 F.3d 55, 57 (2d Cir. 1996). Gulino submitted a statement that affirmed his account to be true on penalty of perjury. Associates never requested an evidentiary hearing or otherwise tested this statement below. It is apparent that the district court credited this account, although it did not say so explicitly. While Gulino's statement is, as Associates point out, slightly vague and phrased in the passive voice, we do not find this sufficient to make the district court's acceptance of Gulino's statement clearly erroneous.

**c. Notice to defendants sufficient for notices required to be filed with the court**

*Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379 (1988)

Rules 3(a) and 4(a)(1) thus specify that the notice should be filed "with the clerk of the district court." There is, however, no dispute here that the notice must be directed to the clerk of the district court -- delivery of a notice of appeal to prison authorities would not under any theory constitute a "filing" unless the notice were delivered for forwarding to the district court. The question is one of timing, not destination: whether the moment of "filing" occurs when the notice is delivered to the prison authorities or at some later juncture in its processing.

**d. Evidentiary hearing allowed in motion to correct, and Court staff testified to filing**

*Bd. of Trs. of the Pipe Fitters' Ret. Fund, Local 597 v. Commer. Cooling & Heating, Inc.*, No. 13 C 7731, 2019 U.S. Dist. LEXIS 88407 (N.D. Ill. May 28, 2019)

An evidentiary hearing allowed a member of the Court's IT team to determine how far along in the process of e-filing a party had reached.

**e. Tolling should not occur where they exercised diligence and lacked fault**

*Neverson v. Farquharson*, 366 F.3d 32 (1st Cir. 2004) and Equitable Tolling

The equitable tolling doctrine extends statutory deadlines in extraordinary circumstances for parties who were prevented from complying with them through no fault or lack of diligence of their own.

**f. Nunc Pro Tunc is proper and changes history**

6

*Fierro v. Reno*, 217 F.3d 1, 5 (1st Cir. 2000)

  Whether this is a proper *nunc pro tunc* order under state law is open to question. Like many other concepts in the law wrongly assumed to have a fixed meaning, *nunc pro tunc* is a somewhat loose concept, like "jurisdiction" or "waiver," used somewhat differently by different courts in different contexts. Literally meaning "now for then" (in Latin) see Black's Law Dictionary 1097 (7th ed. 1999), it is a phrase typically used by courts to specify that an order entered at a later date should be given effect retroactive to an earlier date--that is, that it should be treated for legal purposes as if entered on the earlier date. Id. The critical question here is not the intended effect of the phrase but in what circumstances a court may properly order that a new judgment be given effect *nunc pro tunc*.

  The core notion, in Massachusetts as in many other jurisdictions, is that a *nunc pro tunc* order is appropriate primarily to correct the record at a later date to make the record reflect what the court or other body actually intended to do at an earlier date but did not sufficiently express or did not get around to doing through some error or inadvertence. Thus, a clerical mistake in a judgment might be corrected *nunc pro tunc* when discovered later or a franchise sought as of October 1 might be backdated to that date where the application was timely made.

## DECLARATION

I declare under penalty of perjury, that the foregoing is true and correct.

## REQUEST FOR HEARING

Pursuant to L.R. 7.1(d), I hereby request an evidentiary hearing and oral argument – at the Court's election – on the issues presented in this motion.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

The court has waived this local rule for the remainder of this action.

Dated: November 29, 2022       Respectfully submitted,

                  /s/ Jose DeCastro
                  Jose DeCastro
                  1258 Franklin St.
                  Santa Monica, CA 90404
                  chille@situationcreator.com
                  (310) 963-2445
                  *Pro Se*

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Jose DeCastro

# EXHIBIT 1

| Document Properties | |
|---|---|
| **Description** \| Security \| Fonts \| Initial View \| Custom \| Advanced | |

**Description**

- File: motion-to-dismiss.pdf
- Title: Microsoft Word - motion-to-dismiss.docx
- Author:
- Subject:
- Keywords:
- Created: 11/5/2022 2:34:39 AM
- Modified: 11/5/2022 2:34:39 AM
- Application: PScript5.dll Version 5.2.2

**Advanced**

- PDF Producer: Acrobat Distiller 22.0 (Windows)
- PDF Version: 1.6 (Acrobat 7.x)
- Location: E:\
- File Size: 106.12 KB (108,664 Bytes)
- Page Size: 8.50 x 11.00 in
- Number of Pages: 1
- Tagged PDF: No
- Fast Web View: Yes

[Additional Metadata...]   [Help]   [OK]   [Cancel]

9

# EXHIBIT 2

☰ History 🔍

Sunday, November 6, 2022

| | | | | |
|---|---|---|---|---|
| ☐ | 12:42 PM | Channel content - YouTube Studio | studio.youtube.com | ⋮ |
| ☐ | 12:42 PM | Video details - YouTube Studio | studio.youtube.com | ⋮ |
| ☐ | 12:41 PM | Stream customization - YouTube Studio | studio.youtube.com | ⋮ |
| ☐ | 12:38 PM | (152) YouTube | www.youtube.com | ⋮ |
| ☐ | 12:38 PM | Let's End Hate and Show the Love & Fo… | www.youtube.com | ⋮ |
| ☐ | 12:38 PM | Video details - YouTube Studio | studio.youtube.com | ⋮ |
| ☐ | 12:17 PM | ecf.mad.uscourts.gov | ecf.mad.uscourts.gov | ⋮ |
| ☐ | 12:17 PM | CM/ECF - USDC Massachusetts - Ve… | ecf.mad.uscourts.gov | ⋮ |
| ☐ | 12:15 PM | CM/ECF - USDC Massachusetts - Ve… | ecf.mad.uscourts.gov | ⋮ |
| ☐ | 12:15 PM | CM/ECF - USDC Massachusetts - Ve… | ecf.mad.uscourts.gov | ⋮ |
| ☐ | 12:15 PM | CM/ECF - USDC Massachusetts - Ve… | ecf.mad.uscourts.gov | ⋮ |
| ☐ | 12:15 PM | CM/ECF - USDC Massachusetts - Ve… | ecf.mad.uscourts.gov | ⋮ |
| ☐ | 12:15 PM | CM/ECF - USDC Massachusetts - Ve… | ecf.mad.uscourts.gov | ⋮ |
| ☐ | 12:13 PM | CM/ECF - USDC Massachusetts - Ve… | ecf.mad.uscourts.gov | ⋮ |
| ☐ | 12:13 PM | CM/ECF - USDC Massachusetts - Ve… | ecf.mad.uscourts.gov | ⋮ |
| ☐ | 12:12 PM | CM/ECF - USDC Massachusetts - Ve… | ecf.mad.uscourts.gov | ⋮ |
| ☐ | 12:12 PM | PACER: Login | pacer.login.uscourts.gov | ⋮ |
| ☐ | 12:12 PM | Court CM/ECF Lookup | PACER: Feder… | pacer.uscourts.gov | ⋮ |
| ☐ | 12:11 PM | pacer login - Google Search | www.google.com | ⋮ |

       **GZJ KDKV'5**                                                         **Delete Lawz <deletelawz@gmail.com>**

## re: Withdrawn

**Delete Lawz** <deletelawz@gmail.com>                                                              Mon, Nov 7, 2022 at 5:04 AM
To: "Wish, Benjamin" <bwish@toddweld.com>, Josh Abrams Accountability For All All <josha1487@gmail.com>
Bcc: Discussing Law <discussinglaw@gmail.com>

   re: We have set specific stipulations. Please, see that you follow them or you may face future litigation.

   Regards,
   Jose M. DeCastro

   📄 **motion-to-dismiss.pdf**
       107K



# EXHIBIT 4

**Delete Lawz <deletelawz@gmail.com>**

## RE: Withdrawn

**Joshua Garick** <Joshua@garicklaw.com>                                                             Mon, Nov 7, 2022 at 9:06 AM
To: Delete Lawz <deletelawz@gmail.com>

Mr. DeCastro:

Since your notice of dismissal was not properly served (see Fed. R. Civ. P. 5), it is ineffective and you can only dismiss the claims now with a stipulation of dismissal signed by all parties.  See Fed. R. Civ. P. 41(a)(1)(A)(ii).  Mr. Abrams would agree to dismissal if you dismiss claims as to him <u>with prejudice</u>.  While you would be abandoning claims against Mr. Abrams, that would still leave you free to pursue claims against Ms. Peter, who I suspect is the person you really have an axe to grind with here.

Let me know if you will agree, and we can file a stipulation of dismissal without delay.

Thanks,

Josh

---

**From:** Delete Lawz <deletelawz@gmail.com>
**Sent:** Monday, November 7, 2022 11:18 AM
**To:** Joshua Garick <Joshua@garicklaw.com>
**Subject:** Fwd: Withdrawn


Apologies Mr. Garick.

I was sending this to you and I accidentally sent it to Josh.

Forgive me for my error

Jose M DeCastro

Sent from my iPhone

Begin forwarded message:

> **From:** Delete Lawz <deletelawz@gmail.com>
> **Date:** November 7, 2022 at 8:04:49 AM GMT-5
> **To:** "Wish, Benjamin" <bwish@toddweld.com>, Josh Abrams Accountability For All All <josha1487@gmail.com>
> **Subject: re: Withdrawn**

re: We have set specific stipulations. Please, see that you follow them or you may face future litigation.

Regards,
Jose M. DeCastro