UNITED STATES DISTRICT COURT

for the

District of Massachusetts

| | |
|---|---|
| JOSE MARIA DECASTRO, an individual ) | Case No. 1:22-cv-11421 |
| ) | |
| Plaintiff, ) | **MOTION FOR LEAVE TO** |
| ) | **SUPPLEMENT FIRST AMENDED** |
| v. ) | **COMPLAINT** |
| ) | |
| JOSHUA ABRAMS, an individual, et al., ) | |
| ) | |
| Defendants. ) | |

### MOTION FOR LEAVE TO SUPPLEMENT FIRST AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(d), Plaintiff Jose DeCastro ("Plaintiff" or "I"), respectfully moves this Honorable Court for leave to file Plaintiff's Supplemental Complaint. See Attachment 1 (Supplemental Complaint). I provided the proposed Supplemental Complaint to counsel for Defendants and conferred via email. Defendants do not oppose adding YouTube as a defendant, but they will require more time to answer the First Amended Complaint, which I have not yet stipulated to.

### ARGUMENT

Courts may permit supplemental pleadings "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The First Circuit has recognized that "courts customarily have treated requests to supplement under Rule 15(d) liberally." *U.S. ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 7 (1st Cir. 2015). "This liberality is reminiscent of the way in which courts have treated requests to amend under Rule 15(a)'s leave 'freely give[n]' standard." *Id.; see also Keith v. Volpe*, 858 F.2d 467,

473 (9th Cir. 1988) ("Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings" as a "tool of judicial economy and convenience" and "[i]ts use is therefore favored.")

    Here, Plaintiff filed his First Amended Complaint ("FAC") on November 16, 2022 (Document #62 in the record). After using the FAC for some counter notifications under the Digital Millennium Copyright Act ("DMCA"), YouTube revealed their behavior that broke their safe harbor protections under the DMCA, and also made decisions to leave content infringing on Plaintiff's copyright on the YouTube platform, making YouTube partially liable for any further damages after their processing of the DMCA notice. Plaintiff could not have known that YouTube would have behaved in this tortious manner until after his FAC. I have also published content since the date of the FAC that has been infringed.

    No factors exist that would support denial of Plaintiff's motion. See *PharMerica Corp.*, 809 F.3d at 7 (listing some factors a court may consider in denying a motion to supplement). Plaintiffs have not unreasonably delayed attempting to supplement; this motion comes less than two weeks after the facts arose, with a holiday during that time. The supplemental pleading will not unduly prejudice the Defendants and will help prevent them having to counter sue for several liability of YouTube. No responsive pleadings have yet been filed, and all parties were on notice of this potential supplementation through conferring over email. Plaintiffs' supplemental claim is not futile; Plaintiffs' have pleaded allegations, which, if taken as true as they must be at this stage, state a claim for which the Court can grant relief. See *Hatch v. Dep't for Children, Youth & Their Families*, 274 F.3d 12, 19 (1st Cir.2001) (an "amendment is not deemed futile as long as the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory.").

## CONCLUSION

Since supplementation will aid in the speedy and effective resolution of this case, I respectfully request the Court grant my motion for leave to file my Supplemental Complaint.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

The court has waived this local rule for the remainder of this action, but I did confer with the parties by email to limit the scope of this motion.

Dated: November 30, 2022          Respectfully submitted,

/s/ Jose DeCastro
Jose DeCastro
1258 Franklin St.
Santa Monica, CA 90404
chille@situationcreator.com
(310) 963-2445
*Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Jose DeCastro

# ATTACHMENT 1

UNITED STATES DISTRICT COURT

for the

District of Massachusetts

| | |
|---|---|
| JOSE MARIA DECASTRO, an individual ) | Case No. 1:22-cv-11421 |
| ) | |
| Plaintiff, ) | **SUPPLEMENTAL COMPLAINT** |
| ) | |
| v. ) | |
| ) | |
| JOSHUA ABRAMS, an individual, ) | |
| KATE PETER, an individual, ) | |
| JOHN DOES 1-50, ) | |
| YOUTUBE (GOOGLE LLC), a corporation, ) | |
| JOHN DOES 1-20, individuals, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**SUPPLEMENTAL COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(d), plaintiff Jose DeCastro ("Plaintiff") hereby files this supplemental complaint to its First Amended Complaint (ECF No. 62) ("FAC") in connection with its federal claim of copyright infringement, adding YouTube (GOOGLE LLC) ("YouTube"), and its unidentified employees making copyright determinations, John Does 1-20, as Defendants, for events that have occurred since the filing of the FAC. Further, Plaintiff supplements facts and copyrighted works ("Works") and alleges as follows:

**INTRODUCTION**

1. Since the filing of the FAC, YouTube and unidentified individuals at YouTube, have made determinations outside of the Digital Millennium Copyright Act ("DMCA") notice-and-

takedown system, giving up their Safe Harbor protection under the DMCA, and causing Plaintiff harm by interfering with his ability to exercise his copyright.

2. Defendants YouTube and individuals at YouTube, John Does 1-20, are severally liable for damages related to Plaintiff's FAC against the remaining defendants.

## JURISDICTION AND VENUE

3. This District has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (jurisdiction over copyright actions).

4. This District has personal jurisdiction over all Defendants under the criminal copyright activity predicate (2319) of 18 U.S.C. § 1965 (RICO). RICO violations make up the majority of the factors in the claims in this action.

5. Pursuant to 18 U.S.C. § 1965(a), venue is proper in this Court because it sits in a district that Defendant Peter resides. Pursuant to 18 U.S.C. § 1965(b), a court that is proper for one RICO defendant is proper for all other RICO defendants.

## PARTIES

6. I, Jose DeCastro, am an individual, residing at 1258 Franklin St, Santa Monica, CA.

7. Defendant YouTube (GOOGLE LLC) is a Delaware corporation doing business worldwide with their principal address at 901 Cherry Ave, San Bruno, CA.

8. I can only identify Defendants, John Does 1–20, individuals at YouTube answering DMCA complaints, by dispute number (a DMCA dispute tracking system at YouTube), and timestamps, as they sign their emails anonymously as "The YouTube Team".

## FACTUAL BACKGROUND

9. I have published over 800 videos, to which I own the valid copyright to, as content to my YouTube channel at https://www.youtube.com/channel/UCF08Wb_1z0ONDwh4Lvhu2AA/

10. Defendant YouTube publishers have copied my content without consent.

11. Defendant YouTube has specified their DMCA designated agent as Copyright Operations,YouTube, LLC, 901 Cherry Ave, San Bruno,  CA  94066, Phone: 650-214-3010, Email: copyright@youtube.com

12. Upon receiving notices of copyright infringement to the agent at paragraph 11, by Plaintiff under 17 U.S.C. § 512(c)(3), YouTube and John Does 1-20 have failed to take down infringing content on their service.

13. YouTube and John Does 1-20 have determined on multiple occasions that content is exempt from takedown under the DMCA due to copyright fair use, not even considering that I notified them that I had filed a court action, in violation of the DMCA and its standard technical measures.

14. Defendants YouTube and John Does 1-20 do not accept notice of a filed court action to defeat a counter-notice, under the DMCA standard technical measures, but instead require a "court-stamped copy of the full lawsuit". Defendants refuse to answer what they mean by court-stamped, whether it's a received stamp, which isn't relevant to e-filed documents (which all federal courts use), or whether they mean a certified copy, both of which are more than the requirements of the DMCA standard technical measures.

15. YouTube does not have a policy that is consistently enforced for the termination of repeat infringers under 17 U.S.C. §§ 512(i)(1)(A), 512(i)(2)(A), and 512(i)(2)(B).

16. My Works are listed in Exhibit 1 of the FAC and ones added since the FAC are listed in **Exhibit 1** of this supplemental complaint, by YouTube URL.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing. Added parties will be served under Fed. R. Civ. P. Rule 4.

## **CERTIFICATION PURSUANT TO LOCAL RULE 15.1**

Since the defendants are being added as a supplement and not an amendment relating back to the original filing date, this rule doesn't apply according to its literal interpretation.

Dated: November 30, 2022                                     Respectfully submitted,

/s/ Jose DeCastro
Jose DeCastro
1258 Franklin St.
Santa Monica, CA 90404
chille@situationcreator.com
(310) 963-2445
*Pro Se*

# EXHIBIT 1

```
https://www.youtube.com/watch?v=zXA_HNZ5n9s
https://youtube.com/shorts/XoQYnvc1eKM
https://youtube.com/shorts/JKwdA7zI-9I
https://www.youtube.com/watch?v=hSuyUSuAgCw
https://www.youtube.com/watch?v=AFJZDq4Bvus
https://www.youtube.com/watch?v=Fe5M-QKMZI4
https://www.youtube.com/watch?v=pbd618VVEMg
https://www.youtube.com/watch?v=vpNFTAsm-AQ
https://www.youtube.com/watch?v=jkRGp-gIUUE
https://www.youtube.com/watch?v=4xYocSJRqXg
https://www.youtube.com/watch?v=QmSCbyqSrf4
```