# UNITED STATES DISTRICT COURT

## for the

## District of Massachusetts

| | |
|---|---|
| JOSE MARIA DECASTRO, an individual ) | Case No. 1:22-cv-11421 |
| ) | |
| Plaintiff, ) | **PLAINTIFF'S SECOND MOTION TO** |
| ) | **CORRECT RECORD** *NUNC PRO* |
| v. ) | *TUNC* |
| ) | |
| JOSHUA ABRAMS, an individual, et al., ) | |
| ) | |
| Defendants. ) | |

## MOTION TO CORRECT RECORD *NUNC PRO TUNC*

Plaintiff Jose DeCastro ("Plaintiff" or "I"), hereby moves this Honorable Court to correct its record under Fed. R. Civ. P. 60(a) and correct its record of my Motion to Correct the recording of my Notice of Voluntary Dismissal, which is true and in the interest of justice.

In support of this Motion, I hereby incorporate the attached Memorandum in Support.

Dated: December 5, 2022           Respectfully submitted,

/s/ Jose DeCastro
Jose DeCastro
1258 Franklin St.
Santa Monica, CA 90404
chille@situationcreator.com
(310) 963-2445
*Pro Se*

# UNITED STATES DISTRICT COURT

## for the

## District of Massachusetts

| | |
|---|---|
| JOSE MARIA DECASTRO, an individual ) | Case No. 1:22-cv-11421 |
| ) | |
| Plaintiff, ) | **PLAINTIFF'S MEMORANDUM IN** |
| ) | **SUPPORT OF ITS SECOND MOTION** |
| v. ) | **TO CORRECT RECORD** *NUNC PRO* |
| ) | *TUNC* |
| JOSHUA ABRAMS, an individual, et al., ) | |
| ) | |
| Defendants. ) | |

## **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO CORRECT RECORD *NUNC PRO TUNC***

The Court has said in ECF No. 74 "Plaintiff has moved, for the fifth time, [see ECF Nos. 55 , 58 , 59 , 66 , 73 ], for the Court to retroactively find that his notice of voluntary dismissal (the "Notice") was filed before Defendants answered his complaint…". This court needs to correct the record.

ECF No. 55 is entered as a "Letter/request (non-motion)", and that was not an error when I specified that, but maybe it needs to be corrected or clarified for this court. This document was a letter to the court letting it know what occurred and where the best evidence was. I was hoping that the Court would, on its own, as it is able to under Fed. R. Civ. P. 60(a), correct the record, if it had information of a correction that was needed. The order at ECF No. 57 does not specify that ECF No. 55 was a motion. Additionally, the order made a lot of assumptions prejudicial to me.

2

ECF No. 58 was filed in error. I emailed the clerk about this, and she let me know that she corrected the record to make that clear. Perhaps this needs to be made clearer, that it is not a motion on record with this action.

ECF No. 59 although it says "Second", I don't know how that happened. It was my first motion. It was the correction from the mistake that happened at ECF No. 58. Perhaps this does need to be corrected from saying "Second". This Court found ECF No. 59 moot due to my filing of an amended complaint, without any relevant authority cited. I'm still unable to find any authority that says that an amended complaint removes from jurisdiction any *nunc pro tunc* motions for correction from the court's jurisdiction.

ECF No. 66 was a Motion for Reconsideration of the Motion to Correct. I do understand that there is no official Motion for Reconsideration in federal court, and that this would be considered an amended motion. That is not an additional motion, but it is also proper for my exercising my due diligence at the error made by this court, and this Court found ECF No. 66 moot due to my filing an amended complaint, without any relevant authority cited. It seemed like this court was saying that I needed to bring the motion back into the court's jurisdiction by filing it again.

ECF No. 73 was logically my first and only Motion to Correct, since the others were found moot and are not within this Court's jurisdiction, according to its erroneous rulings. Additionally, this motion **DID** include additional arguments and cited authority for its arguments.

This Court has said that "Plaintiff has not pointed to any evidence that indicates that he actually filed his Notice before Defendants answered." This is incorrect. I said in my very first letter to this court that the court has the best evidence and *Bd. of Trs. of the Pipe Fitters' Ret. Fund, Local 597 v. Commer. Cooling & Heating, Inc.*, No. 13 C 7731, 2019 U.S. Dist. LEXIS

88407 (N.D. Ill. May 28, 2019) shows how this court could use this evidence. I also requested an evidentiary hearing under the same precedent.

This court has said "First, although Plaintiff claims to have filed the Notice on November 6, 2022, there is no evidence that he did so. In fact, Plaintiff himself acknowledged in an email exchange with the clerk of the court,". I again refer you to the previous paragraph. There is evidence, and my being polite and reasonable and admitting to other possibilities in an email to the Clerk was not an admission of a mistake on my part. Even if there was an error on my part, I again refer you to *Warters v. Mass. DOT*, Civil Action No. 16-11892-FDS, 2016 U.S. Dist. LEXIS 174992 (D. Mass. Dec. 19, 2016) that says that ECF system requirements aren't considered filing. It would be reasonable for this court to also admit to the possibility of errors with its ECF and the case law that clarifies the lack of importance of the ECFs requirements and allow this Court to have a hearing of the evidence. Denying the evidentiary hearing that could easily prove my attempted filing per *Pipe Fitters* is a travesty of justice.

This court has said "Moreover, the search history, which Plaintiff refers to as 'metadata,' that Plaintiff has repeatedly submitted to suggest that he attempted to file his notice on November 6, 2022 shows only that he visited the electronic filing website, not that he filed any papers with the Court." That is also incorrect. The title of the page shown in the history is specific to when you're in the civil document submittal process. Additionally, I just now realized that the history that I printed does not show the URLs, but it also as I keep saying, is not the best evidence. The court has the best evidence. The first relevant URL is simply:

https://ecf.mad.uscourts.gov/cgi-bin/DisplayMenu.pl?CivilEvents

Followed by

https://ecf.mad.uscourts.gov/cgi-bin/Dispatch.pl?cmp

4

then after that, it's just random numbers for each page of the forms

https://ecf.mad.uscourts.gov/cgi-bin/Dispatch.pl?################

This seems best when combined with the Court's evidence. Upon finding that I submitted this without the URLs showing, I will amend my first motion, after previous moot motions, to include this new evidence.

This Court said "…regarding the emails to opposing counsel that Plaintiff contends support finding that he dismissed his case before Defendants answered…" I think you read the exhibit annotations incorrectly. The emails to opposing counsel were to address your argument of "…there is no evidence to suggest that Plaintiff drafted the Notice or …" in ECF No. 57. However, see in *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379 (1988) where notice was sufficient absent filing for motions that require filing to become effective. Additionally, it's clear that the Defendants wouldn't be prejudiced by correcting this error since they had notice. They also failed to complain to me that they didn't see the notice on the docket until after they had filed their answers. They also seemed to have a change of heart as to the dismissal of this action, as they had moved for its dismissal previously. Isn't this Court in the habit of disallowing changes of heart?

This Court said "Local Rule 5.4(a) states that "[u]nless exempt or otherwise ordered by the court, all pleadings and other papers submitted to the court must be filed, signed, and verified by electronic means as provided herein." As I mentioned in *Warters,* local rules were hardly created to prevent justice and prevent rule 41(a) actions that were filed except for an error with the ECF. Additionally, *Phx. Glob. Ventures, LLC v. Phx. Hotel Assocs., Ltd.*, 422 F.3d 72, 76-77 (2d Cir. 2005) makes it clear that my declaration that I filed the document should be sufficient. You are making findings against my credibility with no justification. It is Defendant Peter that is known

for forging court documents, not me. Defendants did not challenge my statements, only indicated that they prefer that the case not be dismissed. This court has offered no evidence that would defeat my declaration or evidence. Additionally, see in *Houston,* where notice was sufficient absent filing for motions that require filing to become effective.

This Court said that the Clerk of the court said, "Plaintiff had not filed anything on the Court's electronic filing in the month of November." First off, I think it's obvious now that the document did not appear on the docket. This is an obvious statement and does not show that there was not an error that lead to that. The statement was also hearsay from an anonymous source. We do not know the extent of expertise of this person or what they even did other than look at the docket. The statement was **NOT** "Plaintiff had not attempted to file anything on the Court's electronic filing in the month of November", **NOR** was it "There were no errors in the ECF system."

## CONCLUSION

For the forementioned reasons, I pray that this Court will correct its record of my Motion to Correct to reflect that it was only made once before being erroneously ruled moot and then once to bring it back into the court's jurisdiction.

## RETAIN EVIDENCE

I respectfully request that this Court take the steps necessary to protect its evidence in the form of digital records of the ECF system that shows all of my activity, and not just successful activity free of error, related to this incident on November 6, 2022 and November 7, 2022.

## DECLARATION

I declare under penalty of perjury, that the foregoing is true and correct.

## **REQUEST FOR HEARING**

Pursuant to L.R. 7.1(d), I hereby request an evidentiary hearing and oral argument – at the Court's election – on the issues presented in this motion.

## **CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)**

The court has waived this local rule for the remainder of this action.

Dated: December 5, 2022                         Respectfully submitted,

/s/ Jose DeCastro
Jose DeCastro
1258 Franklin St.
Santa Monica, CA 90404
chille@situationcreator.com
(310) 963-2445
*Pro Se*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Jose DeCastro