# UNITED STATES DISTRICT COURT
# for the
# District of Massachusetts

| | |
|---|---|
| JOSE MARIA DECASTRO, an individual | ) Case No. 1:22-cv-11421 |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JOSHUA ABRAMS, an individual, et al., | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR A CERTIFICATE OF APPEALABILITY

Plaintiff asks the Court to issue a certificate of appealability for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). By certifying this appeal under 28 U.S.C. § 1292(b), this Court will provide the First Circuit with occasion to pronounce more broadly on these unresolved but important questions.

### a. *Nunc Pro Tunc* filings take effect retroactively

The Court's orders have construed *InterGen N.V. v. Grina*, 344 F.3d 134, 145 (1st Cir. 2003) to mean that all motions filed prior to an amended complaint are rendered moot by the amendment, including *nunc pro tunc* motions to correct the record, *nunc pro tunc* notices for voluntary dismissal, and motions to *nunc pro tunc* correct the record of of a voluntary dismissal. The legal description of *nun pro tunc* motions can reasonably be read that notices of dismissal entered *nunc pro tunc* to be effective at a date prior to the amended complaint should instead

make the amended complaint moot and not the other way around, and the case cited by the Court doesn't say otherwise.

### b. Local ECF rules don't define when a document is filed

The Court's orders have construed its local rules regarding ECF filing as superseding the First Circuit's definition of filing as well as Fed. R. Civ. P. 41(a) which says "… the plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer…" which does not specify where the filing must be made or the manner in which it is to be filed. The Second Circuit appellate court has held that the ECF is not, strictly speaking, a local rule which has the "force of law." *Phx. Glob. Ventures, LLC v. Phx. Hotel Assocs., Ltd.*, 422 F.3d 72 (2d Cir. 2005) (in a very similar case where a motion would have been timely but for problems with the district court's ECF system). The statues, case law, and relevant definitions of the ECF system could reasonably be read that when a party declares under penalty of perjury that it has timely filed a document in the ECF system, and provides further evidence, and the Court has the best evidence in its possession that this occurred, the Court can't, in the interest of justice, rely on its own requirement that the electronic filing system move that file to the electronic docket and refuse to look at the evidence provided or the evidence in its possession that the party has requested to be discoverable and available at an evidentiary hearing, that the document was filed except for an error with the ECF.

### c. Trials of fact

The Court's orders have construed that it can dismiss evidence presented, including declarations under the penalty of perjury, as not having any weight, absent contrary evidence, and can assume that the best evidence, in the Court's possession, is irrelevant or prejudicial against the party, without reviewing the evidence, denying requests for the evidence in

3

possession of the court to be made discoverable, and denying requests for evidentiary hearings. In *Bd. of Trs. of the Pipe Fitters' Ret. Fund, Local 597 v. Commer. Cooling & Heating, Inc.*, No. 13 C 7731, 2019 U.S. Dist. LEXIS 88407 (N.D. Ill. May 28, 2019), the Seventh Circuit held an evidentiary hearing to find evidence proving whether a filing had been attempted. The judge is not expected to be, and this party believes that the judge is not, an expert that can make determinations of problems with an ECF system, but the Court likely does have those experts available on staff or a phone call away and should make those experts available when a party requests them and hold a proper evidentiary hearing. When the Court assumed that evidence didn't exist in declaring that it would take no action *sua sponte*, and the evidence was later provided in a motion, the Court decided to look past the evidence, declared that it didn't exist, instead looked at the metadata of that evidence to try to find reasons to prove its own preconceived and prejudicial ideas, found other reasons not to take action in the interest of justice, interpreting typed language severely beyond its literal meaning, and accepted anonymous hearsay evidence of its own in higher regard than a declaration signed under penalty of perjury and evidence admitted by the moving party. The common law, statues, and case law could reasonably read that the Court should accept Plaintiff's declaration under the penalty of perjury as true, evaluate defendant's evidence to determine if it defeated plaintiff's evidence, especially given the additional evidence provided by Plaintiff. In stating that the evidence does not exist to make the correction to the record if there was evidence, the Court is saying that its discretionary decision would be to allow the correction with any evidence.

### d. A Court has a duty to disclose its ECF evidence and ECF isn't perfect

The Court's orders have construed that when it has the best evidence to determine whether a party filed, or would have filed except for an error, that ECF is perfect, that evidence in the

4

ECF system against the perfect state of the ECF is not disclosable, and that the judge presiding over the case is an expert, and requests for evidentiary hearings with experts should be denied. In *Phoenix*, errors occurred, and in *Pipe Fitters* the court accepted that ECF wasn't perfect and held an evidentiary hearing with the experts. The standard rules for review of trials of fact and evidence, case law, could be reasonably read to show that the ECF system is not perfect and that an evidentiary hearing must be held when necessary to find if errors have occurred.

### e. Pro se documents should be read liberally in the favor of the pro se party, not liberally against

The Court's orders have construed the United States Supreme Court rulings that *pro se* motion and pleadings should be liberally construed in the most liberally prejudicial way to the *pro se* party. The rulings could reasonably be read that the *pro se* documents should be construed in the way most reasonably intended by the *pro se* party, which would typically be in the *pro se* party's interest, or minimally in a literal way. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594 (1972)

### CONCLUSION

For the forementioned arguments, which clarify the controlling questions of law, where substantial difference of opinion exists, and since this order will materially advance the ultimate termination of the litigation (there could be no example better than a question on a voluntary dismissal), all prongs of the interlocutory appeal test are met, and Plaintiff prays that this Honorable Court certifies these issues for an interlocutory appeal. *Caraballo-Seda v. Municipality of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005) (quoting 28 U.S.C. § 1292(b)). Since these are pure questions of law, the court of appeals can decide quickly and cleanly without

having to study the record. *United Air Lines*, 716 F. Supp. 2d at 91 (D. Mass. 2010); *S. Orange Chiropractic Ctr., LLC v. Cayan LLC*, 2016 WL 3064054 at 2 (D. Mass. May 31, 2016)

## REQUEST FOR HEARING

Pursuant to L.R. 7.1(d), I hereby request oral argument – at the Court's election – on the issues presented in this motion. This Court has a habit of filling in gaps to evidence and argument not presented, in a way most negative to this party. Please allow me to fill in those gaps with a hearing or offer me time to amend this motion before ruling.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

The court has waived this local rule for the remainder of this action.

Dated: December 7, 2022                            Respectfully submitted,

/s/ Jose DeCastro
Jose DeCastro
1258 Franklin St.
Santa Monica, CA 90404
chille@situationcreator.com
(310) 963-2445
*Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Jose DeCastro