# UNITED STATES DISTRICT COURT
## for the
## District of Massachusetts

| | |
|---|---|
| JOSE MARIA DECASTRO, an individual )<br><br>Plaintiff, )<br>)<br>v. )<br>)<br>JOSHUA ABRAMS, an individual, et al., )<br>)<br>Defendants. ) | Case No. 1:22-cv-11421 |

### PLAINTIFF'S MOTION TO DISMISS JOSHUA ABRAMS'S COUNTERCLAIM

Pursuant to Federal Rule of Civil Procedure 12(b), Plaintiff Jose DeCastro ("Plaintiff" or "I"), hereby moves this Court for an Order dismissing the Counterclaim filed by Defendant Joshua Abrams for lack of subject-matter jurisdiction, lack of personal jurisdiction, insufficient process, and for failure to state a claim.

In support of this Motion, Plaintiff submits a memorandum of law, which is fully incorporated herein.

Dated: December 8, 2022                Respectfully submitted,

/s/ Jose DeCastro
Jose DeCastro
1258 Franklin St.
Santa Monica, CA 90404
chille@situationcreator.com
(310) 963-2445
*Pro Se*

# UNITED STATES DISTRICT COURT
## for the
## District of Massachusetts

| | |
|---|---|
| JOSE MARIA DECASTRO, an individual ) | Case No. 1:22-cv-11421 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JOSHUA ABRAMS, an individual, et al., ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS JOSHUA ABRAMS'S COUNTERCLAIM

Plaintiff submits this memorandum of law in support of its motion to dismiss the Counterclaim (the "Counterclaim") filed by Defendant Joshua Abrams ("Abrams").

### a. Lack of subject-matter jurisdiction (Fed. R. Civ. P. 12(b)(1))

Counterclaim is not compulsory, is permissive, as it does not arise out of the transactions or occurrence that is the subject matter of Plaintiff's complaint. Fed. R. Civ. P. 13(a).

Counterclaim is not a part of the same case or controversy and therefore requires an independent basis for jurisdiction. *Glob. NAPS, Inc. v. Verizon New Eng. Inc.*, 603 F.3d 71, 76–77 (1st Cir. 2010). Even if Counterclaim was found to be supplemental jurisdiction, its state claims would substantially dominate over the original federal claims and would raise the expense of seeking resolution and should not be allowed.

Counterclaim contains only state claims, does not establish a state that has jurisdiction over Plaintiff, Plaintiff demands to be sued under California state law and not federal law, as to maintain substantive rights under that state.

Counterclaim fails to establish diversity jurisdiction. The factual allegations and prayer for relief do not meet the statutory minimum for a diversity case. I also challenge the amounts claimed and demand that the damages be quantified and submitted with proof.

### b. Lack of personal jurisdiction (Fed. R. Civ. P. 12(b)(2))

At the time service of process occurred for this Counterclaim, I was not a resident of Massachusetts nor physically present in the state, nor have I availed myself of the protections of California. Additionally, Abrams has not offered any alleged facts to establish personal jurisdiction by this Court and bears the burden to do so. *Baskin–Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 34 (1st Cir. 2016).

### c. Insufficient process (Fed. R. Civ. P. 12(b)(4))

As with a complaint, a counterclaim must contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). In a permissive counterclaim, a court does not already have jurisdiction and the Counterclaim contains no statement once conclusory statements are filtered out.

L.R. 40.1(g)(5) requires that a notice of related case be filed. The Counterclaim is missing such notice.

### d. Failure to state a claim (Fed. R. Civ. P. 12(b)(6))

Counterclaim makes no claim other than "defamation". There is no federal defamation cause of action. If the defamation is under a state, no state authority is listed that would allow

one to plead the necessary elements, and so the pleading fails to do so.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief.'

Counterclaim has a prayer for relief section, but cites no authority that entitles any relief, so fails to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court enter an Order dismissing all claims in the Counterclaim pursuant to Federal Rules of Civil Procedure 12(b) in their entirety.

## DECLARATION

I declare under penalty of perjury, that the foregoing is true and correct.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

The court has waived this local rule for the remainder of this action.

Dated: December 8, 2022                     Respectfully submitted,

/s/ Jose DeCastro
Jose DeCastro
1258 Franklin St.
Santa Monica, CA 90404
chille@situationcreator.com
(310) 963-2445
*Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Jose DeCastro