UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOSE MARIA DeCASTRO,
a/k/a CHILLE DeCASTRO,
a/k/a DELETE LAWZ,

*Plaintiff and Defendant-in-Counterclaims,*

v.

JOSHUA ABRAMS a/k/a
ACCOUNTABILITY FOR ALL, KATE
PETER a/k/a MASSHOLE
TROLL MAFIA,

*Defendants and Plaintiffs-in-Counterclaims,*

JOHN DOES 1-50, YOUTUBE (GOOGLE
LLC), a corporation, JOHN DOES 1-20,
individuals,

*Defendants.*

CASE NO. 1:22-cv-11421-ADB

**KATE PETER'S MOTION TO DISMISS THE
FIRST AMENDED AND SUPPLEMENTAL COMPLAINTS
(MEMORANDUM INCORPORATED)**

Defendant and Plaintiff-in-Counterclaim Kate Peter ("Ms. Peter") hereby moves this Court to dismiss the First Amended Complaint and Supplemental Complaint of Plaintiff and Defendant-in-Counterclaims of Jose Maria DeCastro ("Mr. DeCastro") (collectively, "Complaint") in their entirety.[1] While the Complaint alleges that Ms. Peter and others "publish content to YouTube that largely only copies my content, for monetary gain, in the same

---

[1] Following the filing of the First Amended Complaint (ECF No. 62), Mr. DeCastro filed the Supplemental Complaint (ECF No. 79) with leave of the Court. However, the Supplemental Complaint does not include any counts. Ms. Peter understands that Mr. DeCastro is still pursuing the count set out in the First Amended Complaint and so for the purposes of this Motion is treating the First Amended Complaint and Supplemental Complaint together as the operative complaint in this action.

1

YouTube content market, and without my consent," a review of the at-issue videos reveals that they each reside comfortably within the borders of the fair use exception to the Copyright Act. In other words, the very videos upon which Mr. DeCastro relies require dismissal of the Complaint.

### i. Factual Background[2]

The allegations of the Complaint are straightforward. Mr. DeCastro alleges that Ms. Peter and others have stolen Mr. DeCastro's content on YouTube regarding constitutional law and Mr. DeCastro's attempts "to tear down some of the racist laws in the country" to profit off of that content. ECF No. 62, ¶3. He contends that Ms. Peter has done so in order to avoid "having to create content themselves." Id. ¶4. According to Mr. DeCastro, Ms. Peter and others "make money from copying my content onto their YouTube channels," which are in the same market as Mr. DeCastro's content. Id. ¶16. Mr. DeCastro makes no allegations regarding the purported effect of Ms. Peter's copying of his content upon the potential market for Mr. DeCastro's content. On the basis of these allegations, Mr. DeCastro brings a single count, for Copyright Infringement, against Ms. Peter and others.

Mr. DeCastro includes in his Complaint all the links containing his YouTube content and contends that Ms. Peter and others "publish content to YouTube that largely only copies my content, for monetary gain, in the same YouTube content market, and without my consent." Id. at Exhibit 1. Mr. DeCastro does not, however, identify any of Ms. Peter's content upon which he relies to contend that Ms. Peter, and others, have stolen his content.

Review of the videos in which Ms. Peter has discussed Mr. DeCastro[3] reveals that in the

---

[2] Solely for the purposes of this Motion, Ms. Peter accepts the allegations of the Complaint as they are pled.
[3] While materials not attached to the complaint are ordinarily excluded from consideration on a motion to dismiss, "they may be consulted if the[ir] authenticity ... [is] not disputed by the parties, they are central to [the] plaintiff['s] claim," or they are "sufficiently referred to in the complaint." Schaefer v. Indymac Mortg. Servs., 731 F.3d 98, 100, n. 1 (1st Cir. 2013) (internal quotations and citations omitted). Ms. Peter's videos upon which Mr.

number of videos which Ms. Peter has produced regarding Mr. DeCastro she has only glancingly referred to his content regarding constitutional law and alleged attempts "to tear down some of the racist laws in the country." Ms. Peter's content regarding Mr. DeCastro relates almost exclusively to Mr. DeCastro's litigations, his alleged attempt to practice law, and his attacks on individuals.[4] When Ms. Peter does use Mr. DeCastro's content in her own videos, she highly edits Mr. DeCastro's content to present it in a satirical and often critical manner, for example in the video Chillism #1 How to Control Your Temper, https://www.youtube.com/watch?v=VF4Rlm1aQGo&t=2s. Such videos use brief, spliced clips of Mr. DeCastro, with effects that Ms. Peter adds in editing. In other videos, Ms. Peter and others comment on and discuss Mr. DeCastro's content discussing this case or other litigations. See https://www.youtube.com/watch?v=20t1QspN8UE. On the rare occasions when Ms. Peter has made videos addressing Mr. DeCastro's discussion of the law apart from his own litigations and posted clips of Mr. DeCastro's content she has done so in order to criticize and critique Mr. DeCastro. See https://youtu.be/9KVLwgTcCwA.

## ii. Argument

Ms. Peter's content regarding Mr. DeCastro, to the limited extent she has ever referred to his content about the law at all, constitutes criticism, critique, and commentary excluded from

---

DeCastro relies are exactly such materials as they are central to Mr. DeCastro's claim and "sufficiently referred to in the complaint."

[4] https://www.youtube.com/watch?v=hADBmUj_t24; https://www.youtube.com/watch?v=85YEdqvbqX4&t=442s; https://www.youtube.com/watch?v=cHqBZlYPZLc; https://www.youtube.com/watch?v=s3rMqNQYpO8; https://www.youtube.com/watch?v=bDlwQVJ9KV8; https://www.youtube.com/watch?v=uTUFxF_ykQI; https://www.youtube.com/watch?v=1fIHwBCddhM; https://www.youtube.com/watch?v=IRjqthOrHZ8; https://www.youtube.com/watch?v=AT1OaBtI2l8; https://www.youtube.com/watch?v=3rIZ9CrGbLU; https://www.youtube.com/watch?v=keF-USWylq4; https://www.youtube.com/watch?v=mW0nG-pTTQI; https://www.youtube.com/watch?v=8puYg9__4zA; https://www.youtube.com/watch?v=_3NLVHySyVU; https://www.youtube.com/watch?v=NXH-gsipbzg; https://www.youtube.com/watch?v=hzgkNcENYCs; https://www.youtube.com/watch?v=Cp0G10G6H-M; https://www.youtube.com/watch?v=sgQdVVorhsw; https://www.youtube.com/watch?v=y5LCwhwjwJ0

the protections of the Copyright Act by the fair use doctrine. No viewer of Ms. Peter's videos could ever conclude that she was or is seeking to pawn off Mr. DeCastro's legal analysis in order to turn a profit.

The fair use doctrine is a safe haven from copyright infringement. It "creates a privilege for others to use ... copyrighted material in a reasonable manner despite the lack of the owner's consent." Society of Holy Transfiguration Monastery v. Gregory, 689 F.3d 29, 59 (1st Cir. 2012) (quoting Weissmann v. Freeman, 868 F.2d 1313, 1323 (2d Cir. 1989)). The Copyright Act itself as Section 107 establishes the fair use doctrine, which may be found when copyright work is use for "criticism, comment, news reporting, teaching, ... scholarship, or research." 17 U.S.C. § 107. The four fair use factors are: (1) "the purpose and character of the use;" (2) "the nature of the copyrighted work;" (3) "the amount and substantiality of the portion used in relation to the copyrighted work as a whole;" and (4) "the effect of the use upon the potential market for or value of the copyrighted work." Id. A court can make a determination as to fair use before trial where "[t]he parties dispute only the ultimate conclusions to be drawn from the admitted facts." Fitzgerald v. CBS Broad., Inc., 491 F. Supp. 2d 177, 183 (D. Mass. 2007) (quoting Fisher v. Dees, 794 F.2d 432, 436 (9th Cir. 1986)). That is the situation here; the videos at issue say what they say. Indeed, a motion to dismiss is appropriate where the at-issue facts are derived from the complaint or the limited additional materials for motion to dismiss purposes. Vil v. Poteau, No. 11-CV-11622-DJC, 2013 WL 3878741, at *4 (D. Mass. July 26, 2013).

Ms. Peter's videos amply satisfy the first factor, as to which courts find that "the purpose and character of the use" tends towards fair use where the new work "adds something new, with a further purpose or different character, altering the first with new expression, meaning, or message." Comerica Bank & Tr., N.A. v. Habib, 433 F. Supp. 3d 79, 92 (D. Mass. 2020) (internal

quotations and citations omitted); Folsom v. Marsh, 9 F. Cas. 342, 345 (No. 4,901) (C. C. D. Mass. 1841) (Story, J.) (holding that a work is transformative when there is "real, substantial condensation of the materials, and intellectual labor and judgment bestowed thereon; and not merely the facile use of the scissors; or extracts of the essential parts, constituting the chief value of the original work"). A review of Ms. Peter's videos reflects that she substantially edited, condensed, and synthesized Mr. DeCastro's work.

Though the Complaint does not provide sufficient allegations to characterize the "nature of the copyrighted work," the second factor, Ms. Peter's videos regarding Mr. DeCastro reflect that her focus was almost exclusively upon content other than legal commentary. In other words, the content upon which Ms. Peter did comment was not "creative," but rather related to Mr. DeCastro's actions and invective. See Habib, 433 F. Supp. 3d at 94.

The Complaint does not make any allegations about the third factor, "the amount and substantiality of the portion used in relation to the copyrighted work as a whole." Nevertheless, a review of Ms. Peter's videos reveals that this factor augers in her favor as well: she at most uses a vanishingly small fraction of Mr. DeCastro's commentary on the law. That third factor tends against a finding of fair use when a party copies "the most interesting and moving parts" of a work, Harper & Row, 471 U.S. 539, 565 (1985), or "when more of the original is copied than necessary." Rogers v. Koons, 960 F.2d 301, 311 (2d Cir. 1992). Ms. Peter neither copied the "most interesting" parts of Mr. DeCastro's content nor used more than necessary.

As to the fourth factor, effect on the market, the Complaint says exactly nothing about the impact upon Mr. DeCastro's market. Under that factor, courts "consider both (1) the degree of market harm caused by the alleged infringer's actions, and (2) 'whether unrestricted and widespread conduct of the sort engaged in by the defendant . . . would result in a substantially

adverse impact on the potential market for the original.' " Gregory, 689 F.3d at 64 (quoting Campbell v. Acuff-Rose Musica, Inc., 510 U.S. 569, 590 (1994)). Here, the Complaint is devoid of allegations related to the purported impact on the market.

In particular, the Complaint does not allege—because it cannot—that Ms. Peter has "usurped the market" for Mr. DeCastro's work because "the infringer's target audience and the nature of the infringing content is the same as the original." Cariou v. Prince, 714 F.3d 694, 708–09 (2d Cir. 2013) (quoted with approval in Comerica Bank & Tr., N.A. v. Habib, 433 F. Supp. 3d 79, 95 (D. Mass. 2020)). A review of Ms. Peter's videos makes clear that her audience is distinct from Mr. DeCastro's: Ms. Peter criticizes Mr. DeCastro; she does not seek to appeal to his audience.

At bottom, Ms. Peter's videos regarding Mr. DeCastro are exactly the species of content which is protected under the fair use carve out. From the face of the Complaint and the videos referenced therein, there is no basis to conclude that Ms. Peter's videos fall outside the ambit of the fair use doctrine.

### iii. Conclusion

For the above-stated reasons, Ms. Peter submits that this Court should dismiss the Complaint in its entirety.

                    Respectfully submitted,

                    KATE PETER,

                    By her attorney,

                    _____
                    Benjamin J. Wish (BBO # 672743)
                    TODD & WELD LLP
                    One Federal Street, 27th Floor
                    Boston, MA  02110
                    Tel. (617) 720-2626
                    bwish@toddweld.com

Dated: December 23, 2022

## CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                     */s/ Benjamin J. Wish*
                    Benjamin J. Wish

Dated: December 23, 2022