UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                                        )
JOSE MARIA DeCASTRO, a/k/a              )
CHILLE DeCASTRO, a/k/a DELETE           )
LAWZ,                                   )
        Plaintiff,                      )
                                        )
v.                                      )    C.A. No. 1:22-cv-11421-ADB
                                        )
JOSHUA ABRAMS, a/k/a                    )
ACCOUNTABILITY FOR ALL, KATE            )
PETER, a/k/a MASSHOLE TROLL             )
MAFIA,                                  )
        Defendants.                     )
_____)
```

**JOSHUA ABRAMS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT AND
SUPPLEMENTAL COMPLAINT**

I.  **PRELIMINARY STATEMENT**

NOW COMES defendant Joshua Abrams a/k/a Accountability for All ("Abrams") who respectfully moves that the Court dismiss the First Amended Complaint and Supplemental Complaint filed by plaintiff Jose Maria DeCastro a/k/a Chille DeCastro, a/k/a Delete Lawz ("DeCastro") for failure to state a claim for which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). As currently pled, DeCastro has only alleged one count against Abrams – copyright infringement pursuant to 17 U.S.C., §§ 501, *et seq*. Given DeCastro's admitted goal in this case which is to vex, not to win – Abrams requests that the Court dismiss not only the sole count against Abrams in the First Amended and Supplemental Complaints, but also that the Court reject any further request for leave to amend the complaint, and that such previously pled causes of action (i.e., defamation and intentional infliction of emotional distress) be dismissed, with prejudice, as well.

1

## II.    PROCEDURAL BACKGROUND

On September 2, 2022, DeCastro filed a lawsuit against Abrams and co-defendant Kate Peter, a/k/a Masshole Troll Mafia ("Peter") alleging defamation-based claims, including defamation and intentional infliction of emotional distress.  *See* COMPLAINT FOR DEFAMATION [ECF No. 1] (hereinafter referred to as the "Complaint").  These claims purport to be predicated on statements made by Abrams and Peter on various YouTube channels during ongoing debate, commentary, criticism, and argument between the parties.  *See id*.  On November 7, 2022, Abrams answered DeCastro's Complaint and counterclaims against DeCastro for various defamatory statement DeCastro made about Abrams on YouTube.  *See* JOSHUA ABRAMS A/K/A ACCOUNTABILITY FOR ALL'S ANSWER, JURY DEMAND, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS [ECF No. 53] (hereinafter referred to as "Abrams' Counterclaims").  Two days later, DeCastro docketed a letter with the Court claiming that he had intended to dismiss his Complaint without prejudice.  *See* ECF No. 55; *see also* ECF Nos. 56, 58, 59, 60, 66, 73, 80, 82, and 83 (seeking similar relief).  In each instance, citing to FED. R. CIV. P. 41, and recognizing that both Abrams and Peter had answered the Complaint and filed counterclaims, the Court could not dismiss the lawsuit without the consent of all parties.  *See, e.g.*, ECF No. 57, 67, 74, 81, 85; *see also* ECF No. 64 (Abrams and Peter declining to consent to dismissal).  It is believed that DeCastro mightily attempted to have the defamation-based claims dismissed because he desires to re-file it in a California Court, making it more difficult for Abrams to defend given his residency in Massachusetts.  *See* FIRST MOTION TO TRANSFER CASE [ECF No. 50].  That request was denied.  *See* ECF No. 52.

As a blatant end-run around the Court's orders rejecting his bid to dismiss the defamation-based claims or transfer to the Southern District of California, DeCastro chose

instead to amend his complaint. On November 16, 2022, DeCastro amended his complaint to raise allegations of copyright infringement based on Abrams' alleged unauthorized use of DeCastro's YouTube videos on his own channels. *See* FIRST AMENDED COMPLAINT [ECF No. 62] (hereinafter referred to as the "FAC"). The sole count of the First Amended Complaint is a claim for copyright infringement, pursuant to federal statute: 17 U.S.C., §§ 501, *et seq*. *See id*.[1] DeCastro then filed, with Leave of Court, his Supplement Complaint which purports to add YouTube (Google, LLC) and John Does 1-20 as defendants. *See* SUPPLEMENTAL COMPLAINT [ECF No. 79] (hereinafter the "Supp. C."). The Supplemental Complaint does not include any counts and it is unclear whether DeCastro is pursuing any causes of action at all against Abrams at this juncture. *See* FED. R. CIV. P. 8(a)(1) (requiring DeCastro to plead a statement of the claim showing he is entitled to relief).

## III. FACTUAL BACKGROUND

Assuming, without conceding, that both the First Amended Complaint and Supplemental Complaint are both operative at this point, Abrams will draw the facts as set forth in these pleadings. Abrams, who is acting *pro se* in this litigation, purports to teach constitutional law. *See* FAC, at ¶ 2. Although DeCastro does not indicate whether he is licensed to practice law in any jurisdiction, nor has he identified any law school or other academic institution where he teaches, he purports to teach law through video content that is published on YouTube. *Id.*, at ¶ 3. He alleges that both Abrams (and co-defendant Peter), "to save from having to create content themselves," are "stealing [his] content on a grand scale." *Id.*, at ¶ 4.

---

[1] DeCastro also mentioned a civil-RICO cause of action pursuant to 18 U.S.C., § 1962, but failed to actually develop this claim in any manner whatsoever in the First Amended Complaint or Supplemental Complaint. *See* FAC, at ¶¶ 5, 7 and 8. To the extent DeCastro believes this to be a viable claim, Abrams requests that it be dismissed as well.

DeCastro does not plead that Abrams is, like him, a constitutional law scholar. Instead, DeCastro identifies Abrams as follows:

> Defendant Abrams's Youtube channel features videos of Defendant Abrams entering limited and non public forums – libraries, child and protective support service facilities, city halls, post offices – to film employees and visitors in purposeful violation of facility policies prohibiting filming. Defendant Abrams then refuses to leave the facility when commanded, refuses to cease the filming, and publishes to his monetized Youtube channel the controversial employee and visitor reactions that his filming triggers on video. . . .

*See* COMPLAINT, at ¶ 6, n. 1. Despite these varying purposes as pled by DeCastro, he pleads – in conclusory fashion – that Abrams, and others, copied DeCastro's content, for monetary gain, in the same YouTube content market, without consent. *See* FAC, at ¶ 4. He makes no allegations regarding the purported effect of Abrams' conduct on the market for DeCastro's content.

DeCastro claims to have published over 800 YouTube videos on his YouTube channel. *Id.*, at ¶ 13. Some of these works were identified in Exhibit 1 to the FAC. Although DeCastro baldly claims that Abrams copied and distributed DeCastro's content – no such occurrence has been identified in either the First Amended Complaint or the Supplemental Complaint. The only video created by Abrams that is identified in *any* pleading goes back to the now superseded original Complaint. *See* COMPLAINT, at ¶ 11; citing *Delete Laws truth! Lackluster & James Freeman Join*, <https://www.youtube.com/watch?v=xEJgTlXVfEg> (Jun. 23, 2022).[2] In this video, there appears to only be a glancing reference to DeCastro's video that was edited in a way to present it in a satirical and critical manner. *See id.* (1:22:30). This, alone, is insufficient to support a colorable claim for relief.

---

[2] It is believed that DeCastro's Complaint contains a scrivener's error, as the YouTube link identified in that paragraph directs the reader to another unrelated video. The correct link is indicated in the text, above.

## IV. ARGUMENT

### A. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), this Court accepts only the well-pleaded facts in the operative pleading as true; "legal conclusions and those factual allegations 'too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture'" must be "set aside." *Starr Surplus Lines Ins. Co. v. Mountaire Farms, Inc.*, 920 F.3d 111, 114 (1st Cir. 2019); quoting *In re Curran*, 855 F.3d 19, 25 (1st Cir. 2017). The Court must then "consider whether the remaining well-pleaded allegations are 'sufficient to support the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. quoting *García-Catalán v. United States*, 734 F.3d 100, 103 (1st Cir. 2013). Ultimately, the plaintiff must state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Rocket Learning, Inc. v. Rivera-Sanchez*, 715 F.3d 1, 8 (1st Cir. 2013). Stating a plausible claim requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Conclusory allegations that merely parrot the relevant legal standard are disregarded, as they are not entitled to the presumption of truth." *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 43 (1st Cir. 2013); *see also Iqbal*, 556 U.S., at 679 (a court reviewing the plausibility of a claim may disregard allegations that amount to mere legal conclusions, which are not entitled to the assumption of truth). Under this standard, DeCastro's claims must be dismissed.

### B. DECASTRO FAILED TO PLEAD A VIABLE COPYRIGHT INFRINGEMENT CLAIM

To establish copyright infringement under the Copyright Act, DeCastro must prove two elements "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Lotus Dev. Corp. v. Borland Int'l, Inc.*, 49 F.3d 807, 813 (1st Cir. 1995),

aff'd, 516 U.S. 233 (1996); quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). DeCastro has failed to meet this burden in both respects.

DeCastro has failed to plead an ownership interest in the works he claims is copyrighted. Ordinarily, ownership vests in the author if he can prove the work is original and he complied with statutory formalities. *Soc'y of Holy Transfiguration Monastery, Inc. v. Gregory*, 689 F.3d 29, 40 (1st Cir. 2012). Indeed, an author can establish *prima facie* ownership of his works if he obtains a certificate of copyright registration. *Id*. Save for registration, it is DeCastro's burden to prove exclusive ownership of his works. DeCastro has not pled in the First Amended or Supplemental Complaint that his works are registered. He has also failed to plead that he has exclusive rights to these materials. And this is for good reason: DeCastro has granted Abrams (among others) a license to use his works that are posted to his YouTube channels. As contained in YouTube's terms of service:

> **Rights you Grant**
> You retain ownership rights in your Content. However, we do require you to grant certain rights to YouTube and other users of the Service, as described below.
>
> **License to YouTube**
> By providing Content to the Service, you grant to YouTube a worldwide, non-exclusive, royalty-free, sublicensable and transferable license to use that Content (including to reproduce, distribute, prepare derivative works, display and perform it) in connection with the Service and YouTube's (and its successors' and Affiliates') business, including for the purpose of promoting and redistributing part or all of the Service.
>
> **License to Other Users**
> You also grant each other user of the Service a worldwide, non-exclusive, royalty-free license to access your Content through the Service, and to use that Content, including to reproduce, distribute, prepare derivative works, display, and perform it, only as enabled by a feature of the Service (such as video playback or embeds). For clarity, this license does not grant any rights or permissions for a user to make use of your Content independent of the Service.

*See* YOUTUBE, "*Terms of Service*," https://www.youtube.com/t/terms (Jan. 5, 2022); *see also Bus. Casual Holdings, LLC v. YouTube, LLC*, No. 21-CV-3610 (JGK), 2022 WL 837596, at *1 (S.D.N.Y. Mar. 21, 2022).[3] By granting users like Abrams the royalty-free right to use and reproduce his materials, DeCastro has failed, as a matter of law, to establish ownership in the works he lists. *See Estate of Hevia v. Portrio Corp.*, 602 F.3d 34, 41 (1st Cir. 2010) (use of copyrighted work within the bounds of a license do not infringe on the copyright).

DeCastro's claims also fail because he has not identified in either the First Amended Complaint or the Supplemental Complaint any such copyrighted material that Abrams purportedly stole. While DeCastro lists several works he claims to be his own, he does not once cite to any of Abrams' materials that allegedly used DeCastro's copyrighted works. Instead, in a conclusory fashion, DeCastro merely states that Abrams published DeCastro's content for monetary gain. This is insufficient to survive a motion to dismiss under the well-established *Iqbal/Twombly* standard. Having failed to articulate any such works, DeCastro's copyright infringement claims necessary fail as a matter of law.

### C.  DECASTRO'S CLAIMS ARE BARRED BY THE FAIR USE DOCTRINE

The fair use doctrine is a safe haven from copyright infringement. It "creates a privilege for others to use . . . copyrighted material in a reasonable manner despite the lack of the owner's consent." *Gregory*, 689 F.3d, at 59; quoting *Weissmann v. Freeman*, 868 F.2d 1313, 1323 (2d

---

[3] The Court may consider YouTube's terms of service in adjudicating this motion to dismiss. *See Force v. Facebook, Inc.*, 934 F.3d 53, 59 n. 5 (2d Cir. 2019) (appeal from an order granting a motion to dismiss; explaining that Facebook's "publicly available terms [of service]" are "subject to judicial notice" (citing FED. R. EVID. 201(b)(2))). Moreover, the terms of service may be considered because they are integral to the complaint. *Shandong Shinho Food Indus. Co., Ltd. v. May Flower Int'l, Inc.*, 521 F. Supp. 3d 222, 233 n. 2 (E.D.N.Y. 2021) (case alleging trademark infringement; considering a license to the trademark on a motion to dismiss because the license was "integral" to the complaint).

Cir. 1989). The fair use doctrine states "the fair use of a copyrighted work . . . for purposes such as criticism, comment, news reporting, teaching . . . , scholarship, or research, is not an infringement of copyright." *See* 17 U.S.C. § 107. While Abrams (and the Court) is left to guess what works DeCastro believes have been improperly used by him in violation of DeCastro's copyright rights, to the extent Abrams has ever referred to DeCastro's content at all, it constituted criticism, critique, and commentary that is excluded from the protections of the Copyright Act by the fair use doctrine.

While the First Amended Complaint and Supplemental Complaint do not identify any such unauthorized use of DeCastro's work, the sole video referenced in this litigation (albeit in the now-defunct original Complaint) is an edited thirty second clip where DeCastro essentially states that he is an undesirable person and a criminal (murder, rapist, child molester, drug addict, alcoholic, animal torturer, worst person ever, etc.). This thirty second segment was used by Abrams as part of an hour and a half long commentary and criticism of DeCastro. It was not used to teach constitutional law or to compete with DeCastro. It was used to criticize him. This is textbook fair use. Peter, in her motion to dismiss, goes through the four statutory factors a court can consider in conducting a fair use analysis in closer calls. While this analysis is unnecessary given the clear fair use of Abrams in the sole video identified by DeCastro in this litigation, Abrams adopts and incorporates the caselaw and logic cited by Peter in her motion. *See* ECF No. 94. Vitally, where DeCastro complains about a truncated thirty second clip (out of DeCastro's library of over 800 YouTube videos); that does not talk about constitutional law, but instead is relevant to Abrams' hour and a half long debate, commentary and criticism of DeCastro; and where there is nothing in the pleadings whatsoever about market value of DeCastro's work, it is clear that Abrams' is not infringing on any copyrights owning to

DeCastro, and any such publication is protected by the fair use doctrine.[4] Accordingly, the copyright claim fails as a matter of law and must be dismissed.

### D. THE CIVIL-RICO CAUSE OF ACTION SHOULD BE DISMISSED

DeCastro referenced a civil-RICO cause of action in the First Amended Complaint, but it is unclear what facts he uses to support this claim. *See* FAC., at ¶¶ 5, 7 and 8. Indeed, none of the requisite elements necessary to plead a colorable civil-RICO cause of action are articulated in either the First Amended Complaint or the Supplemental Complaint. Accordingly, the civil-RICO cause of action should also be dismissed with prejudice.

### E. THE COURT SHOULD DECLINE LEAVE TO ALLOW DECASTRO TO AMEND HIS COMPLAINT FOR A FOURTH TIME

DeCastro has now filed an original complaint, the First Amended Complaint and the Supplemental Complaint in this action. He should not be granted leave to amend for a fourth time in a way that could (potentially) save any of his claims. This is because DeCastro has used this lawsuit in a perverse manner seeking not to win on the merits, but to instead vex the defendants. DeCastro has brazenly admitted to these ulterior motives:

> I will break [Peter and Abrams] financially. They will have to hire a lawyer. I will file motion after motion after and I'll just keep going legally after them until I break them, until they can't afford to hire a lawyer anymore so they run out of money. That's what I'm gonna do, I'm gonna break them.

*See* ECF No. 71, at * 1. Here, where DeCastro has already been given leave to amend twice before, the fourth bite at the apple serves only to further Abrams' vexatious motives. *See City of Mia. Fire Fighters' & Police Officers' Ret. Tr. v. CVS Health Corp.*, 46 F.4th 22, 35 (1st Cir.

---

[4] To the extent DeCastro's complaint could be read to discuss other potential copyright violations, Abrams is without sufficient knowledge to determine what those violations are, and he declines to guess. Nevertheless, to the extent DeCastro identifies any other videos used by Abrams, it is likely that the use was similarly protected by fair use doctrine.

2022) (affirming denial of leave to amend when plaintiffs sought "a third bite of the apple in the form of a second amended complaint"); *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 58 (1st Cir. 2006) (serial amendments may be given closer scrutiny because "busy trial courts, in the responsible exercise of their case management functions, may refuse to allow plaintiffs an endless number of trips to the well").

Similarly, in ruling on the motion to dismiss, Abrams asks this Court to dismiss all claims, including the defamation-based claims in the original Complaint that have seemingly been abandoned, with prejudice. Abrams is wary that DeCastro has abandoned these claims intentionally so that he could do an end-run around this Court's orders declining to accept his belatedly filed notice of voluntary dismissal of the defamation-based claims. Abrams' concern is that DeCastro may re-file the defamation cause of action in a California court (a venue that lacks personal jurisdiction over Abrams, a Massachusetts resident with insufficient ties to California). The California court should nonetheless dismiss such a re-filed claim, not only for a lack of personal jurisdiction, but under the doctrine against claim splitting, which precludes a litigant from strategically pursuing in a subsequent suit claims which "were or could have been brought against the original defendant in the original suit." *Airframe Sys., Inc. v. Raytheon Co.*, 601 F.3d 9, 17–18 (1st Cir. 2010); *see also Mendoza v. Amalgamated Transit Union Int'l,* 30 F.4th 879, 886 (9th Cir. 2022).

Subject to reserving his rights to challenge an amendment on the merits, Abrams will agree to give DeCastro one final chance to re-plead the defamation-based causes of action in a Third Amended Complaint, with Abrams' assent, so long as it is filed within ten (10) days of receiving this motion.[5] Should DeCastro decline the invitation, Abrams asks this Court to rule

---

[5] The ten days will likely have elapsed by the time DeCastro files an opposition to this motion.

that all claims raised in the original Complaint are dismissed, with prejudice, and reject any further attempts by DeCastro to amend the complaint as futile, unduly prejudicial, in bad faith, and in furtherance of DeCastro's documented dilatory motives. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## V. CONCLUSION

For the reasons stated herein, the Court should dismiss all claims that were or could have been raised in the original Complaint, the First Amended Complaint and the Supplemental Complaint, including the copyright infringement claim, the civil-RICO claim, and all defamation-based claims, with prejudice, and without leave to amend.

Respectfully Submitted,

*/s/ Joshua N. Garick, Esq.*

Joshua N. Garick (BBO #674603)
LAW OFFICES OF JOSHUA N. GARICK, P.C.
34 Salem Street, Suite 202
Reading, Massachusetts 01867
Phone: (617) 600-7520
Fax: (617) 600-7430
Joshua@GarickLaw.com

*Counsel for Joshua Abrams a/k/a Accountability for All*

Dated: December 23, 2022

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Joshua N. Garick*
Joshua N. Garick (BBO #674603)

Dated: December 23, 2022