IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE MARIA DECASTRO ) | Case No.: 1:22-cv-11421 |
| ) | |
| *Plaintiff,* ) | |
| vs. ) | Plaintiff's Response in Opposition |
| ) | to Defendants' Motions to Dismiss |
| ) | Per Rule 12(b) |
| JOSHUA ABRAMS, et al., ) | |
| ) | |
| *Defendants,* ) | |
| ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS UNDER RULE 12(b)**

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, Plaintiff, Jose Maria DeCastro, an individual appearing *pro se* in the above-titled cause, hereby file this, his Response in Opposition to Defendants' Motions to Dismiss under Rule 12(b) and would show the court as follows:

### I.   CASE ACTIVITY

1.   Plaintiff filed his original complaint, *ECF No. 1*, on 9/2/22 which was amended on 11/16//22, *ECF No. 62* , in which he seeks restitution for damages and other relief for injury he has suffered by actions of these defendants including, in part, defamation and copyright infringement.

2. Each of the Defendants filed Motions to Dismiss Plaintiff's action, *ECF Nos. 94, 95, and 96*, to which Plaintiff hereby files his response in opposition.

## II. ARGUMENT AND MEMORANDUM

### A. Plaintiff's Complaint Complies with Rule 8

3. To state a claim for copyright infringement, Plaintiffs may only allege: (1) that they own valid copyrights and (2) that Defendant violated one or more of the exclusive rights set forth in 17 U.S.C. section 106, for example, by copying or distributing Plaintiff's copyrighted works. See *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 111 S. Ct. 1282 (1991).

4. Moreover, Rule 8(a) requires, in pertinent part, that Plaintiff's Complaint include:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a).

5. Defendants suggest that the Complaint fails to plead specific works and ownership, and fails to properly allege infringement. The face of the Complaint shows that those arguments are without merit. First, only one of the

Defendant's even questions my ownership in their motions for dismissal under 12(b).

6. Defendants in their prior motions admit to and list specific recording that infringe on Plaintiff's existing copyrights. Additionally, potential confusion as to which recordings of the Defendants are infringing can be further clarified through the discovery process. Dismissing the Plaintiff's Complaint would seem premature at this stage of litigation.

7. At this stage, Plaintiff need only allege ownership of the copyrighted recordings, which he has done. Any question as to Plaintiff's ability to prove the well-pled allegations of the Complaint is not relevant in the context of a Rule 12(b)(6) motion. Any contention that Plaintiffs should be required to prove allegations of ownership at this juncture is simply without basis. Such an obligation would put an increased burden on the Court clerks without benefiting the Defendants.

8. The fact that the Defendants have not requested a more definite statement, but rather asks that this Court decide fair use makes it clear that the complaint was sufficient to give notice. The fair use determination is not obviously in the favor of the Defendants and is obviously against them. The Defendants are in the same market and have admitted it in their videos, and have infringed on works of Plaintiff that are unpublished where courts have found that fair use is not a defense, regardless of purpose.

9. Plaintiff's Complaint Complies with Rule 8

### B. RICO

10. RICO is only used as a jurisdiction method for Defendant Abrams to be in the same action but is pled sufficiently in the mass copyright infringement for financial gain occurring by the Defendants.

### C. YOUTUBE and YOUTUBE TERMS OF SERVICE

11. Defendant Abrams raises defenses related to YouTube terms of service, *ECF No. 96*. Abrams has no way to know which agreements that Plaintiff has entered into with YouTube. The small portion of a specific version of a generic YouTube term of service that Abrams allegedly pulled from YouTube's website does not apply here, nor has Abrams interpreted the passage correctly, nor is it even possible to interpret the passage with the entirety of the document as it's not cited in a way to know what the remainder of the document might have been.

12. Certainly, all visitors to the YouTube website do not give up all of their creative content into the public domain. This is irrelevant to a 12(b) motion to dismiss for failure to state a claim.

### III.   CONCLUSION

13.  The Plaintiff's Complaint pleads a plausible case that allows the court to draw the reasonable inference that the Defendants are liable for the misconduct alleged. The plausibility is to the claim as a whole and not to each individual allegation and the courts have determined that each fair use determination requires a trial of the facts.

14.  Plaintiff requests the court to deny the Defendants motions for dismissal of its claims and or grant it leave to amend the complaint where it believes the complaint fails, in the interest of justice and to prevent further expense by all parties.

DATED this 6th day of January, 2023.

/s/ Jose Maria DeCastro

Jose Maria DeCastro, *Pro Se Plaintiff*
1258 Franklin Street
Santa Monica, CA 90404
(310) 963-2445
Email: iamalaskan@gmail.com

## CERTIFICATE OF SERVICE

I, Jose Maria DeCastro, Plaintiff in this matter, do hereby certify that, on the date set forth below, that Plaintiff's Response in Opposition to Defendants Motions to Dismiss was filed electronically on 1/6/23, and served upon all Defendants via the courts ECF system.

<u>/s/ Jose Maria DeCastro</u>
Jose Maria DeCastro