# UNITED STATES DISTRICT COURT

## for the

## District of Massachusetts

| | | |
|---|---|---|
| JOSE MARIA DECASTRO, an individual | ) | Case No. 1:22-cv-11421 |
| | ) | |
| Plaintiff, | ) | **MOTION FOR LEAVE TO FILE** |
| | ) | **SECOND SUPPLEMENT TO FIRST** |
| v. | ) | **AMENDED COMPLAINT** |
| | ) | |
| JOSHUA ABRAMS, an individual, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR LEAVE TO FILE SECOND SUPPLEMENT TO FIRST AMENDED

## COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(d), Plaintiff Jose DeCastro ("Plaintiff" or

"I"), respectfully moves this Honorable Court for leave to file Plaintiff's Second Supplemental

Complaint to add Defendant Katherine Peter ("Peter")'s latest copyright infringement of a

previously unpublished video as mentioned in ECF No. 97.

## ARGUMENT

Courts may permit supplemental pleadings "setting out any transaction, occurrence, or

event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

The First Circuit has recognized that "courts customarily have treated requests to supplement

under Rule 15(d) liberally." *U.S. ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 7 (1st Cir.

2015). "This liberality is reminiscent of the way in which courts have treated requests to amend

under Rule 15(a)'s leave 'freely give[n]' standard." *Id.; see also Keith v. Volpe*, 858 F.2d 467,

473 (9th Cir. 1988) ("Rule 15(d) is intended to give district courts broad discretion in allowing

supplemental pleadings" as a "tool of judicial economy and convenience" and "[i]ts use is therefore favored.")

Here, Plaintiff filed his First Amended Complaint ("FAC") on November 16, 2022 (Document #62 in the record). After which, Peter infringed on another of Plaintiff's copyrighted videos as mentioned in ECF No. 97. Plaintiff could not have known that Peter would have behaved in this tortious manner until after his FAC.

No factors exist that would support denial of Plaintiff's motion. See *PharMerica Corp.*, 809 F.3d at 7 (listing some factors a court may consider in denying a motion to supplement). Plaintiffs have not unreasonably delayed attempting to supplement; this motion comes less than 30 days after the facts arose, with two holidays during that time. The supplemental pleading will not unduly prejudice the Defendant and will help prevent her having to participate in another related suit, and Peter decided to make further infringements during this action. Plaintiffs' supplemental claim is not futile; Plaintiffs' have pleaded allegations, which, if taken as true as they must be at this stage, state a claim for which the Court can grant relief. See *Hatch v. Dep't for Children, Youth & Their Families*, 274 F.3d 12, 19 (1st Cir.2001) (an "amendment is not deemed futile as long as the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory.").

## CONCLUSION

Since supplementation will aid in the speedy and effective relief of Plaintiff's related claims, I respectfully request the Court grant Plaintiff's motion for leave to file a Second Supplemental Complaint.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

The court has waived this local rule for the remainder of this action.

Dated: January 11, 2023                    Respectfully submitted,

                                           /s/ Jose DeCastro
                                           Jose DeCastro
                                           1258 Franklin St.
                                           Santa Monica, CA 90404
                                           chille@situationcreator.com
                                           (310) 963-2445
                                           *Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                           /s/ Jose DeCastro