UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE MARIA DeCASTRO, <br> a/k/a CHILLE DeCASTRO, <br> a/k/a DELETE LAWZ, <br><br> *Plaintiff and Defendant-in-Counterclaim* <br><br> v. <br><br> JOSHUA ABRAMS a/k/a ACCOUNTABILITY FOR ALL and KATE PETER a/k/a MASSHOLE TROLL MAFIA, <br><br> *Defendants and Plaintiffs-in-Counterclaim*, and <br><br> GOOGLE LLC, <br><br> *Defendant*. | Case No. 1:22-cv-11421-ADB |

**DEFENDANT GOOGLE LLC'S MOTION
AND MEMORANDUM OF REASONS FOR EXTENSION OF TIME TO RESPOND TO
PLAINTIFF'S FORTHCOMING THIRD AMENDED COMPLAINT**

Defendant Google LLC ("Google"), by and through its undersigned attorneys, respectfully submits this motion and memorandum of reasons for an extension of time pursuant to Federal Rule of Civil Procedure 6(b)(1)(A). Google seeks an order extending its time to file an answer or Rule 12 motion until 30 days after Plaintiff files his forthcoming Third Amended Complaint. *See* ECF Nos. 101 & 102. To that end, Google states as follows:

**BACKGROUND**

1. On September 2, 2022, Plaintiff Jose Maria DeCastro filed his original Complaint against Defendants Kate Peter and Joshua Abrams. ECF No. 1. On October 3 and 5, 2022, the

Court extended Defendants' time to respond to the Complaint by 30 and 29 days, respectively. ECF Nos. 7 & 9.

2. On November 16, 2022, Plaintiff filed an Amended Complaint against Defendants Peter and Abrams. ECF No. 62. On December 1, 2022, Plaintiff moved to file a Supplemental Complaint. ECF No. 76. The Court granted the motion the same day, construing it as a "motion to file a second amended complaint[.]" ECF No. 77. The Court also granted Defendants Peter and Abrams an extension of time to respond to the Second Amended Complaint. *Id.*

3. On December 2, 2022, Plaintiff filed his Second Amended Complaint, styled as a "Supplemental Complaint". ECF No. 79. The complaint purported to add Google to the caption as a Defendant, but did not attempt to state any claim against Google, list any counts against Google, or include a prayer for relief against Google. To the contrary, the complaint ended after the "Factual Background" section.

4. Plaintiff sent Google a Waiver of the Service of Summons form dated December 3, 2022, which Google signed and returned. ECF No. 99. Accordingly, Google's deadline to answer or otherwise respond to the Second Amended Complaint is currently set at February 1, 2023. *See* Fed. R. Civ. P. 4(d)(3).

5. Beginning in early January, lead counsel for Google in this case experienced an acute illness from which he is now recovering. This resulted in a delay in drafting Google's planned response to the Second Amended Complaint.

6. On January 11, 2023, Plaintiff moved for leave to file another complaint, styled as a "Second Supplemental Complaint". ECF No. 101. Google's understanding is that Plaintiff's next complaint would in fact be his Third Amended Complaint, but would welcome any clarification by the Court. Plaintiff's motion did not attach a proposed amended complaint or

state a timeframe within which he will file one. The Court granted Plaintiff's motion the next day, but did not specify a timeframe within which he must file his next complaint. ECF No. 102.

7. Google initiated a meet and confer call with Plaintiff on January 18, 2023, and sought his consent to extend Google's time to answer until after Plaintiff files his forthcoming Third Amended Complaint. Plaintiff declined to give consent. Instead, Plaintiff stated his intention to wait until *after* Google responds to the Second Amended Complaint so he can evaluate Google's position before filing his Third Amended Complaint.

8. Google communicated with Defendants Peter and Abrams through their counsel of record on January 23, 2023. Defendants do not object to the proposed extension of time.

9. This is Google's first request for an extension of time in this case.

## ARGUMENT

10. Good cause exists to extend Google's deadline to file an answer or a Rule 12 motion, for four reasons. First, the extension would not prejudice any of the parties or affect the Court's timeline for deciding any of the pending motions being litigated between Plaintiff and Defendants Peter and Abrams. Second, granting Google an extension would be a welcome act of forbearance considering lead counsel's recent illness. Third, an extension for Google would be consistent with the extensions the Court has granted to the other defendants. *See* ECF No. 7 (30-day extension for Defendant Peter to respond to complaint); ECF No. 9 (29-day extension for Defendant Abrams to respond to complaint); ECF No. 77 (extending time for Defendants Peter and Abrams to answer forthcoming Second Amended Complaint until 21 days after it is filed).

11. Finally, Google cannot move to dismiss the Third Amended Complaint *before it is filed*, and it would be needlessly inefficient for Google to attack the incomplete Second Amended Complaint when that complaint is soon to be superseded. *See generally* Fed. R. Civ. P.

1. The plaintiff is expected to state his claim *before* the defendants answer it, and "his *pro se* status does not relieve him of the obligation to comply with applicable rules." *Collins v. Fed. Express Corp.*, Civil Action No. 21-cv-11143-ADB, 2021 U.S. Dist. LEXIS 198904, at *7 (D. Mass. Oct. 15, 2021); *see also McNeill v. Steward Health Care, LLC*, Civil Action No. 19-cv-10697-ADB, 2019 U.S. Dist. LEXIS 91122, at *6 (D. Mass. May 31, 2019) ("*Pro se* plaintiffs are obliged to comply with the Federal Rules of Civil Procedure, including the requirements of Rule 8 and 9.").

WHEREFORE, Google respectfully requests that the Court grant its motion and issue an order under Federal Rule of Civil Procedure 6(b)(1)(A) extending its time to respond to the complaint until 30 days after Plaintiff files his forthcoming Third Amended Complaint.

Dated: January 24, 2023

Respectfully submitted,

GOOGLE LLC

By its attorneys,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*/s/ Matthew D. Gorman*
Matthew D. Gorman (BBO No. 569406)
One Boston Place
201 Washington Street, Suite 200
Boston, Massachusetts 02109
Telephone: (617) 598-7800
Facsimile: (866) 974-7329
Email: mgorman@wsgr.com

Benjamin Margo (*pro hac vice* forthcoming)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bmargo@wsgr.com

## **LOCAL RULE 7.1(a)(2) CERTIFICATION**

Undersigned counsel certifies that counsel for Defendant Google LLC conferred with Plaintiff Jose DeCastro in good faith to narrow or resolve the issues raised through this motion but could not avoid motion practice.

Dated: January 24, 2023

Respectfully submitted,

GOOGLE LLC

By its attorneys,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*/s/ Matthew D. Gorman*
Matthew D. Gorman (BBO No. 569406)
One Boston Place
201 Washington Street, Suite 200
Boston, Massachusetts 02109
Telephone: (617) 598-7800
Facsimile: (866) 974-7329
Email: mgorman@wsgr.com

## **CERTIFICATE OF SERVICE**

      Undersigned counsel certifies that this document was filed through the CM/ECF system and will be served electronically to the registered participants as identified on the Notice of Electronic Filing through the Court's transmission facilities, and that non-registered participants (if any) have been served this day by U.S. Mail.

Dated: January 24, 2023

Respectfully submitted,

GOOGLE LLC

By its attorneys,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*/s/ Matthew D. Gorman*
Matthew D. Gorman (BBO No. 569406)
One Boston Place
201 Washington Street, Suite 200
Boston, Massachusetts 02109
Telephone: (617) 598-7800
Facsimile: (866) 974-7329
Email: mgorman@wsgr.com