# UNITED STATES DISTRICT COURT
## for the
## District of Massachusetts

| | |
|---|---|
| JOSE MARIA DECASTRO, an individual | ) Case No. 1:22-cv-11421 |
| Plaintiff, | ) |
| | ) **OPPOSITION TO DEFENDANT** |
| | ) **YOUTUBE (GOOGLE LLC)'S** |
| v. | ) **MOTION FOR EXTENSION OF TIME** |
| | ) **TO ANSWER** |
| JOSHUA ABRAMS, an individual, et al., | ) |
| | ) |
| Defendants. | ) |

### OPPOSITION TO DEFENDANT YOUTUBE (GOOGLE LLC)'S MOTION FOR EXTENSION OF TIME AND IN SUPPORT OF MOTION TO CLARIFY

Plaintiff Jose DeCastro ("Plaintiff" or "I"), offers the following response to Defendant YouTube (GOOGLE LLC)'s Motion for Extension of Time to Respond to Plaintiff's Forthcoming Third Amended Complaint (ECF No. 105). In support of this response, Plaintiff submits a memorandum of law, which is fully incorporated herein.

#### a. Extension of time

Plaintiff opposes an extension of time for YouTube (GOOGLE LLC) ("YouTube") to receive an extension of time until 30 days after a third amended complaint, especially since no third amended complaint is currently planned and it would delay this action indefinitely.

Although Counsel for YouTube did call me on the phone, it was at my request to discuss how YouTube could do better with their DMCA and anti-bullying policies. I did not realize we were conferring to minimize motion practice, but parties were unable to find common ground none the less, the call was recorded. Plaintiff did not agree to an extension of time to answer,

Plaintiff also saw no reason that YouTube would need more than the 60 days, and none was mentioned by YouTube's counsel. YouTube's counsel also didn't mention that he would be responding to a "third amended complaint" and his novel interpretation of the motion practice in this action. Instead, YouTube's counsel refused to assist me with getting my DMCA subpoenas processed or to get my DMCA notices properly looked at, but expected me still to stipulate to giving them more than the already 60 days that they had to answer. **I definitely did not state an intention to wait to file a "Third Amended Complaint" until after YouTube responded to my "Second Amended Complaint".** In fact, that would have brought to the surface YouTube's novel view of the motions in this action, and I would have cleared up their mistaken interpretation or at least argued mine. I certainly do not need YouTube's response before supplementing the complaint with additional events that have occurred since the FSC, nor do I wish to wait 60 days to do so. Although I was surprised that the leave to file a second supplemental complaint did not include a due date, I will be working on the second supplemental complaint this week.

Plaintiff's upcoming Second Supplemental Complaint will not include any additional legal arguments, but only additional facts that make up additional copyright claims since Plaintiff's first Supplemental Complaint ("FSC") at ECF No. 79. Plaintiff already has 60 days to answer or otherwise respond, but instead wishes to completely skip this in lieu of answering a potential upcoming amended complaint. **There is no amended complaint coming.**

Note the current Catch-22. I cannot respond to a DMCA counter notice for the latest infringing video (mentioned in ECF No. 97) until after I file the Second Supplemental Complaint containing that video. Therefore, YouTube cannot lose safe harbor protections for any videos in

the Second Supplemental Complaint until after the Second Supplemental Complaint is filed and then they also fail to act on a DMCA takedown notice for those videos.

### b. Clarification of supplemental complaint (s)

Plaintiff can see how YouTube might interpret the docket in the light most favorable to making Plaintiff's FSC an amended complaint that would clearly be defective. However, this is an unreasonable interpretation. 1) At all times did Plaintiff request permission to file a supplemental complaint pursuant to Federal Rule of Civil Procedure 15(d); 2) Plaintiff made it clear in his request for leave to file, that the supplemental complaint included events that occurred after the first amended complaint; 3) that Plaintiff had no way of knowing that the events in the supplemental complaint would occur at the time of filing the principal complaint; 4) Plaintiff did not plead in the alternate for amendment if the supplement was not appropriate; and 5) Plaintiff titled the motions for leave to file and supplemental complaint appropriately.

It is Plaintiff's understanding that this Court's orders granting leave to file the Plaintiff's supplemental complaints (ECF Nos. 77 and 102) simply used the terminology consistent with Massachusetts District Court which is to "amend by filing a supplemental complaint". However, this Court has a habit of misnaming things in its orders (ECF No. 80), but this Court has also made it clear that the facts are more important than the naming of them (ECF No. 81).

If the court was only allowing new claims to be added through an amendment to the complaint, Plaintiff reminds the court of its right to file supplemental complaints in lieu of amending the original complaint each time. Especially given the way that Plaintiff's First Amended Complaint was handled, Plaintiff's intention is to avoid further amending the complaint when it is not necessary to do so. Unfortunately, because of YouTube's actions after the principal complaint in this action, making it liable for a portion of the damages, I don't see

how I could avoid adding them as a defendant, and the other defendants seem to have stipulated to YouTube being added for the same reason. Although YouTube's counsel continues to ask me to move my claims against YouTube separately to California, I don't see how two juries would be expected to determine proportion of liability. However, I would not oppose YouTube's moving of this action to a California federal court, especially since we're still pre-discovery.

## POINTS AND AUTHORITIES

Courts may permit supplemental pleadings "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The First Circuit has recognized that "courts customarily have treated requests to supplement under Rule 15(d) liberally." *U.S. ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 7 (1st Cir. 2015). "This liberality is reminiscent of the way in which courts have treated requests to amend under Rule 15(a)'s leave 'freely give[n]' standard." *Id.; see also Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) ("Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings" as a "tool of judicial economy and convenience" and "[i]ts use is therefore favored.") No factors exist that would support denial of Plaintiff's motion. See *PharMerica Corp.*, 809 F.3d at 7 (listing some factors a court may consider in denying a motion to supplement). Although federal courts have found that a liberal interpretation of facts to define claims is appropriate for pro se litigants, their procedural actions should be taken literally. Still, pro se documents should be construed in the way most reasonably intended by the pro se party, which would typically be in the pro se party's interest, or minimally in a literal way. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594 (1972).

## CONCLUSION

Plaintiff prays that the court will clarify its supplemental complaint as being a supplemental complaint, since it is that and the facts show it.

Plaintiff prays that YouTube be required to show just cause why it should be allowed to delay in answering the complaint against it before Plaintiff is required to prove that it would be prejudicial.

## DECLARATION

I declare under penalty of perjury, that the foregoing is true and correct.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

The court has waived this local rule for the remainder of this action.

Dated: January 25, 2023                     Respectfully submitted,

/s/ Jose DeCastro
Jose DeCastro
1258 Franklin St.
Santa Monica, CA 90404
chille@situationcreator.com
(310) 963-2445
*Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Jose DeCastro