UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE MARIA DeCASTRO, a/k/a CHILLE DeCASTRO, a/k/a DELETE LAWZ,<br><br>    *Plaintiff and Defendant-in-Counterclaim,*<br><br>v.<br><br>JOSHUA ABRAMS a/k/a ACCOUNTABILITY FOR ALL,<br><br>    *Defendant,*<br><br>KATE PETER a/k/a MASSHOLE TROLL MAFIA,<br><br>    *Defendant and  Plaintiff-in-Counterclaim.* | CASE NO. 1:22-cv-11421-ADB |

## DEFENDANT KATE PETER'S OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR CONTEMPT

### I. Introduction

Defendant and Plaintiff-in-Counterclaim Kate Peter ("Ms. Peter") hereby opposes the second Motion for Contempt ("Motion") of Plaintiff and Defendant-in-Counterclaim Jose Maria DeCastro, a/k/a Chille DeCastro, a/k/a Delete Lawz ("Mr. DeCastro"). Ms. Peter denies the allegations made in Mr. DeCastro's Second Motion for Contempt (ECF No. 103).

Further, Ms. Peter requests that the Court clarify its orders as to the behaviors parties are not allowed to engage in.  Ms. Peter requests this clarification not only to allow her to better comply with the order, but additionally to hopefully prevent future frivolous contempt motions from being filed.  Ms. Peter and Mr. DeCastro have differing opinions on what constitutes "harassing" or "otherwise inappropriate" behavior.

1

## II. Relevant Factual and Procedural Background

On October 21, 2022, the Court issued the following order, ECF No. 33, which stated, in its entirety, that:

> The Court has reviewed the recent motions filed by each of the parties to this matter, [ECF Nos. 25, 27, and 30], and hereby orders as follows. Plaintiff and Defendants are ORDERED not to engage in any threatening, harassing, illegal, or otherwise inappropriate behavior when engaging with each other, or with any individual or entity that may have knowledge pertaining to this matter. Any contact with a represented party should be through their counsel. The parties are further ORDERED that despite the entry of this order, the hearing scheduled for October 24, 2022 at 12:00 p.m. will still take place and all parties or their counsel are expected to attend.

On October 24, 2022, the Court further ordered ECF No. 43, reminding the parties of the previous order, stating, in part:

> The parties are reminded of their obligation to comply with the Court's Order on October 21, 2022, which forbids all parties from engaging in threatening, harassing, illegal, or otherwise inappropriate behavior with respect to the other parties in this lawsuit. See [ECF No. 33 ]. The parties are further advised that failure to adhere to the Order may result in, among other possible sanctions, monetary fines.

On November 2, 2022, the court once again addressed the issue of the parties' conduct surrounding this litigation in ECF No. 51, stating in part:

> To be clear, the parties are not to destroy or otherwise compromise any evidence relevant to this case. Further, the Court strongly recommends that the parties not harass, disparage or otherwise act unkindly to each other or any potential witnesses in this matter. It is the suggestion of the Court that, going forward, when faced with questions of conduct, all parties to this litigation and their associates harken back to the lessons they learned in elementary school about getting along with others, proper behavior, and cooperation and act in accord with those lessons, hopefully without constant recourse to the Court.

On November 14, 2022, Mr. DeCastro filed a Motion for Contempt, ECF No. 61, alleging that Ms. Peter's conduct in engaging with her YouTube audience in a live stream about

the attempts of Mr. DeCastro to bully and silence critics, wherein Mr. DeCastro joined Ms. Peter's YouTube chat and proceeded to harass Ms. Peter. Ms. Peter filed a cross-motion for contempt at ECF 71.

On December 1, 2022, the Court denied both motions for contempt.  The Court stated, in no uncertain terms "both parties have repeatedly engaged in inappropriate behavior towards one another and the Court will not single out one party for punishment where both are at fault. The parties are once again reminded that this is a court and not a kindergarten and that the Court expects the parties to act accordingly."  See ECF No. 78.

On January 16, 2023, Mr. DeCastro filed a Second Motion for Contempt (ECF No. 103), alleging that Ms. Peter's critique of a website, www.endtorturecuffs.com, published by Mr. DeCastro, violated the court's orders (ECF No. 43, ECF No. 33) and requested that the Court hold Ms. Peter in contempt of said orders.

### III. Argument

**a. Ms. Peter has not violated the Court's orders.**

First, Ms. Peter understood these orders pertain to conduct *engaging with one another*, within the context of the lawsuit. ECF No. 33 ("Plaintiff and Defendants are ORDERED not to engage in any threatening, harassing, illegal, or otherwise inappropriate behavior ***when engaging with each other***….). Since the onset of the lawsuit, Ms. Peter has not engaged with Mr. DeCastro, nor answered the emails sent directly to her by Mr. DeCastro or any of his purported associates (see, Exhibit 1, emails from Mr. DeCastro, Matt DeCastro). The only time Ms. Peter has engaged with Mr. DeCastro is when Mr. DeCastro joins Ms. Peter's live chat while Ms. Peter is live streaming her content to her audience.  While dealing with Mr. DeCastro in her live chats, Ms. Peter remembered the admonitions of the Court and abided by them.

Mr. DeCastro claims that Ms. Peter violated this Court's Orders by broadcasting a "live stream" on January 16, 2023 entitled "Regarding The 'End Torture Cuffs' Deception, Mark Stout Debacle", which contained a live analysis and critique of a website published by Mr. DeCastro, www.endtorturecuffs.com.  Ms. Peter was reporting on news and giving commentary and opinion on that news through her YouTube channel, which is not "engaging with" Mr. DeCastro. Mr. DeCastro is not obligated to, nor is he encouraged to watch Ms. Peter's YouTube channel.

Mr. DeCastro seems to be under the mistaken belief that any time Ms. Peter reports on his newsworthy antics or engages in the slightest criticism of his ***public website full of misleading and admittedly falsified stories***, that due to this Court's order Ms. Peter is not allowed to report on it or to give commentary and opinion on it.  Ms. Peter is not under the impression the Court intended to place a prior restraint on Ms. Peter's speech. Indeed, the Court said as much in the hearing on Ms. Peter's Emergency Motion for Hearing for Status Conference and invited the parties to agree not to mention each other on their respective channels.  Ms. Peter was willing to stipulate to that deal and Mr. DeCastro declined, and now he is attempting to use a vaguely written court order to get the benefit of the deal he declined.

Mr. DeCastro alleges that Ms. Peter's accessing of the site was somehow improper and amounted to "committing trade disparagement against Plaintiff's yet to be released, un-disclosed-technology-launch, in her YouTube video." (EF No. 103), further alleging that:

> Peter acquired the private URL of a web application product owned by Plaintiff DeCastro that is being developed and Funded by DeCastro with a third party. The web application product is currently unfinished and undergoing beta-testing. Although Peter knew that the website was not live, Peter stated, as fact, that the web site was complete and disparaged the quality of the site in a video over two hours long.

This is false, as Ms. Peter accessed the site via the URL www.endtorturecuffs.com, and viewed a publicly viewable and published website, indexed and searchable on the "Bing" search

4

engine (see, Exhibit 2, Bing Search Results), which contained no disclaimer nor indication on any page indicating that the site was "unfinished" nor in "beta testing". Were the site unpublished as Mr. DeCastro purports in his motion, Ms. Peter would not have been able to access it.

Mr. DeCastro further alleges that,

Peter read several of the placeholder stories on the website and attempted to track down the source of placeholder images and stated as fact that Plaintiff was trying to pass these placeholder stories off as real in an attempt at deception with "the most bullshit site" (timestamp 3:18). Peter called Plaintiff a "liar" several times in the video and said that Plaintiff himself uploaded the images and typed up the stories in an act of deception, to con, grift and benefit from supporters.

Ms. Peter was engaging in First Amendment protected activity, reporting on news and giving commentary and opinion about the news.  Mr. DeCastro admits the stories were untrue, and every factual basis on which Ms. Peter grounded her opinion and commentary, which she laid out in painstaking detail in the live stream, are uncontested.  It is reasonable for Ms. Peter to have the opinion that Mr. DeCastro is lying when he publishes a website full of stock images and fake stories. Ms. Peter's commentary was not defamation nor harassment, as she opinions aren't facts or defamation, and nothing Ms. Peter did fits the elements of "harassment" in Massachusetts or Federal law.  The stories featured on the website www.endtorturecuffs.com appeared to be fabricated and implausible, and Mr. DeCastro admits they were fabricated.  The images were showed, through a Google "reverse image search", to be taken from other sources, mainly reviews for products intended to treat psoriasis and news stories relating to the 2023 torture of Belarus Blogger Roman Protasevich. By admitting in his motion that the stories were indeed fabricated "placeholder" stories and the photos "placeholder" photos taken from outside sources, Ms. Peter could not be engaged in defamation as truth is a defense.

Furthermore, Ms. Peter did not post anything to Mr. DeCastro's website, fake stories or otherwise. Ms. Peter did indeed speculate that Mr. DeCastro's website would attract satirical tales from his many online detractors, but at no time indicated any involvement, or even that such a thing had occurred, and Mr. DeCastro has offered no evidence to support his claim. In fact, Mr. DeCastro unpublished the website almost immediately after the live stream.

Mr. DeCastro's allegations that Ms. Peter "literally stalks me on Discord, tracks my business operations and location, and streams any videos I make on back channels" are likewise untrue and without merit, and Mr. DeCastro in his complaint offered no evidence or even specific examples of such alleged conduct to support his claim. Indeed, Mr. DeCastro doesn't identify what statute, either Massachusetts, Federal, or otherwise from which he derives his definition of "stalk" from.  Ms. Peter has not "stalked" Mr. DeCastro under Massachusetts law or Federal law, and lacks the ambition or need to research the other 49 states to determine if mentioning someone in a discord meets a definition of "stalking."  Mr. DeCastro appears to be just throwing words out at random to see if any accusation will stick.

Ms. Peter denies Mr. DeCastro's assertions that "Peter knows that my future endeavor website is 'coming soon'… and she obviously knew that the stories were also not real". Nothing on the website stated the stories were placeholders.  There was no "lorum ipsum" text, but actual stories with plots revolving around injuries sustained from handcuffs.  There were images, not random placeholders, but images of wrists which on cursory inspection appeared to be damaged from handcuffs.  The website was published and searchable by search engines.  There was no password protecting the website from viewing, no pay wall, nor was there any other means of making the website "private". There was no disclaimer or notification to site visitors that the site was "under construction" or "in beta testing" and that the stories and photos publicly featured on

6

the site were "placeholders" intended for "beta-testing of layouts and features", Ms. Peter didn't believe that the stories were intended to be anything other than deliberately manufactured and misleading. Any opinion as to Mr. DeCastro's motives were based on the known facts as stated in the live stream and above in this opposition.

Ms. Peter acknowledges that often her public speech contains language that is critical, harsh, expletive-ridden  and at times contentious, none of the speech alleged in Mr. DeCastro's motion amounts to speech that would meet the definition of "threatening".  None of her speech would meet any statutory definition of "harassment".  None of the statements Ms. Peter made were illegal under any Massachusetts or Federal statute and Ms. Peter is unaware of any other jurisdiction with power over her speech on YouTube that would apply to her speech and is enforceable in United States Federal Courts.  While Ms. Peter acknowledges that her speech may be perceived by some as "otherwise inappropriate behavior", she does not herself consider it to be so and lacks a clear guideline as to what "otherwise inappropriate behavior" means.  If it means prior restraint on her speech, Ms. Peter would contend that it violates her First Amendment rights to freedom of speech and freedom of the press.

**c. Standard of Review**

Mr. DeCastro stated he was seeking criminal contempt in his motion, but then set forth the standard of civil contempt in his memorandum of law.  Ms. Peter assumes that Mr. DeCastro intended to allege civil contempt.

The elements of civil contempt are well-established. To prove civil contempt, a movant must show with clear and convincing evidence that, (1) the alleged contemnor had notice of the order, (2) the order was clear and unambiguous, (3) the alleged contemnor had the ability to comply with the order, and (4) the alleged contemnor violated the order. (*See Hawkins v. Dep't*

7

*of Health & Human Serv.*, 665 F.3d 25, 31 (1st Cir. 2012)).

While Ms. Peter had knowledge of ECF Nos. 33, 43 & 51, the orders are not clear and unambiguous. Ms. Peter assumes that "harassment" has a legal definition, and presumably the one the court is using is the Massachusetts definition either civil or criminal, but it's not clear. Same with "threatening", where Ms. Peter assumes, but is unsure that the court is using the federal definition for a "true threat" as defined in *Virginia v. Black*, 538 U.S. 343, 359 (2003) as "statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." While "illegal" is clear, "otherwise inappropriate behavior" could encompass using a salad fork to eat fish at a fancy restaurant. The order is completely unclear.

Ms. Peter assumes, based on the Court's suggestion that the parties stipulate to prior restraint at the emergency hearing for status conference, that the Court did not intend by its order to impose prior restraint on Ms. Peter and prevent her from reporting the news as it pertains to Mr. DeCastro, and/or to offer commentary and opinion about those news reports.

Ms. Peter has made every attempt to comply with the order based on her understanding of the order as augmented by the discussion the Court had with Ms. Peter's counsel and Mr. DeCastro at the emergency hearing for status conference. Ms. Peter understood that she was not restrained by the Court from discussing Mr. DeCastro's newsworthy exploits and giving commentary and opinion about those exploits. Mr. DeCastro has apparently come to a different conclusion as to the meaning of the Court's orders and appears to believe anything Ms. Peter says that Mr. DeCastro doesn't like is "harassment".

Finally, Mr. DeCastro has failed to allege with any amount of specificity how any of the actions taken by Ms. Peter amount to "threatening, harassing, illegal or otherwise inappropriate

behavior" that occurred "when engaging with each other." Ms. Peter has not attempted to engage with Mr. DeCastro and has only responded to him when he directed questions and comments to Ms. Peter in her live stream's chat.  Even when responding to him there, Ms. Peter did not threaten Mr. DeCastro, harass him, engage in illegal activity, or engage in otherwise inappropriate behavior based on the nature and location of the interaction.

### IV. Conclusion

For the foregoing, Ms. Peter respectfully requests that this Court deny Mr. DeCastro's Second Motion for Contempt.  Additionally, Ms. Peter respectfully prays that the Court clarify its preceding orders for the benefit of the parties.

Respectfully submitted,

KATE PETER,

By her attorney,

/s/ Benjamin J. Wish
Benjamin J. Wish (BBO # 672743)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
Tel:  617-720-2626
Fax: 617-227-5777
bwish@toddweld.com

Date:  February 1, 2023

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Benjamin J. Wish
Benjamin J. Wish

9