# UNITED STATES DISTRICT COURT
## for the
## District of Massachusetts

| | |
|---|---|
| JOSE MARIA DECASTRO, an individual | ) Case No. 1:22-cv-11421 |
| Plaintiff, | ) |
| | ) **MOTION TO STRIKE DEFENDANT'S** |
| v. | ) **LATE OPPOSITION TO PLAINTIFF'S** |
| | ) **SECOND MOTION FOR CONTEMPT** |
| JOSHUA ABRAMS, an individual, et al., | ) |
| Defendants. | ) |

## MOTION TO STRIKE DEFENDANT KATHERINE PETER'S LATE OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR CONTEMPT

Plaintiff Jose DeCastro ("Plaintiff" or "I"), hereby objects to and moves this Court to strike Defendant Katherine Peter's ("Peter") late *Opposition to Plaintiff's Second Motion For Contempt* ("Opposition") at ECF No 109. In support of this response, Plaintiff submits a memorandum of law, which is fully incorporated herein.

### Background

On January 16, 2023, Jose DeCastro filed *Plaintiff's Second Motion For Contempt* at ECF No. 103, asking for the court to bring judicial notice to this court of additional contempt by Peter. The motion was immediately served by the ECF system to Peter.

Pursuant to Local Rule 7.1(b)(2), Peter's Opposition was due by January 30, 2023 (within 14 days after the motion is served). However, Peter filed the Opposition on February 2, 2023 (See ECF No. 109), multiple days late.

## POINTS AND AUTHORITIES

### a. Peter's Opposition was Late.

"A party opposing a motion shall file an opposition within 14 days after the motion is served… The 14-day period is intended to <u>include</u> the period specified by the civil rules for mailing time and provide for a uniform period regardless of the use of the mails." L.R. 7.1(b)(2) (emphasis added).

Here, the last day within 14 days after the motion was served was January 30, 2023. Peter filed the Opposition on February 2, 2023. Thus, Peter did not file the Opposition within the permitted period.

### b. Rule 6(b) Requires Striking of the Opposition

Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure states:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> \*\*\*
> (B) on motion made after the time has expired if party failed to act because of excusable neglect.

FED. R. CIV. P. 6(b)(1)(B). "A district court may not consider a late-filed response that falls short of the requirements of Rule 6(b) of the Federal Rules of Civil Procedure." *Inst. for Policy Studies v. U.S.C.I.A.*, 246 F.R.D. 380, 382 (D.D.C. 2007).

### c. Peter Has Not Moved For a Retroactive Extension

In conformance with the plain language of Rule 6(b)(1)(B), a court can grant a retroactive extension of time, only upon a motion. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 n.5 (1990); *Smith v. Dist. of Columbia*, 430 F.3d 450, 457 (D.C. Cir. 2005) ("In the absence of any motion for an extension, the trial court had no basis on which to exercise its discretion.").

Here, Peter has not moved for a retroactive extension of time to file the Opposition.

Incredibly, Peter does not even acknowledge that Peter tardily filed the Opposition. Therefore, the Opposition ought to be stricken.

### c. Peter Has Not Shown Excusable Neglect

What constitutes "excusable neglect" is nebulous, but "excusable neglect" does not include "ignorance of the rules or mistakes construing the rules." *Pincay v. Andrews*, 351 F.3d 947, 951 (9th Cir. 2003) (quoting Pioneer Ins. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388 (1993)).

Here, Peter does not admit that it untimely filed the Opposition, let alone offer an excuse. Thus, Peter has not shown excusable neglect.

Rather, it seems that Peter simply forgot to file the Opposition on time. Peter's belated Opposition comes hours after Katherine Peter read in Discord about people pontificating whey the Court had not yet ruled on the motion for contempt. The chat on Discord appears to have triggered the belated Opposition, because Peter filed the Opposition less than 24 hours after the chat. There are legions of cases finding no excusable neglect under similar circumstances. See *Inst. for Policy Studies*, 246 F.R.D. at 384 (and the cases cited therein).

### CONCLUSION

For the forgoing reasons, Jose DeCatro requests this Court to strike Peter's *Opposition to Plaintiff's Second Motion For Contempt* (ECF No. 109).

Additionally, if the Opposition is not stricken, Plaintiff asks for leave to file a reply to the Opposition with documentary evidence as the Opposition appears to be full of perjured statements again.

## **CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)**

The court has waived this local rule for the remainder of this action.

Dated: February 2, 2023                                  Respectfully submitted,

/s/ Jose DeCastro
Jose DeCastro
1258 Franklin St.
Santa Monica, CA 90404
chille@situationcreator.com
(310) 963-2445
*Pro Se*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Jose DeCastro