UNITED STATES DISTRICT COURT

for the

District of Massachusetts

| | | |
|---|---|---|
| JOSE MARIA DECASTRO, an individual | ) | Case No. 1:22-cv-11421 |
| | ) | |
| Plaintiff, | ) | **MOTION FOR RECONSIDERATION** |
| | ) | **OF PLAINTIFF'S MOTION TO** |
| v. | ) | **STRIKE** |
| | ) | |
| JOSHUA ABRAMS, an individual, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MOTION FOR RECONSIDERATION OF PLAINTIFF'S MOTION TO STRIKE

Plaintiff Jose DeCastro ("Plaintiff" or "I"), hereby moves this Honorable Court to reconsider its denial of my emergency *Motion To Strike Defednant Katherine Peter's Late Opposition to Plaintiff's Second Motion for Contempt* ("Motion") at ECF No. 110. In support of this motion, Plaintiff submits a memorandum of law, which is fully incorporated herein.

### Background

On January 16, 2023, Plaintiff filed *Plaintiff's Second Motion For Contempt* at ECF No. 103, asking for the court to bring judicial notice to this court of additional contempt by Peter. The motion was immediately served by the ECF system to Peter.

Pursuant to Local Rule 7.1(b)(2), Peter's Opposition was due by January 30, 2023 (within 14 days after the motion is served). However, Peter filed her *Opposition to Plaintiff's Second Motion For Contempt* ("Opposition") at ECF No. 109 on February 1, 2023, multiple days late.

On February 2, 2033, Plaintiff filed an emergency *Motion To Strike Defednant Katherine Peter's Late Opposition to Plaintiff's Second Motion for Contempt* at ECF No. 111, moving this

court to 1) strike the Opposition under Rule 6(b) because this Court did not have the discretion to allow a late filing absent a motion to file late; and 2) strike the Opposition under Rule 6(b) because this Court did not have the discretion to allow a late filling absent excusable neglect.

Plaintiff cited *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 n.5 (1990) which is binding on this Court, for the lack of leave to file a late response.

Plaintiff cited *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489 (1993) which is binding on this Court, for the lack of excusable neglect.

This Court then made a correctable error by not striking the late filing. This Court did not have discretion to allow a late filing absent a motion for leave to file late pursuant to Fed. R. Civ. P. 6(b).

## Argument

Rule 6(b) sets out the proper approach in the case of late filings:

> "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is [***721] made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was [****42] the result of excusable neglect . . . ."

This provision not only specifically confers the "discretion" relevant to the present issue, but also provides the mechanism [*896] by which that discretion is to be invoked and exercised. First, any extension of a time limitation must be "for cause shown." Second, although extensions before expiration of the time period may be "with or without motion or notice," any postdeadline extension must be "upon motion made," and is permissible only where the failure to meet the deadline "was the result of excusable neglect." Thus, in order to receive the affidavits here, the District Court would have had to regard the very filing of the late document as the "motion made" to file it; 5 it would have had to interpret "cause [*897] shown" to mean merely " [**3193] cause," since respondent made no "showing" of cause at all; and finally, it would have had to find as a substantive matter that there was indeed "cause" for the late filing, and that the failure to file on time "was the result of excusable neglect."

*Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 895-97, 110 S. Ct. 3177, 3192-93 (1990)

Additionally, this Court has mistakenly identified forgetting as excusable error, by not applying the excusable neglect rubric correctly. *Pioneer* makes it clear that not stating a reason at all is not excusable. More than a good faith mistake is required, but waiting until the last day to file each motion and response is also not in good faith but rather an offensive strategy employed consistently by Peter. Additionally, something would have had to happen that is not within the counsel's reasonable control. The calendar is within the counsel's reasonable control.

> There is, of course, a range of possible explanations for a party's failure to comply with a court-ordered filing deadline. At one end of the spectrum, a party may be prevented from complying by forces beyond its control, such as by an act of God or unforeseeable human intervention. At the other, a [*388] party simply may choose to flout a deadline. In between lie cases where a party may choose to miss a deadline although for a very good reason, such as to render first aid to an accident victim [***85] discovered on the way to the courthouse, as well as cases where a party misses a deadline through inadvertence, miscalculation, or negligence. Petitioner contends that the Bankruptcy Court was correct when it first interpreted Rule 9006(b)(1) to require a showing that the movant's failure to comply with the court's deadline was caused by circumstances beyond its reasonable control. Petitioner suggests that exacting enforcement of filing deadlines is essential to the Bankruptcy Code's goals of certainty and finality in resolving disputed claims. Under petitioner's view, any showing of fault on the part of the late filer would defeat a claim of "excusable neglect. [****16] "

*Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 387-88, 113 S. Ct. 1489, 1494 (1993).

Although the trial judge has discretion to determine whether something is excusable neglect, it requires the rubric to be applied correctly, and *Pioneer* does not allow just any mistake.

## **CONCLUSION**

For the forgoing reasons, Plaintiff moves this Court to strike Peter's *Opposition to Plaintiff's Second Motion For Contempt* (ECF No. 109).

Additionally, if the Opposition is not stricken, Plaintiff moves this Court for for leave to

file a reply to the Opposition with documentary evidence as the Opposition appears to be full of perjured statements again.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

The court has waived this local rule for the remainder of this action.

Dated: February 6, 2023　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/s/ Jose DeCastro
　　　　　　　　　　　　　　　　　　　　　Jose DeCastro
　　　　　　　　　　　　　　　　　　　　　1258 Franklin St.
　　　　　　　　　　　　　　　　　　　　　Santa Monica, CA 90404
　　　　　　　　　　　　　　　　　　　　　chille@situationcreator.com
　　　　　　　　　　　　　　　　　　　　　(310) 963-2445
　　　　　　　　　　　　　　　　　　　　　*Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

　　　　　　　　　　　　　　　　　　　　　/s/ Jose DeCastro