## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MASSACHUSETTS

JOSE MARIA DeCASTRO,
a/k/a CHILLE DeCASTRO,
a/k/a DELETE LAWZ,

       *Plaintiff and*
       *Defendant-in-Counterclaim*

   v.

JOSHUA ABRAMS a/k/a
ACCOUNTABILITY FOR ALL
and KATE PETER a/k/a
MASSHOLE TROLL MAFIA,

       *Defendants and*
       *Plaintiffs-in-Counterclaim*, and

GOOGLE LLC,

       *Defendant*.

Case No. 1:22-cv-11421-ADB

## DEFENDANT GOOGLE LLC'S MOTION AND MEMORANDUM OF REASONS TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA OR, IN THE ALTERNATIVE, TO DISMISS

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................ 1

II.    FACTUAL AND PROCEDURAL BACKGROUND ........................................ 3

    A.    YouTube and Its Terms of Service ........................................ 3

    B.    DeCastro's Claims ................................................................ 5

III.    THE COURT SHOULD TRANSFER PLAINTIFF'S CLAIMS AGAINST GOOGLE TO THE NORTHERN DISTRICT OF CALIFORNIA .................................. 7

    A.    The Parties Agreed to a Binding Forum-Selection Clause Which Requires This Case To Be Litigated in the Northern District of California ......................... 7

        1.    The Forum-Selection Clause Governs Plaintiff's Claims ........................... 9

        2.    YouTube's Forum-Selection Clause is Enforceable ................................. 10

    B.    Plaintiff Cannot Carry the Heavy Burden Necessary to Overcome the Forum-Selection Clause ......................... 12

IV.    IN THE ALTERNATIVE, PLAINTIFF'S CLAIMS AGAINST GOOGLE SHOULD BE DISMISSED ............................................................ 13

    A.    Pleading Failures Are Fatal to Plaintiff's Amended Complaint ........................... 13

    B.    Plaintiff Licensed His Videos to YouTube ........................... 14

V.    CONCLUSION ................................................................................ 16

LOCAL RULE 7.1(a)(2) CERTIFICATION ................................................ 18

CERTIFICATE OF SERVICE .................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Ariel (UK) Ltd. v. Reuters Grp., PLC*,
  2006 U.S. Dist. LEXIS 79319 (S.D.N.Y. Oct. 31, 2006), *aff'd*, 277 F.
  App'x 43 (2d Cir. 2008)...........................................................................................15

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).............................................................................................2, 14

*Atl. Marine Constr. Co. v. United States Dist. Ct. for the W. Dist. of Tex.*,
  571 U.S. 49 (2013)........................................................................................... *passim*

*Atlantis Info. Tech., GmbH v. CA, Inc.*,
  485 F. Supp. 2d 224 (E.D.N.Y. 2007) ....................................................................15

*Barletta Heavy Div., Inc. v. Erie Interstate Contractors, Inc.*,
  677 F. Supp. 2d 373 (D. Mass. 2009) .....................................................................12

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)..................................................................................................2

*Biltz v. Google, Inc.*,
  2018 U.S. Dist. LEXIS 112632 (D. Haw. July 6, 2018)..........................................11

*Bowen v. YouTube, Inc.*,
  2008 U.S. Dist. LEXIS 122337 (W.D. Wash. Apr. 15, 2008)..................................11

*Bus. Casual Holdings, LLC v. YouTube, LLC*,
  2022 U.S. Dist. LEXIS 50166 (S.D.N.Y. Mar. 21, 2022),
  *appeal docketed*, No. 22-3007 (2d Cir. Nov. 23, 2022)..........................5, 10, 16

*Carnival Cruise Lines, Inc. v. Shute*,
  499 U.S. 585 (1991)..................................................................................................8

*Cervantes v. CRST Int'l, Inc.*,
  2020 U.S. Dist. LEXIS 139189 (D. Mass. Aug. 5, 2020).........................................8

*Claudio-de León v. Sistema Universitario Ana G. Méndez*,
  775 F.3d 41 (1st Cir. 2014)......................................................................................10

*ConnectU LLC v. Zuckerberg*,
  522 F.3d 82 (1st Cir. 2008).......................................................................................6

*Cortés-Ramos v. Martin-Morales*,
  956 F.3d 36 (1st Cir. 2020)......................................................................................13

*CR Assocs. L.P. v. Sparefoot, Inc.*,
  2018 U.S. Dist. LEXIS 26438 (D. Mass. Feb. 20, 2018) ........................................10

*DeLima v. Google, Inc.*,
    561 F. Supp. 3d 123 (D.N.H. 2021) ..................................................................11

*Estate of Hevia v. Portrio Corp.*,
    602 F.3d 34 (1st Cir. 2010) ..............................................................................15

*Europa Eye Wear Corp. v. Kaizen Advisors, LLC*,
    390 F. Supp. 3d 228 (D. Mass. 2019) .................................................................7

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
    499 U.S. 340 (1991) .........................................................................................14

*Firemen's Ins. Co. v. Ace Am. Ins. Co.*,
    390 F. Supp. 3d 267 (D. Mass. 2019) .................................................................8

*Foss v. Marvic Inc.*,
    994 F.3d 57 (1st Cir. 2021) ..............................................................................13

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*,
    139 S. Ct. 881 (2019) ...................................................................................2, 13

*Great Minds v. FedEx Office & Print Servs., Inc.*,
    886 F.3d 91 (2d Cir. 2018) ...............................................................................15

*Huffington v. T.C. Grp., Inc.*,
    637 F.3d 18 (1st Cir. 2011) ................................................................................9

*In re Howmedica Osteonics Corp.*,
    867 F.3d 390 (3d Cir. 2017) .............................................................................13

*In re Rolls Royce Corp.*,
    775 F.3d 671 (5th Cir. 2014) ............................................................................13

*Song fi, Inc. v. Google Inc.*,
    72 F. Supp. 3d 53 (D.D.C. 2014) ...............................................................1, 5, 11

*Jasper v. Sony Music Entm't, Inc.*,
    378 F. Supp. 2d 334 (S.D.N.Y. 2005) ..........................................................14-15

*Johnson v. Gordon*,
    409 F.3d 12 (1st Cir. 2005) ..............................................................................14

*Kebb Mgmt. v. Home Depot U.S.A., Inc.*,
    59 F. Supp. 3d 283 (D. Mass. 2014) ...............................................................8, 9

*Kenney v. Warner Bros. Entm't, Inc.*,
    984 F. Supp. 2d 9 (D. Mass. 2013) ..................................................................14

*Kifle v. YouTube LLC*,
    2021 U.S. Dist. LEXIS 168267 (N.D. Ga. Mar. 12, 2021) ....................1, 10, 11

*Kijimoto v. Youtube, LLC*,
    2018 U.S. Dist. LEXIS 225915 (C.D. Cal. Jan. 30, 2018) .........................10, 11

*Kurra v. Synergy Comput. Sols., Inc.*,
    2016 U.S. Dist. LEXIS 127248 (D. Mass. Sept. 19, 2016) ..........................................7, 10

*Lewis v. Google, Inc.*,
    2019 U.S. Dist. LEXIS 223263 (D. Co. Dec. 31, 2019)....................................................11

*M/S Bremen v. Zapata Off-Shore Co.*,
    407 U.S. 1 (1972).............................................................................................................10

*MDY Indus., LLC v. Blizzard Entm't, Inc.*,
    629 F.3d 928 (9th Cir. 2010) ...........................................................................................15

*Muhammad v. YouTube, LLC*,
    2019 U.S. Dist. LEXIS 92358 (M.D. La. June 3, 2019)...............................................1, 11

*Nadav v. Beardwood & Co. LLC*,
    2018 U.S. Dist. LEXIS (S.D.N.Y. Jan. 17, 2018)............................................................15

*Peak v. TigerGraph, Inc.*,
    2021 U.S. Dist. LEXIS 70152 (D. Mass. Apr. 9, 2021) ................................................9, 10

*Power Prods. Sales & Serv. Inc. v. Hydratight, Inc.*,
    2019 U.S. Dist. LEXIS 175404 (D. Mass. Oct. 9, 2019)....................................................8

*Ramani v. YouTube, LLC*,
    2019 U.S. Dist. LEXIS 197106 (S.D.N.Y. Nov. 12, 2019) ..............................................11

*Reynoso v. Lasership, Inc.*,
    322 F. Supp. 3d 211 (D. Mass. 2018) ................................................................................8

*Rivera v. Centro Medico de Turabo, Inc.*,
    575 F.3d 10 (1st Cir. 2009)...............................................................................................10

*Schaefer v. Indymac Mortg. Servs.*,
    731 F.3d 98 (1st Cir. 2013).............................................................................................3, 4

*Seaman v. YouTube, LLC*,
    No. 3:18-cv-833-HEH, Dkt. 20 (E.D. Va. Apr. 5, 2019)
    and No. 4:19-cv-01903-SBA, Dkt. 20 (N.D. Cal. Apr. 5, 2019) .................................... 1-2

*Song fi, Inc. v. Google Inc.*,
    72 F. Supp. 3d 53 (D.D.C. 2014) ............................................................................2, 5, 11

*Spinelli v. NFL*,
    96 F. Supp. 3d 81 (S.D.N.Y. 2015) ..................................................................................15

*Summit Packaging Sys., Inc. v. Kenyon & Kenyon*,
    273 F.3d 9 (1st Cir. 2001)................................................................................................12

*Tr. Safe Pay, LLC v. Dynamic Diet, LLC*,
    2018 U.S. Dist. LEXIS 125978 (D. Mass. July 27, 2018)................................................14

*Trump v. Youtube, LLC*,
    2021 U.S. Dist. LEXIS 258273 (S.D. Fla. Oct. 6, 2021)....................................................1

*Valspar Corp. v. E.I. DuPont de Nemours & Co.*,
    15 F. Supp. 3d 928 (D. Minn. 2014), *aff'd*, 873 F.3d 185 (3d Cir. 2017) ........................13

## STATUTES

17 U.S.C. § 411(a) .......................................................................................................2, 13

17 U.S.C. § 512 ...................................................................................................................6

17 U.S.C. § 512(i) .............................................................................................................10

17 U.S.C. § 512(c)(3) ..........................................................................................................6

28 U.S.C. § 84(a) ................................................................................................................5

28 U.S.C. § 1404(a) .................................................................................................. *passim*

Digital Millennium Copyright Act.....................................................................6, 9, 10, 13

## RULES

Fed. R. Civ. P. 12(b)(6)......................................................................................................1

Fed. R. Civ. P. 15(a)(1)(B) .................................................................................................6

Fed. R. Civ. P. 21 ..............................................................................................................13

## MISCELLANEOUS

*Black's Law Dictionary* 1102 (6th ed. 1991)...................................................................12

## I.    INTRODUCTION

Defendant Google LLC ("Google")[1] respectfully submits this motion and memorandum of reasons to transfer the case against Google to the Northern District of California under 28 U.S.C. § 1404(a), or, in the alternative, to dismiss the case against Google under Fed. R. Civ. P. 12(b)(6).

*Pro se* Plaintiff Jose DeCastro ("Plaintiff"), in the sole count of his Amended Complaint alleges copyright infringement against Google and several other defendants.  At least as to Google, the Court need not take up Plaintiff's glaring pleading failures or the lack of merit in his claims, because Plaintiff filed suit in the wrong court. Pursuant to the forum-selection clause in YouTube's Terms of Service ("TOS" or "Terms")—an agreement he plainly entered into as a condition of using Google's YouTube service—Plaintiff promised to pursue any federal litigation regarding the service exclusively in the Northern District of California. The Supreme Court has made clear that "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co. v. United States Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 63 (2013) (citation omitted). An unbroken line of cases have held that YouTube's forum-selection clause is valid and enforceable, and have applied it to transfer cases like this one to the parties' designated forum—the Northern District of California. *See, e.g.*, *Trump v. Youtube, LLC*, 2021 U.S. Dist. LEXIS 258273, at *36 (S.D. Fla. Oct. 6, 2021); *Kifle v. YouTube LLC*, 2021 U.S. Dist. LEXIS 168267, at *9 (N.D. Ga. Mar. 12, 2021); *Muhammad v. YouTube, LLC*, 2019 U.S. Dist. LEXIS 92358, at *7-8 (M.D. La. June 3, 2019); *Seaman v. YouTube, LLC*, No. 3:18-cv-833-HEH,

---

[1] Plaintiff refers in his Supplemental Complaint to "YouTube (GOOGLE LLC)," which he shortens to "YouTube". Supp. Compl. (ECF No. 79) at 1. For avoidance of doubt, the Defendant here is Google LLC, the entity that waived service of summons at Plaintiff's request. ECF No. 99. Google LLC wholly owns YouTube, LLC (*see* Rule 7.1 Disclosure filed herewith), and "[t]he entity providing the [YouTube] Service is Google LLC." Ex. A at 3 (https://www.youtube.com/t/terms).

Dkt. 20 at 6 (E.D. Va. Apr. 5, 2019) and No. 4:19-cv-01903-SBA, Dkt. 20 at 1 (N.D. Cal. Apr. 5, 2019); *Song fi, Inc. v. Google Inc.*, 72 F. Supp. 3d 53, 64 (D.D.C. 2014).

This case is no different. It clearly arises from the YouTube service, charging Google with failing to take down content that Plaintiff posted there, and then others copied. The terms of the agreement governing Plaintiff's access to and use of the service are clear about where such a dispute belongs: "All claims arising out of or relating to these terms or the [YouTube] Service . . . will be litigated exclusively in the federal or state courts of Santa Clara County, California, USA." Ex. A at 15. Plaintiff's claims fall squarely within this mandatory forum-selection clause. Accordingly, his "choice of forum merits no weight," *Atl. Marine*, 571 U.S. at 63, and the case against Google must be transferred to the Northern District of California.

Even if this case was properly venued here, Plaintiff's claims against Google cannot proceed on its merits. Most obviously, Plaintiff has not satisfied a necessary condition to bringing a copyright infringement claim: he nowhere alleges that he registered any of the works that were infringed with the U.S. Copyright Office. That requires immediate dismissal, because "[17 U.S.C.] § 411(a) bars a copyright owner from suing for infringement until 'registration . . . has been made.'" *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 888 (2019). The Court need go no further to dismiss the case. Beyond that, Plaintiff's barebones complaints are little more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and fall well short of the requirement that they must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Finally, even if Plaintiff managed to make out an infringement claim, the license he

granted YouTube and others via YouTube's Terms clearly covers and bars the claims against Google that he now tries to assert.

For all these reasons, this Court should transfer this case to the Northern District of California or, in the alternative, dismiss it for failure to state a claim.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     YouTube and Its Terms of Service

Google LLC, with its wholly owned subsidiary YouTube, LLC (collectively, "Google") operates the YouTube service, which allows users to "watch and share videos and other content, provides a forum for people to connect, inform, and inspire others across the globe, and acts as a distribution platform for original content creators and advertisers large and small." Declaration of Raquel Small ("Decl.") Ex. A at 2 (TOS).[2] YouTube allows visitors to access and use its service—including by creating channels and uploading videos free of charge—provided they agree and adhere to the TOS. Decl. ¶¶ 2-3. The Terms govern the relationship between YouTube and its users, including Plaintiff. *Id.* ¶ 3.

Users may post content to their own "channels." Decl. ¶ 7. In order to create a channel and upload content to YouTube, every user is required to accept the TOS. *Id.* For example, in the current version of the sign-up process, when users create a channel, they are informed that "By tapping Create Channel you agree to YouTube's Terms of Service." *Id.* The phrase "YouTube's Terms of Service" appears in blue font, and links to the complete text of the TOS. *Id.* By clicking

---

[2] Materials not attached to the complaint "may be consulted if the[ir] authenticity ... [is] not disputed by the parties, they are central to [the] plaintiff['s] claim," or they are "sufficiently referred to in the complaint." *Schaefer v. Indymac Mortg. Servs.*, 731 F.3d 98, 100, n. 1 (1st Cir. 2013) (internal quotations and citations omitted). The TOS governs the relationship between Plaintiff and the YouTube service and is thus central to his claim, and its text is publicly available and cannot reasonably be questioned. *See* https://www.youtube.com/t/terms.

"Create Channel," users agree to abide by the TOS. *Id.* The user *cannot activate the channel or post content to the site* without accepting the TOS. *Id.*

Certain users are invited to join the YouTube Partner Program, in whichYouTube pays them a portion of the revenue attributable to the videos they upload, conditioned on their agreement to the YouTube Partner Program Terms. Decl. ¶ 10. Plaintiff Jose DeCastro is a member of the YouTube Partner Program, and as such has agreed to the YouTube Partner Program Terms in addition to the general TOS ("YPP Terms"). *Id.*; *see also* Decl. Ex. B (YPP Terms); Am. Compl. ¶ 3 (ECF No. 62) ("as a revenue stream, I create video content and publish it on YouTube").[3] The first sentence of the YPP Terms states that "the YouTube Terms of Service . . . which may be updated from time to time . . . are incorporated herein by reference." Decl. ¶ 10 & Ex. B at 1. The YPP Terms further state that "[t]he governing law and dispute resolution provisions of the YouTube Terms of Service will also apply to these Terms." Decl. ¶ 10 & Ex. B at 2.

The TOS includes and has included, at all relevant times, an express forum-selection clause designating the federal or state courts of Santa Clara County, California as the required venue for litigation arising out of the YouTube Service. Decl. ¶ 4. This is the version of the provision applicable to all current users (*id.*):

> All claims arising out of or relating to these terms or the Service will be governed by California law, except California's conflict of laws rules, and will be litigated exclusively in the federal or state courts of Santa Clara County, California, USA. You and YouTube consent to personal jurisdiction in those courts.

Ex. A at 15 (https://www.youtube.com/t/terms). "Service" is a defined term in the TOS that encompasses "the YouTube platform and the products, services and features we make available to

---

[3] The revenue Plaintiff earns from YouTube pursuant to the YPP Terms, allegedly threatened by copyright infringement, is "central to [the] plaintiff['s] claim." *Schaefer*, 731 F.3d at 100, n. 1.

you as part of the platform[.]" *Id.* at 2. Santa Clara County, California lies within the Northern District of California. *See* 28 U.S.C. § 84(a).[4]

YouTube's Terms also provide that users, by uploading video content to the service, "grant to YouTube a worldwide, non-exclusive, royalty-free, sublicensable and transferable license to use that [c]ontent (including to reproduce, distribute, prepare derivative works, display and perform it) in connection with the Service and YouTube's . . . business." Ex. A at 8; *accord Bus. Casual Holdings, LLC v. YouTube, LLC*, 2022 U.S. Dist. LEXIS 50166, at *2 (S.D.N.Y. Mar. 21, 2022), *appeal docketed*, No. 22-3007 (2d Cir. Nov. 23, 2022)  (quoting the license provision of the TOS). Accordingly, any videos that Plaintiff uploaded to YouTube—including videos that were allegedly infringed by the other defendants—have been licensed to YouTube pursuant to the TOS that Plaintiff agreed upon.

### B.     DeCastro's Claims

On September 2, 2022, Plaintiff Jose Maria DeCastro filed his original Complaint solely against Defendants Kate Peter and Joshua Abrams (the "Individual Defendants"). ECF No. 1. That Complaint asserted claims of defamation (Counts I & II) and intentional infliction of emotional distress (Count III) against the Individual Defendants, but did not assert any claims against Google or any copyright infringement claims against anyone else. *Id.* at 6-10.

On November 16, 2022, Plaintiff filed his First Amended Complaint ("FAC"), replacing the three counts of his original complaint with a new "Count I" alleging copyright infringement against the Individual Defendants and unidentified John Does. FAC (ECF No. 62) at 3-4. Plaintiff styles his FAC as a complete pleading in itself with no reference to his original claims, and it was

---

[4] Because many millions of users create channels and upload videos on YouTube's website free of charge, the forum-selection clause is necessary to manage the costs of litigation and reduce the burden to YouTube that would arise if the company were forced to litigate claims all over the world. Decl. ¶ 5; *accord Song fi*, 72 F. Supp. 3d at 64.

recognized by the Court as "an amended complaint pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure." Electronic Order (ECF No. 65). The FAC thus "supersedes the antecedent complaint," "replac[ing] the original complaint lock, stock, and barrel." *ConnectU LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008).

On December 2, 2022, Plaintiff filed a Supplemental Complaint adding Google to the case caption as a defendant for the first time. Supp. Compl. (ECF No. 79).  It does not list any counts against Google or include a prayer for relief against Google, but the Factual Background section alleges that "[u]pon receiving notices of copyright infringement . . . by Plaintiff under 17 U.S.C. § 512(c)(3), YouTube . . . failed to take down infringing content on [its] service," having "determined on multiple occasions that [the purportedly infringing] content is exempt from takedown under the [Digital Millennium Copyright Act] due to copyright fair use." Supp. Compl. ¶¶ 12-13; *see also* 17 U.S.C. § 512 (DMCA safe harbor provision). Although he attaches a list of URLs supposedly constituting "his" works, he does not allege that any of them have been registered with the Copyright Office. Plaintiff also does not identify which specific videos were infringed, where on YouTube those works were infringed, which (if any) of those infringements became the subject of notices to YouTube, or any other supporting facts explaining the nature of the infringement. Plaintiff (wrongly) asserts the legal conclusion that YouTube's inaction was "in violation of the DMCA and its standard technical measures" because he "notified [YouTube] that [he] had filed a court action." *Id.* ¶ 13.

On April 24, 2023, Plaintiff filed a Second Supplemental Complaint. 2d Supp. Compl. (ECF No. 118). The Second Supplemental Complaint adds no allegations concerning conduct by YouTube, saying only that "[s]ince the filing of the FAC and the Supplemental Complaint, all Defendants including unknown ones, have committed additional copyright and DMCA violations

against Plaintiff." 2d Supp. Compl. ¶¶ 1, 3. This time he includes a list of URLs where his supposed works were infringed, but he does not specify which URLs infringed which original works, or provide any other details explaining the nature of the infringement. *Id.* ¶ 3. And once again, he fails to allege that any of these URLs infringed upon copyrighted works that he has registered with the Copyright Office.

In sum, none of Plaintiff's complaints identify any allegedly copyrighted works he actually owns and registered, except to vaguely assert the existence of "over 800 videos," all of which he allegedly published to his YouTube channel at https://www.youtube.com/channel/UCF08Wb_1z0ONDwh4Lvhu2AA/ (and thus licensed to YouTube pursuant to the TOS). FAC ¶ 13. And despite having filed four complaints to date, he still has not identified which specific videos posted by which specific defendants infringed which specific works, let alone the nature of that infringement or whether those infringements concern any works registered with the Copyright Office.

## III.   THE COURT SHOULD TRANSFER PLAINTIFF'S CLAIMS AGAINST GOOGLE TO THE NORTHERN DISTRICT OF CALIFORNIA

### A.   The Parties Agreed to a Binding Forum-Selection Clause Which Requires This Case To Be Litigated in the Northern District of California

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Atl. Marine*, 571 U.S. at 62; *accord* 28 U.S.C. § 1404(a) (permitting transfer "to any district . . . to which all parties have consented"). "Only under ***extraordinary*** circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.* (emphasis added); *accord Kurra v. Synergy Comput. Sols., Inc.*, 2016 U.S. Dist. LEXIS 127248, at *19 (D. Mass. Sept. 19, 2016) (Burroughs, J.) (quoting *Atlantic Marine*); *Europa Eye Wear Corp. v. Kaizen Advisors, LLC*, 390 F. Supp. 3d 228, 230 (D. Mass. 2019) ("After *Atlantic Marine*, 'in the vast majority of cases when a forum-selection

clause is included, a § 1404(a) motion to transfer will be allowed.'") (quoting *Kebb Mgmt. v. Home Depot U.S.A., Inc.*, 59 F. Supp. 3d 283, 287 (D. Mass. 2014)).

Because a forum-selection clause "represents the parties' agreement as to the most proper forum," the presence of such a clause requires that certain "adjustments" be made to the regular § 1404(a) analysis. *Atl. Marine*, 571 U.S. at 62-63 (citation omitted). As relevant here, these adjustments dictate that "the plaintiff's choice of forum 'merits no weight,'" "the district court 'should not consider arguments about the parties' private interests,'" and "[o]nly public interest factors can be considered, however those factors 'will rarely defeat a transfer motion'." *Reynoso v. Lasership, Inc.*, 322 F. Supp. 3d 211, 215 (D. Mass. 2018) (quoting *Atl. Marine*, 571 U.S. at 63-64). Further, the plaintiff "bear[s] the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Atl. Marine*, 571 U.S. at 64; *see also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991) (party seeking to avoid a forum-selection clause bears a "heavy burden of proof") (citation omitted).

Applying these principles, courts in this District routinely enforce forum-selection clauses. *See, e.g.*, *Cervantes v. CRST Int'l, Inc.*, 2020 U.S. Dist. LEXIS 139189, at *8 (D. Mass. Aug. 5, 2020); *Firemen's Ins. Co. v. Ace Am. Ins. Co.*, 390 F. Supp. 3d 267, 275 (D. Mass. 2019); *Power Prods. Sales & Serv. Inc. v. Hydratight, Inc.*, 2019 U.S. Dist. LEXIS 175404, at *8 (D. Mass. Oct. 9, 2019); *Kebb Mgmt.*, 59 F. Supp. 3d at 289. The same result is required here: Plaintiff's claims are governed by a binding forum-selection clause; that provision requires that this litigation proceed in the Northern District of California; and no extraordinary circumstances preclude a transfer to the parties' designated federal forum.

### 1.    The Forum-Selection Clause Governs Plaintiff's Claims

Plaintiff is a YouTube user, and in creating his channel, he affirmatively agreed to YouTube's TOS, including its forum-selection clause. *See* Decl. ¶¶ 7-10; *accord* Am. Compl. ¶¶ 3-

4, 13-14, 17; Supp. Compl. ¶ 9. The broad language of the forum-selection clause readily encompasses Plaintiff's claim that "YouTube . . . failed to take down infringing content on their service" (Supp. Compl. ¶ 12) and "determined on multiple occasions that content is exempt from takedown under the DMCA due to copyright fair use" (*id.* ¶ 13).

The governing forum-selection clause applies to "[a]ll claims arising out of or relating to these terms or the Service[.]" Ex. A at 15. As noted above, the term "Service" is expressly defined as "the YouTube platform and the products, services and features we make available to [users]." *Id.* at 2. The phrase "relating to" is interpreted broadly, and "mean[s] simply connected by reason of an established or discoverable relation." *Huffington v. T.C. Grp., Inc.*, 637 F.3d 18, 22 (1st Cir. 2011) (internal quotation marks omitted); *see also Peak v. TigerGraph, Inc.*, 2021 U.S. Dist. LEXIS 70152, at *7-8 (D. Mass. Apr. 9, 2021) (same, transferring case based on forum-selection clause covering "any disputes . . . arising out of, related to, or in any way connected with" the relationship between the parties); *Kebb Mgmt.*, 59 F. Supp. 3d at 287 ("[T]he forum-selection provisions cover any disputes 'relating to' or 'in connection with' the MSA. Those provisions are generally construed quite broadly.").

It is clear from the Amended Complaint and the Supplemental Complaint that Plaintiff's claims against Google fall within the clause's broad scope. The claims arise from the alleged copying of Plaintiff's videos from YouTube, the Individual Defendants allegedly uploading unspecified infringing videos to YouTube, and Google's alleged decision not to take down those videos from YouTube. *See* FAC ¶¶ 3-4, 13-17; Supp. Compl. ¶¶ 9-15. Though the claims are not cognizable under the Copyright Act, they indisputably "aris[e] out of or relat[e]" to the YouTube service. Ex. A at 15. Claims challenging YouTube's decisions about "tak[ing] down infringing content on their service" (Supp. Compl. ¶ 12) clearly arise from and relate to the service. *See, e.g.*,

*Kifle v. YouTube LLC*, 2021 U.S. Dist. LEXIS 168267, at *9 (N.D. Ga. Mar. 12, 2021) (holding that plaintiff's copyright infringement claims were within the scope of YouTube's forum-selection clause where plaintiff had uploaded those videos to YouTube); *Kijimoto v. Youtube, LLC*, 2018 U.S. Dist. LEXIS 225915, at *6 (C.D. Cal. Jan. 30, 2018) (enforcing YouTube's forum-selection clause in a copyright action).[5]

## 2.    YouTube's Forum-Selection Clause Is Enforceable

"A forum selection clause is 'prima facie valid' and, absent a 'strong showing' by the resisting party that the clause is ''unreasonable' under the circumstances,' it should not be set aside." *Claudio-de León v. Sistema Universitario Ana G. Méndez*, 775 F.3d 41, 48 (1st Cir. 2014) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)); *see also Peak*, 2021 U.S. Dist. LEXIS 70152, at *9-10 (same); *Kurra*, 2016 U.S. Dist. LEXIS 127248, at *20 (similar) (citing *Rivera v. Centro Medico de Turabo, Inc.*, 575 F.3d 10, 18 (1st Cir. 2009)). Courts have consistently held that forum-selection clauses in standard-form online agreements—like the YouTube TOS that Plaintiff expressly accepted (Decl. ¶¶ 9-10)—are valid and enforceable. *See, e.g.*, *CR Assocs. L.P. v. Sparefoot, Inc.*, 2018 U.S. Dist. LEXIS 26438, at *8-9, 15 (D. Mass. Feb. 20, 2018) (enforcing a forum-selection clause and observing that "[t]here is nothing unconscionable or unfair about the provision here" where "Sparefoot requires each new client to agree to . . . terms of use" online).

YouTube's forum-selection clause, in particular, has repeatedly been applied. Every federal court that has considered a transfer motion based on YouTube's TOS has enforced the

---

[5] Plaintiff also complains (incorrectly) that Google is in violation of the DMCA, specifically 17 U.S.C. § 512(i). *See* Supp. Compl. ¶¶ 11, 13-15. This is not a count of the complaint, nor could it be, because "alleged failures to satisfy the conditions of a DMCA safe harbor provision cannot constitute a cause of action without a viable underlying claim for copyright infringement." *Bus. Casual Holdings*, 2022 U.S. Dist. LEXIS 50166, at *13. But if it was, it would certainly "aris[e] out of or relat[e]" to the YouTube service. Ex. A at 15.

clause, finding no procedural or substantive issues with its requirement that litigation relating to YouTube's service or TOS proceed in the Northern District of California. *See, e.g.*, *Song fi*, 72 F. Supp. 3d at 62-64 ("[I]t is not improper for YouTube to require that claims against it be brought in the non-arbitrary forum where it resides."); *Kifle*, 2021 U.S. Dist. LEXIS 168267, at *9 (transferring case brought by YouTube user despite Plaintiff "point[ing] to evidence that California will be a less convenient forum for him"); *Lewis v. Google, Inc.*, 2019 U.S. Dist. LEXIS 223263, at *6 (D. Co. Dec. 31, 2019) ("Plaintiff has failed to cast any doubt on the validity of the Forum Selection Clause, and so the *Atlantic Marine* analysis applies here."); *Ramani v. YouTube, LLC*, 2019 U.S. Dist. LEXIS 197106, at *4 (S.D.N.Y. Nov. 12, 2019) ("The Court concludes that YouTube's forum selection clause controls and transfers the action to the United States District Court for the Northern District of California."); *Muhammad*, 2019 U.S. Dist. LEXIS 92358, at *7-8 (finding "no evidence or jurisprudence to show that the forum-selection clause was induced by fraud or overreaching"); *Biltz v. Google, Inc.*, 2018 U.S. Dist. LEXIS 112632, at *12-16 (D. Haw. July 6, 2018) (finding no fraud or overreaching); *Kijimoto*, 2018 U.S. Dist. LEXIS 225915, at *5-9 (holding that "the forum-selection clause of the TOS is controlling"); *Bowen v. YouTube, Inc.*, 2008 U.S. Dist. LEXIS 122337, at *6 (W.D. Wash. Apr. 15, 2008) ("The Court concludes that the forum selection clause herein is valid [and] enforceable.").

That unbroken line of cases reflects the mandatory nature of the forum-selection provision, which states that covered claims "will be litigated ***exclusively*** in the federal or state courts of Santa Clara County, California[.]" Ex. A at 15 (emphasis added); *see, e.g.*, *Bowen*, 2008 U.S. Dist. LEXIS 122337, at *6 (explaining that YouTube's clause is "cast in mandatory terms"); *DeLima v. Google, Inc.*, 561 F. Supp. 3d 123, 138 (D.N.H. 2021) ("Any future claim arising out of the AdSense or similar agreement for Google-owned services, however, must be brought in the

Northern District of California as a result of the presumptively enforceable and mandatory forum selection clause in that agreement and Google and YouTube's general terms of service."). The "choice of the word 'will' - a word 'commonly having the mandatory sense of 'shall' or 'must,' . . . demonstrates [the parties'] exclusive commitment to the . . . named forums." *Summit Packaging Sys., Inc. v. Kenyon & Kenyon*, 273 F.3d 9, 12 (1st Cir. 2001) (quoting *Black's Law Dictionary* 1102 (6th ed. 1991)); *accord Barletta Heavy Div., Inc. v. Erie Interstate Contractors, Inc.*, 677 F. Supp. 2d 373, 376 (D. Mass. 2009) (same, citing *Summit Packaging*).

### B.  Plaintiff Cannot Carry the Heavy Burden Necessary to Overcome the Forum-Selection Clause

To prevent the transfer of a case like this one involving a valid forum-selection clause, Plaintiff would need to "bear the burden of showing that public-interest factors ***overwhelmingly*** disfavor a transfer." *Atl. Marine*, 571 U.S. at 66-67 (emphasis added). He cannot do so. This is not among the "rare[]" circumstances where public-interest factors can "defeat a transfer motion[.]" *Id.* at 64. Nor can Plaintiff invoke his private interests to keep his claims in this District. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.*

In short, under the clear terms of the governing agreement, the parties agreed to resolve claims like these in a different forum. By filing in this Court, Plaintiff disregarded that agreement, and so a transfer is required.[6]

---

[6] Under Section 1404(a), the Court has discretion to transfer the entire case, including the claims against the Individual Defendants, who also agreed to the same forum-selection clause when allegedly posting infringements on YouTube. *See, e.g.*, Answer and Counterclaims of Joshua Abrams (ECF No. 53) ¶¶ 5-6 (admitting to having YouTube channels); Answer and Counterclaims

(continued...)

## IV.  IN THE ALTERNATIVE, PLAINTIFF'S CLAIMS AGAINST GOOGLE SHOULD BE DISMISSED

Plaintiff's claims against Google fail as a matter of law, come nowhere close to meeting pleading standards, and thus should be dismissed on the merits.

### A.  Pleading Failures Are Fatal to Plaintiff's Amended Complaint

The most obvious deficiency in Plaintiff's claims is his failure to allege that ***any*** of his allegedly infringed works were registered with the Copyright Office before he filed suit, which alone requires dismissal. The Copyright Act and recent Supreme Court precedent leave no doubt that "no action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a); *accord Fourth Estate Pub. Ben. Corp., LLC*, 139 S. Ct. at 888 ("outside of statutory exceptions not applicable here, §411(a) bars a copyright owner from suing for infringement until 'registration . . . has been made'"). Where a plaintiff "did not register her copyright before filing suit," "dismissal of the suit under *Fourth Estate* [is] proper." *Foss v. Marvic Inc.*, 994 F.3d 57, 62 (1st Cir. 2021). This pre-registration requirement is a bright-line rule, and the burden is on Plaintiff to satisfy it. It is not surprising that the First Circuit has held that, where a copyright "complaint did not allege that registration had been obtained prior to suit," the complaint should be dismissed for lack of "sufficiency of the complaint." *Cortés-Ramos v. Martin-Morales*, 956 F.3d 36, 43 (1st Cir. 2020). The Court need go no further.

---

of Kate Peter (ECF No. 54) ¶ 7 (admitting to having a YouTube channel); Decl. ¶ 7 (users must agree to TOS to create a YouTube channel). The Court could also exercise its discretion to sever Plaintiff's claims against Google under Fed. R. Civ. P. 21 and transfer only those claims. *See, e.g.*, *In re Rolls Royce Corp.*, 775 F.3d 671, 681 (5th Cir. 2014) (granting mandamus petition to require district court to sever and transfer claims); *In re Howmedica Osteonics Corp.*, 867 F.3d 390, 411 (3d Cir. 2017) (same); *Valspar Corp. v. E.I. DuPont de Nemours & Co.*, 15 F. Supp. 3d 928, 932 (D. Minn. 2014), *aff'd*, 873 F.3d 185 (3d Cir. 2017) ("If the Court were to conclude the pertinent factors render transfer appropriate under § 1404(a), then severance, too, would be proper.").

But there is more. Plaintiff's barebones complaints come nowhere close to alleging plausible facts that give rise to an inference that infringement occurred. *See Iqbal*, 556 U.S. at 678. "To state a claim for copyright infringement, [Plaintiff] must plausibly allege '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Kenney v. Warner Bros. Entm't, Inc.*, 984 F. Supp. 2d 9, 12 (D. Mass. 2013) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). To establish the second of those elements, Plaintiff must allege that "'the copying of the copyrighted material was so extensive that it rendered the infringing and copyrighted works 'substantially similar.'" *Id.* (quoting *Johnson v. Gordon*, 409 F. 3d 12, 18 (1st Cir. 2005)). Yet, as detailed above (*supra* at § II.B.), Plaintiff alleges nothing about the particular works being copied or the nature of the nature of the supposed copying, beyond broad conclusory statements that reveal nothing of substance. *See* FAC ¶¶ 4 ("Defendants . . . . publish content to YouTube that largely only copies my content."), 15 ("Defendant YouTube publishers have copied large portions of my copyrighted content on their YouTube channels."). This is nowhere near enough to survive a motion to dismiss. *See Tr. Safe Pay, LLC v. Dynamic Diet, LLC*, 2018 U.S. Dist. LEXIS 125978, at *16 (D. Mass. July 27, 2018) (dismissing complaint where Plaintiff "fails to make a *prima facie* showing of direct copyright infringement by defendants: it is unclear whether plaintiff has satisfied the preregistration requirement; [Plaintiff] has not identified adequately the protected material or defendants' infringement of it; and the court is unable to determine whether there is substantial similarity between the parties' materials").

## B.     Plaintiff Licensed His Videos to YouTube

Plaintiff's infringement claims against Google fail also because the only videos he claims were copied were videos that he had previously uploaded to YouTube (*e.g.*, Supp. Compl. ¶¶ 9-10), and thus had already been licensed to YouTube. "It is a hallmark principle of copyright law that licensors may not sue their licensees for copyright infringement." *Jasper v. Sony Music*

*Entm't, Inc.*, 378 F. Supp. 2d 334, 339 (S.D.N.Y. 2005); *accord Estate of Hevia v. Portrio Corp.*, 602 F.3d 34, 41 (1st Cir. 2010) (holding that use of a copyrighted work within the bounds of a license is noninfringing). "A copyright owner waives the right to sue . . . for uses of copyrighted material that are authorized by a non-exclusive license." *Great Minds v. FedEx Office & Print Servs., Inc.*, 886 F.3d 91, 94 (2d Cir. 2018); *accord MDY Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928, 939 (9th Cir. 2010).

"A defendant may raise a complete defense to a copyright infringement claim by presenting the court with the license or sublicense on a motion to dismiss[.]" *Spinelli v. NFL,* 96 F. Supp. 3d 81, 121 (S.D.N.Y. 2015). When presented with such a license that covers the allegedly infringing activity, courts consistently dismiss claims of copyright infringement. *See, e.g.*, *Nadav v. Beardwood & Co. LLC*, 2018 U.S. Dist. LEXIS, at \*9-10 (S.D.N.Y. Jan. 17, 2018) (dismissing copyright claim on the basis of an applicable license); *Spinelli*, 96 F. Supp. 3d at 121-30 (same); *Atlantis Info. Tech., GmbH v. CA, Inc.*, 485 F. Supp. 2d 224, 234 (E.D.N.Y. 2007) (same); *Ariel (UK) Ltd. v. Reuters Grp., PLC*, 2006 U.S. Dist. LEXIS 79319, at \*30-32 (S.D.N.Y. Oct. 31, 2006), *aff'd*, 277 F. App'x 43 (2d Cir. 2008) (same); *Jasper*, 378 F. Supp. 2d at 342 (same); *see also Great Minds*, 886 F.3d 91 (affirming dismissal).

In creating his channel and posting content to YouTube free of charge, Plaintiff accepted YouTube's Terms of Service (TOS) and reaffirmed his acceptance when he joined the YouTube Partner Program to monetize those videos. Decl. ¶¶ 7-10. In so doing, he agreed to a provision described above, titled "License to YouTube": "By providing Content to the Service, [the user] grant[s] to YouTube a worldwide, non-exclusive, royalty-free, sublicensable and transferable license to use that Content (including to reproduce, distribute, prepare derivative works, display and perform it) in connection with the Service and YouTube's . . . business." Ex. A at 8. "The

License is broad," and "[u]nder the plain language of the License, YouTube cannot be liable for directly infringing any copyrights associated with any content that [Plaintiff] has uploaded to its channel." *Bus. Casual Holdings*, 2022 U.S. Dist. LEXIS 50166, at *12 (dismissing infringement claims against Google and YouTube based on the same license from YouTube's TOS). This, by itself, disposes of Plaintiff's infringement claims against Google.[7]

## V.   CONCLUSION

WHEREFORE, Google respectfully asks the Court to grant its motion and transfer the case as against Google to the Northern District of California, or, in the alternative, to dismiss the case as against Google with prejudice.

---

[7] Plaintiff's complaints do not say whether he is attempting to state a claim against Google for direct or secondary copyright infringement. Google reserves the right to advance additional arguments if Plaintiff is granted leave to clarify his claims in another amended complaint.

Dated: May 23, 2023

Respectfully submitted,
GOOGLE LLC

By its attorneys,

Benjamin Margo (*pro hac vice* pending)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
*bmargo@wsgr.com*

*s/ Matthew D. Gorman*
Matthew D. Gorman (BBO No. 569406)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Boston Place
201 Washington Street, Suite 200
Boston, Massachusetts 02109
Telephone: (617) 598-7800
Facsimile: (866) 974-7329
*mgorman@wsgr.com*

## LOCAL RULE 7.1(a)(2) CERTIFICATION

Undersigned counsel certifies that counsel for Defendant Google LLC ("Google") conferred with *pro se* Plaintiff Jose DeCastro and counsel for Defendants Joshua Abrams and Kate Peter in good faith to narrow or resolve the issues raised through this motion but could not avoid motion practice. Plaintiff opposes Google's motion to transfer and its motion to dismiss. Defendant Abrams assents to the transfer motion regarding the transfer of claims against Google only. To the extent the Court is inclined to transfer any other claims, Mr. Abrams requests the opportunity to put his position in writing. Google understands that Defendant Peter similarly opposes Google's motion to transfer to the extent that claims involving Ms. Peter would be transferred.

Dated: May 23, 2023                    Respectfully submitted,

                                       WILSON SONSINI GOODRICH & ROSATI
                                       Professional Corporation

                                       *s/ Matthew D. Gorman*
                                       Matthew D. Gorman (BBO #569406)
                                       One Boston Place
                                       201 Washington Street, Suite 200
                                       Boston, Massachusetts 02109
                                       Telephone: (617) 598-7800
                                       Facsimile: (866) 974-7329
                                       Email: mgorman@wsgr.com

                                       *Counsel for Defendant Google LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the District of Massachusetts CM/ECF system and will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants.

Dated: May 23, 2023                  Respectfully submitted,

                                    WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*s/ Matthew D. Gorman*
Matthew D. Gorman (BBO #569406)
One Boston Place
201 Washington Street, Suite 200
Boston, Massachusetts 02109
Telephone: (617) 598-7800
Facsimile: (866) 974-7329
Email: mgorman@wsgr.com

*Counsel for Defendant Google LLC*