# UNITED STATES DISTRICT COURT

## for the

## District of Massachusetts

| | |
|---|---|
| JOSE MARIA DECASTRO, an individual <br><br> Plaintiff, <br><br> v. <br><br> JOSHUA ABRAMS, an individual, et al., <br><br> Defendants. | ) Case No. 1:22-cv-11421 <br> ) <br> ) **OPPOSITION TO DEFENDANT** <br> ) **YOUTUBE (GOOGLE LLC)'S** <br> ) **MOTION TO TRANSFER TO THE** <br> ) **NORTHERN DISTRICT OF** <br> ) **CALIFORNIA, OR IN THE** <br> ) **ALTERNATIVE, TO DISMISS** <br> ) <br> ) |

## INTRODUCTION

Plaintiff Jose DeCastro ("Plaintiff"), offers the following response to Defendant YouTube (GOOGLE LLC) ("YouTube" or "Defendant")'s Motion to Transfer Case to Northern District of California, Motion to Dismiss for Failure to State a Claim (ECF No. 121). In support of this response, Plaintiff submits a memorandum of law, which is fully incorporated herein.

## POINTS AND AUTHORITIES

**A. Plaintiff did not agree to sue in the Northern District of California.** YouTube has clearly not yet read the First Amended Complaint (ECF No. 62) and the First and Second Supplemental Complaints (ECF Nos. 79 and 118) brought by Plaintiff in this action. This action is not regarding any agreement between Plaintiff and YouTube.

Plaintiff has brought this copyright infringement action against YouTube users that are committing wholesale copyright infringement of Plaintiff's creative works. YouTube has been joined as it is at least partially liable for its failures to abide by the Digital Millennium Copyright

Act ("DMCA"). In violating the DMCA, YouTube has lost any safe harbor protections that it would normally have under the Communications Decency Act at 47 U.S.C.S. § 230.

Although YouTube interprets their Terms of Service agreement ("TOS") between Plaintiff as the "Plaintiff promised to pursue all federal litigation regarding the service exclusively in the Northern District of California", the actual terms say otherwise. The TOS defines Service as "the products, services and features we make available to you as part of the platform". The TOS then goes on to say:

> All claims arising out of or relating to these terms or the Service will be governed by California law, except California's conflict of laws rules, and will be litigated exclusively in the federal or state courts of Santa Clara County, California, USA. You and YouTube consent to personal jurisdiction in those courts.

This makes it clear that the forum selection clause in the TOS and the TOS itself only apply to claims between users of the service and YouTube related to the products and services that YouTube provides the users, not to all claims related to YouTube. YouTube's wild interpretation would require anyone that's ever watched a YouTube video be bound to bring all claims against YouTube in accordance with the forum selection clause in its TOS regardless of whether the claim arose due to its Service.

YouTube then cites many cases related to parties suing YouTube for the services it provides, which are irrelevant here. The instant action is actually like *Viacom Internatl., Inc. v. YouTube, Inc.*, 676 F.3d 19 (2d Cir.2012) where YouTube did not argue that its TOS applied, and rightly so. Viacom's action was related to YouTube's failure to take appropriate action for copyright infringement on its platform. Viacom had arguably used YouTube in order to see that there was infringing content on the platform, and therefore arguably had agreed to the TOS.

**YouTube is not a necessary party in this action** under Fed. R. Civ. P. 19, and so its forum selection clause would be unreasonable. *C. White Marine, Inc. v. S&R Corp.* (2013) 30

Mass.L.Rep. 631. Citing *Fred Lurie Assocs. v. Glob. All. Logistics, Inc.*, 453 F. Supp. 2d 1351 (S.D. Fla. 2006). YouTube was joined in Plaintiff's supplemental complaint because in a related action occurring after Plaintiff's First Amended Complaint, YouTube acted in violation of the DMCA, allowing its users to keep infringing content on its platform, and accepting at least partial liability. Even if YouTube's TOS applied for a forum selection clause, YouTube was added later, and is not a necessary party. A forum selection clause only prevents a party from arguing against using that forum for its own convenience. Here Plaintiff argues for the convenience of the necessary parties, especially the named Defendants Katherine Peter and Joshua Abrams who reside in or around Massachusetts. *Additionally, this Court doesn't allow for changes of heart.*

**Circumstances have changed.** YouTube cites *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 134 S. Ct. 568 (2013). *Atl. Marine* cites *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S. Ct. 1907 (1972) which goes on to explain that the Court drew the distinction between a situation in which parties contemplated the alleged inconvenience at the time the agreement was negotiated and a situation where the inconvenience is a result of circumstances which were not present at the negotiation stage. Not knowing that YouTube would violate the DMCA and add itself to this action after it was filed would clearly apply.

**The burden is on YouTube in showing why there is good cause for the transfer.** Only when a forum selection clause is free from fraud, influence, or overweening bargaining power, does the burden shift to the other party. Here, Plaintiff does hereby declare that YouTube had superior bargaining strength and that Plaintiff only had the opportunity to adhere to or reject the agreement. *BABN Techs. Corp. v. Bruno, 25 F. Supp. 2d 593* (E.D. Pa. 1998). Additionally, even where not unconscionable, the significance of a forum selection clause in a boilerplate agreement

is greatly reduced. *Ne. Theatre Corp. v. Edie & Ely Landau, Inc.*, 563 F. Supp. 833 (D. Mass. 1983).

**B. Plaintiff has not made copyright pleading failures and should be allowed to amend its complaint.** Although a copyright claim can be dismissed for not having alleged that the copyrights have been registered in accordance with the statute (if raised), a copyright claim only requires two elements. (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 111 S. Ct. 1282 (1991). Here, YouTube has joined the party a bit late, and the other parties never raised the issue.

Plaintiff does hereby declare that it has successfully and completely registered at least one key video in its complaint and that the registration can easily be found by searching the public catalog at loc.gov.

**C. Plaintiff did not license its videos to YouTube for any use.** The key video in this litigation was never published on YouTube. Also, again, Plaintiff's complaint is against YouTube allowing its users to infringe on Plaintiff's content. The TOS does not allow for this, and clearly the related license only allows those users to playback or embed the content (emphasis added):

> You also grant each other user of the Service a worldwide, non-exclusive, royalty-free license to access your Content through the Service, and to use that Content, including to reproduce, distribute, prepare derivative works, display, and perform it, **only as enabled by a feature of the Service (such as video playback or embeds)**. For clarity, this license does not grant any rights or permissions for a user to make use of your Content independent of the Service.

## **CONCLUSION**

Since both parties stipulated to joining YouTube in this action due to YouTube's actions, and the Court granted that motion, it would be surprising to see YouTube's dismissal or transfer

granted based on their weak and boilerplate arguments that are reused every time someone sues them over their TOS. YouTube should at least be required to read the complaint and plead relevant arguments.

If YouTube is dismissed from this action, it will just add the possibility for the remaining Defendants to make third-party complaints against YouTube for being liable to those Defendants for all or part of the Plaintiff's claims against those Defendants.

It would actually be convenient for Plaintiff to have this action transferred, but Plaintiff certainly did not agree to a relevant forum selection clause that would require it. Even if Plaintiff did agree, exceptional circumstances exist that would make it unreasonable, especially for the other parties.

Plaintiff prays that this Court deny both of YouTube's motions.

## DECLARATION

I declare under penalty of perjury, that the foregoing is true and correct.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

The court has waived this local rule for the remainder of this action.

Dated: May 30, 2023                                        Respectfully submitted,

/s/ Jose DeCastro
Jose DeCastro
1258 Franklin St.
Santa Monica, CA 90404
chille@situationcreator.com
(310) 963-2445
*Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Jose DeCastro