UNITED STATES DISTRICT COURT

for the

District of Massachusetts

| | |
|---|---|
| JOSE MARIA DECASTRO, an individual ) | Case No. 1:22-cv-11421 |
| ) | |
| Plaintiff, ) | **OPPOSITION TO DEFENDANT** |
| ) | **YOUTUBE (GOOGLE LLC)'S** |
| v. ) | **MOTION FOR LEAVE TO FILE A** |
| ) | **REPLY IN SUPPORT OF ITS MOTION** |
| JOSHUA ABRAMS, an individual, et al., ) | **TO TRANSFER OR DISMISS** |
| ) | |
| Defendants. ) | |
| ) | |

**INTRODUCTION**

Plaintiff Jose DeCastro ("Plaintiff"), offers the following response to Defendant YouTube (GOOGLE LLC) ("YouTube" or "Defendant")'s Motion for Leave to File a Reply in Support of Google LLC's Motion to Transfer or Dismiss (ECF No. 124). In support of this response, Plaintiff submits a memorandum of law, which is fully incorporated herein.

In general, Defendant YouTube's forty-nine (49) page Motion to Transfer Case to Northern District of California, Motion to Dismiss for Failure to State a Claim (ECF No. 121) was filed with many defects and failed to raise arguments. In that Motion, YouTube asked the court to do its work for it by vaguely asserting that Plaintiff's complaint had "glaring pleading failures", but that the court need not even look at those because Plaintiff had filed in the wrong court. YouTube goes on to only argue the "most obvious" problem besides that, in that Plaintiff didn't allege that the copyrighted works were registered.

Now YouTube wants to attempt to cure the deficiencies in its motion by adding additional

arguments that it didn't initially raise. Not that a reply brief cures the deficiencies in a motion. The fact remains that YouTube's motion is requesting specific relief that will not be amended by a reply.

## POINTS AND AUTHORITIES

**A. YouTube has not cited any rule that allows it to reply to an opposition.** YouTube has cited Local Rule 7.1(b)(3) which requires permission to file a reply, but YouTube has not cited in its motion any authority that would allow the court to grant relief under the instant motion to make said reply.

**B. Plaintiff raised no new arguments.** YouTube falsely alleges that Plaintiff raised new issues in Plaintiff's opposition, which is ludicrous. Plaintiff was merely pointing out errors in YouTube's two arguments, where YouTube argues (1) failure to allege registration of the copyright, and (2) suing in the wrong court. Plaintiff clearly pointed out answers in the way of (1) a Supreme Court decision has made it clear that a copyright complaint does not require allegations that the work is registered unless the issue is raised, and (2) the TOS does not apply.

YouTube could have easily checked the catalog of registered copyrights prior to filing its motion but instead YouTube relied on a baseless hope that Plaintiff had not registered any works. In doing so, YouTube relied on the argument that Plaintiff had not alleged any registration at all, not that the registration was untimely.

YouTube asserts that Plaintiff is claiming that a "different license" applies, but Plaintiff did not make those claims. Plaintiff only points out a different and more relevant section of the TOS that YouTube attached in its exhibits.

**C. If YouTube is able to make a reply with new arguments, it doesn't add those arguments to the motion which is before this Court and Plaintiff will require a surreply to**

**point out the deficiencies in YouTube's new arguments. It will be a waste of this Court's time and cause unnecessary expense to the other parties.** In Plaintiff's surreply, he would argue:

(1) YouTube inappropriately raises the alleged "untimely" copyright registration of Plaintiff's video, but the video was *actually registered prior* to the second supplemental complaint in where it is mentioned. As YouTube is clearly unaware of how supplemental complaints work, I must explain to them that they contain claims that have occurred since the original complaint was made. It was YouTube's decided and the Court allowed YouTube to wait to file an answer or dispositive motion until after the Plaintiff's second supplemental complaint was filed. YouTube waiting appears to be what actually made YouTube's new arguments untimely. Plaintiff's second supplemental complaint was not opposed by any party and was granted by this Court. The video that YouTube describes was registered *prior* to Plaintiff's second supplemental complaint which contains the claim for that video. This makes YouTube's argument irrelevant that a copyright registration must occur prior to filing of a complaint, which YouTube supports only with an unpublished irrelevant case anyway.

(2) *Cortes-Ramos v. Martin-Morales*, No. 16-1223 (DRD), 2020 U.S. Dist. LEXIS 152384 (D.P.R. Aug. 21, 2020) is an unpublished case that YouTube cites, where in it was decided that where a copyright holder had filed a registration late that the district court should not have dismissed the action with prejudice. Instead, it was decided that the action should have been dismissed *without* prejudice. Here, Plaintiff has previously moved for voluntary dismissal without prejudice, but this Court has denied it. Additionally, the copyright holder in *Cortes-Ramos, id.* could not cure the defect by amending the complaint. Here, Plaintiff *can* cure any defect in failing to allege copyright registration by simply alleging registration in his second

supplemental complaint. Here, YouTube has waived its right to additional 12(b)(6) arguments such as late registration without amending its motion. Here, if Plaintiff cannot amend its complaint, only the claims in Plaintiff's first amended complaint under 17 U.S.C. § 106(1) will be lost, but the first and second supplemental claims would survive as well as claims under 17 U.S.C. § 501, which don't require registration according to statute.

Additionally, *Cortes-Ramos, id.* ultimately relies on (at *9) a district court case in the 2nd Cir. where the Court admits to parting ways "with several courts that have held that a post-registration amendment can cure the defect in a complaint filed before a copyright claim was registered within the meaning of Section 411(a)". See *Malibu Media, LLC v. Doe*, No. 18-CV-10956 (JMF), 2019 U.S. Dist. LEXIS 56578, at *9 (S.D.N.Y. Apr. 2, 2019).

(3) Plaintiff has already conceded that a copyright complaint under 17 U.S.C. § 106(1) can be dismissed where it is raised that the work has not been at least preregistered, and that work in fact has not been preregistered. That did not happen in this action. YouTube did not raise that matter and the work has in fact been registered. Plaintiff has also previously argued that the U.S. Supreme Court has said that a copyright complaint does not require allegations of copyright registration in *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 111 S. Ct. 1282 (1991).

(4) YouTube wants to add new allegations based on moot points on registration. In general, Courts have agreed that they lack the jurisdiction to make a ruling on a moot issue, but have done so only in the matter of public interest. *See Muskrat v. United States*, 219 U.S. 346, 31 S. Ct. 250 (1911) and *Flast v. Cohen*, 392 U.S. 83, 88 S. Ct. 1942 (1968).

(5) Plaintiff never published the key video in its complaint. YouTube says that this fact contradicts Plaintiff's FAC, but the key video in this complaint was not mentioned until Plaintiff's request to make a second supplemental complaint and is also mentioned in the second

supplemental complaint itself. The video is obviously not mentioned at all in the Plaintiff's FAC, except under the confused facts asserted by YouTube. The key video is also properly registered according to YouTube's argument in the instant motion.

## CONCLUSION

Again, YouTube should at least be required to read the complaints in their entirety and plead relevant arguments, and to wait to plead its arguments until it has leave to do so.

Plaintiff prays that this Court deny YouTube's motion to file a reply to its opposition, as Plaintiff has raised no new issues. YouTube's intent to make new arguments would also be fruitless.

## DECLARATION

I declare under penalty of perjury, that the foregoing is true and correct.

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)
The court has waived this local rule for the remainder of this action.

Dated: June 3, 2023                                    Respectfully submitted,

/s/ Jose DeCastro
Jose DeCastro
1258 Franklin St.
Santa Monica, CA 90404
chille@situationcreator.com
(310) 963-2445
*Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Jose DeCastro