UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE MARIA DeCASTRO,<br>a/k/a CHILLE DeCASTRO,<br>a/k/a DELETE LAWZ,<br><br>*Plaintiff and Defendant-in-Counterclaim*<br><br>v.<br><br>JOSHUA ABRAMS a/k/a<br>ACCOUNTABILITY FOR ALL and<br>KATE PETER a/k/a<br>MASSHOLE TROLL MAFIA,<br><br>*Defendants and Plaintiffs-in-Counterclaim*, and<br><br>GOOGLE LLC,<br><br>*Defendant.* | Case No. 1:22-cv-11421-ADB<br><br>Leave to file granted on June 5, 2023 (ECF No. 126) |

**DEFENDANT GOOGLE LLC'S REPLY IN FURTHER SUPPORT
OF ITS MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA
<u>OR, IN THE ALTERNATIVE, TO DISMISS</u>**

**TABLE OF CONTENTS**

**Page**

I. Plaintiff Cannot Avoid Transfer By Ignoring *Atlantic Marine* ........................................... 1

II. Plaintiff Cannot Prevent Dismissal By Registering One Work *After* Filing Suit ............... 2

III. Plaintiff Granted YouTube A Broad License Covering All Works-In-Suit ....................... 4

IV. Conclusion ........................................................................................................................ 5

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................................ 2

*Atlantic Marine Construction Co. v. United States District Court for the Western
    District of Texas*, 571 U.S. 49 (2013) ........................................................................ 1, 2

*Azevedo v. U.S. Bank N.A.*,
    167 F. Supp. 3d 166 (D. Mass. 2016) (Burroughs, J.) .................................................. 3

*BABN Techs. Corp. v. Bruno*,
    25 F. Supp. 2d 593 (E.D. Pa. 1998) .............................................................................. 2

*Bremen v. Zapata Off-Shore Co.*,
    407 U.S. 1 (1972) .......................................................................................................... 2

*Bus. Casual Holdings, LLC v. YouTube, LLC*,
    2022 U.S. Dist. LEXIS 50166 (S.D.N.Y. Mar. 21, 2022),
    *appeal docketed*, No. 22-3007 (2d Cir. Nov. 23, 2022) .............................................. 5

*C. White Marine, Inc. v. S&R Corp.*,
    2013 Mass. Super. LEXIS 16 (Mass. Super. Ct. Feb. 27, 2013) .................................. 2

*Cortés-Ramos v. Martin-Morales*,
    2020 U.S. Dist. LEXIS 152384 (D.P.R. Aug. 21, 2020) .............................................. 4

*Cortés-Ramos v. Martin-Morales*,
    956 F.3d 36 (1st Cir. 2020) ....................................................................................... 2, 4

*Foss v. Marvic Inc.*,
    994 F.3d 57 (1st Cir. 2021) ........................................................................................... 2

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*,
    139 S. Ct. 881 (2019) ................................................................................................ 3, 4

*Fred Lurie Assocs. v. Glob. All. Logistics, Inc.*,
    453 F. Supp. 2d 1351 (S.D. Fla. 2006) ......................................................................... 2

*Hardwell v. Parker*,
    2023 U.S. Dist. LEXIS 83203 (C.D. Cal. May 10, 2023) ............................................ 4

*Island Software & Comput. Serv. v. Microsoft Corp.*,
    413 F.3d 257 (2d Cir. 2005) .......................................................................................... 4

*Johnson v. Gordon*,
    409 F.3d 12 (1st Cir. 2005) ........................................................................................... 2

*Kenney v. Warner Bros. Entm't, Inc.*,
    984 F. Supp. 2d 9 (D. Mass. 2013) ...................................................................................2

*Kifle v. YouTube LLC*,
    2021 U.S. Dist. LEXIS 168267 (N.D. Ga. Mar. 12, 2021) ..................................................2

*Kifle v. YouTube LLC*,
    2021 U.S. Dist. LEXIS 74885 (N.D. Cal. Apr. 19, 2021) ...................................................4

*Mai Larsen Designs v. Want2Scrap, LLC*,
    2019 U.S. Dist. LEXIS 92215 (W.D. Tex. June 3, 2019) ...................................................4

*Malibu Media, LLC v. Doe*,
    2019 U.S. Dist. LEXIS 56578 (S.D.N.Y. Apr. 2, 2019) .....................................................4

*Ne. Theatre Corp. v. Edie & Ely Landau, Inc.*,
    563 F. Supp. 833 (D. Mass. 1983) ......................................................................................2

*Padula v. Freedom Mortg. Corp.*,
    2020 U.S. Dist. LEXIS 126206 (D. Mass. July 17, 2020) (Burroughs, J.) ........................3

*Roblox Corp. v. Wowwee Grp. Ltd.*,
    2023 U.S. Dist. LEXIS 40153 (N.D. Cal. Mar. 9, 2023) ....................................................4

**STATUTES**

17 U.S.C. § 411(a) ........................................................................................................................3, 4

By leave of Court, Google LLC ("Google") submits this reply in further support of its motion for transfer or dismissal, to address arguments raised in Plaintiff's opposition brief.

I.  **Plaintiff Cannot Avoid Transfer By Ignoring** *Atlantic Marine*

Plaintiff seeks to avoid transfer by simply ignoring the controlling framework set out in *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, 571 U.S. 49 (2013). Opp. (ECF No. 123) at 1-4. Transfer should nonetheless be granted.

The parties agree that YouTube's Terms of Service ("TOS") constitute an agreement between YouTube and Plaintiff that "[a]ll claims arising out of or relating to these terms or the Service . . . will be litigated exclusively in the federal or state courts of Santa Clara County, California." Mot. (ECF No. 121) at 4; Declaration of Raquel Small (ECF No. 121-1) ("Decl.") Ex. A at 15; Opp. at 2. Plaintiff does not dispute that, in addition to expressly accepting the TOS when creating his YouTube channel on July 28, 2020 (Mot. at 8; Decl. ¶ 9), he agreed to the same forum-selection clause *again* when he agreed to the YouTube Partner Program Terms, which allow him to earn ad revenue from YouTube's service (Mot. at 4; Decl. ¶ 10 & Ex. B). Plaintiff nonetheless makes two arguments against transfer, both of which fail.

*First*, Plaintiff argues that his claims against Google fall outside the scope of the forum-selection clause because they are not "claims between users of the service and YouTube related to the products and services that YouTube provides the users." Opp. at 2. To the extent that argument is comprehensible, it is wrong. Plaintiff concedes that his claims are "related to YouTube's [alleged] failure to take appropriate action for copyright infringement on its platform." *Id.* More specifically, he alleges that Google is liable for YouTube users copying videos onto YouTube that he had previously uploaded to YouTube. *E.g.* Supp. Compl. (ECF No. 79) ¶¶ 9-12. Such claims obviously "arise out of or relat[e]" to the YouTube service (Decl. Ex. A at 15), and are indistinguishable from other copyright claims that were found to be covered by YouTube's forum-

1

selection clause, *e.g.*, *Kifle v. YouTube LLC*, 2021 U.S. Dist. LEXIS 168267, at *9 (N.D. Ga. Mar. 12, 2021). Plaintiff makes no effort to distinguish the cases that broadly interpret YouTube's forum-selection clause to cover such claims. *See* Mot. at 8-10 (citing cases).

*Second*, Plaintiff invents a new legal standard that directly contradicts *Atlantic Marine*. He wrongly asserts that forum-selection clauses can only be invoked by a "necessary party" (Opp. at 2-3), they do not apply if they would cause unanticipated inconvenience (*id.* at 3), and the burden is on the party seeking to enforce the clause (*id.* at 3-4). None of that is true, and Plaintiff makes no attempt to distinguish the ample case law Google cites to the contrary. Mot. at 7-8, 12.[1]

## II. Plaintiff Cannot Prevent Dismissal By Registering One Work *After* Filing Suit

To survive a motion to dismiss, a copyright plaintiff must **register** the allegedly infringed works "**before filing suit**," *Foss v. Marvic Inc.*, 994 F.3d 57, 62 (1st Cir. 2021) (emphasis added), "**allege** that registration had been obtained prior to suit," *Cortés-Ramos v. Martin-Morales*, 956 F.3d 36, 43 (1st Cir. 2020) (emphasis added), and "plausibly allege" that "the copying of the copyrighted material was so extensive that it rendered the infringing and copyrighted works '**substantially similar**,'" *Kenney v. Warner Bros. Entm't, Inc.*, 984 F. Supp. 2d 9, 12 (D. Mass. 2013) (quoting *Johnson v. Gordon*, 409 F. 3d 12, 18 (1st Cir. 2005)) (emphasis added). *See* Mot. at 13-14. Plaintiff's complaints do none of these things, and fall far short of basic pleading standards. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Supp. Compl. ¶¶ 9-16 (making conclusory allegations against Google); 2d Supp. Compl. (ECF No. 118) ¶ 1 (alleging that "all

---

[1] In any event, Plaintiff's cases uniformly **support** the enforcement of similar forum-selection clauses. *See Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15-18 (1972); *Ne. Theatre Corp. v. Edie & Ely Landau, Inc.*, 563 F. Supp. 833, 835 (D. Mass. 1983); *BABN Techs. Corp. v. Bruno*, 25 F. Supp. 2d 593, 599 (E.D. Pa. 1998); *Fred Lurie Assocs. v. Glob. All. Logistics, Inc.*, 453 F. Supp. 2d 1351, 1356 (S.D. Fla. 2006); *C. White Marine, Inc. v. S&R Corp.*, 2013 Mass. Super. LEXIS 16, at *14 (Mass. Super. Ct. Feb. 27, 2013).

Defendants including unknown ones" are responsible for unspecified infringements).

Plaintiff nowhere alleges that he registered any copyrighted work, and concedes (as he must) that "a copyright claim can be dismissed for not having alleged that the copyrights have been registered." Opp. at 4. This requires dismissal. Mot. at 13 (citing 17 U.S.C. § 411(a); *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881 (2019)). Plaintiff nonetheless seeks to avoid dismissal because Google "has joined the party a bit late, and the other parties never raised the issue." Opp. at 4. Supposedly, because **Plaintiff chose** not to name Google as a defendant until his Supplemental Complaint (ECF No. 79), it is now too late to point out his failure to register any copyrighted works. Nonsense. Google is raising the issue at its first opportunity, "in support of the motion to dismiss." *Padula v. Freedom Mortg. Corp.*, 2020 U.S. Dist. LEXIS 126206, at *12 (D. Mass. July 17, 2020) (Burroughs, J.).

Plaintiff's only other argument relies on a new fact not alleged in any complaint—that Plaintiff "has successfully and completely registered at least one key video." Opp. at 4. But an argument unsupported by factual allegations cannot prevent dismissal. When a plaintiff argues facts in opposition that "are not alleged in the Complaint, the Court considers them only for the purpose of determining that it would be futile to allow Plaintiff leave to amend his Complaint." *Azevedo v. U.S. Bank N.A.*, 167 F. Supp. 3d 166, 169 n.4 (D. Mass. 2016) (Burroughs, J.).

Plaintiff's belated argument does not even justify allowing him leave to replead, because he has only ever registered one video, and did so *after* he "instituted" this "civil action" in violation of 17 U.S.C. § 411(a). Declaration of Benjamin Margo ¶ 3 & Ex. A (Copyright Reg. No. PA0002398490 (Feb. 2, 2023)).[2] His failure to register any allegedly infringed work prior to

---

[2] The Court may take judicial notice of Plaintiff's February 2, 2023 registration, which is viewable on a government website, authenticated (Margo Decl. ¶ 3 & Ex. A), and not disputed. *See Island Software & Comput. Serv. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005).

3

bringing a lawsuit requires dismissal. *Cortés-Ramos v. Martin-Morales*, 956 F.3d 36, 43 (1st Cir. 2020); *accord Fourth Estate*, 139 S. Ct. at 885 ("Registration is . . . akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights.").

Plaintiff's failure to satisfy § 411(a) renders futile any attempt to file an amended or supplemental complaint. *Cortés-Ramos v. Martin-Morales*, 2020 U.S. Dist. LEXIS 152384, at *10 (D.P.R. Aug. 21, 2020) (collecting cases). Allowing Plaintiff to draw out this litigation would only validate his strategy of suing on **hundreds of unregistered works** and then registering them **one-by-one** as needed. This "would undermine *Fourth Estate*," *Roblox Corp. v. Wowwee Grp. Ltd.*, 2023 U.S. Dist. LEXIS 40153, at *10 (N.D. Cal. Mar. 9, 2023), and "make a meaningless formality out of *Fourth Estate*'s requirement that an application be approved prior to filing suit," *Malibu Media, LLC v. Doe*, 2019 U.S. Dist. LEXIS 56578, at *7 (S.D.N.Y. Apr. 2, 2019); *see also Mai Larsen Designs v. Want2Scrap, LLC*, 2019 U.S. Dist. LEXIS 92215, at *16-17 (W.D. Tex. June 3, 2019) (citing *Malibu Media*).

Allowing Plaintiff to sidestep § 411(a) by filing amended or supplemental complaints would also be inconsistent with the text of the Copyright Act. As Judge Breyer held in a similar case, "[b]y tying the registration requirement to when a 'civil action' is 'instituted,' the plain language of § 411(a) refers to the beginning of a lawsuit, not the filing of an amended pleading." *Kifle v. YouTube LLC*, 2021 U.S. Dist. LEXIS 74885, at *15 (N.D. Cal. Apr. 19, 2021) (denying a *pro se* plaintiff leave to amend); *see also Hardwell v. Parker*, 2023 U.S. Dist. LEXIS 83203, at *6 (C.D. Cal. May 10, 2023) (citing *Kifle*).

### III. Plaintiff Granted YouTube A Broad License Covering All Works-In-Suit

As noted, Plaintiff does not dispute that he agreed to YouTube's TOS, which states that by uploading his videos, he gave "YouTube a worldwide, non-exclusive, royalty-free, sublicensable and transferable license to use that Content (including to reproduce, distribute, prepare derivative

4

works, display and perform it) in connection with the Service and YouTube's . . . business." Ex. A at 8; *see* Mot. at 14-16. Nor does he dispute that "[u]nder the plain language of the License, YouTube cannot be liable for directly infringing any copyrights associated with any content that [Plaintiff] has uploaded to its channel." *Bus. Casual Holdings, LLC v. YouTube, LLC*, 2022 U.S. Dist. LEXIS 50166, at *12 (S.D.N.Y. Mar. 21, 2022), *appeal docketed*, No. 22-3007 (2d Cir. Nov. 23, 2022). This is grounds for dismissal of Plaintiff's claims, which are based on alleged infringement of videos that Plaintiff himself had already uploaded to the YouTube service subject to the license. FAC (ECF No. 62) ¶¶ 4, 13-19; Supp. Compl. ¶¶ 9-16.

Plaintiff offers two makeweight arguments against dismissal on this ground. *First*, he claims "[t]he key video in this litigation was never published on YouTube" and therefore is not subject to the license. Opp. at 4. But Plaintiff cannot save his claims by introducing a surprise unpublished video in his opposition brief. In addition to being unalleged, this directly contradicts his existing allegations which make clear that ***all*** works-in-suit were "published . . . as content to [Plaintiff's] YouTube channel." Supp. Compl. ¶ 9. None of Plaintiff's works are identified in any of his complaints except by a YouTube URL. *See* FAC Ex. 1; Supp. Compl. Ex. 1; 2d Supp. Compl. Ex. 1 (ECF No. 118-1). *Second*, Plaintiff attempts to distract from the broad license he granted YouTube by instead quoting the license he granted to other YouTube users. *Compare* Mot. at 5 (quoting "License to YouTube" in Decl. Ex. A at 8) *with* Opp. at 4 (quoting "License to Other Users" in Decl. Ex. A at 9). This is misleading. The existence of ***another*** license does nothing to change the terms of the "License to YouTube" relied on by Google in its motion.

**IV.    Conclusion**

WHEREFORE, Google respectfully asks the Court to grant its motion and transfer the case pursuant to the forum-selection clause, or dismiss the case without leave to amend.

5

| | |
|---|---|
| Dated: June 14, 2023 | Respectfully submitted, |
| | GOOGLE LLC |
| | By its attorneys, |
| Benjamin Margo (*pro hac vice*)<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>1301 Avenue of the Americas, 40th Floor<br>New York, New York 10019<br>Telephone: (212) 999-5800<br>Facsimile: (212) 999-5899<br>*bmargo@wsgr.com* | */s/ Matthew D. Gorman*<br>Matthew D. Gorman (BBO No. 569406)<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>One Boston Place<br>201 Washington Street, Suite 200<br>Boston, Massachusetts 02109<br>Telephone: (617) 598-7800<br>Facsimile: (866) 974-7329<br>*mgorman@wsgr.com* |

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies on this 14th day of June, 2023 that this document was filed through the CM/ECF system and will be served electronically to the registered participants as identified on the Notice of Electronic Filing through the Court's transmission facilities, and that non-registered participants (if any) have been served this day by U.S. Mail.

        Respectfully submitted,

        */s/ Matthew D. Gorman*
        Matthew D. Gorman (BBO No. 569406)
        WILSON SONSINI GOODRICH & ROSATI
        Professional Corporation
        One Boston Place
        201 Washington Street, Suite 200
        Boston, Massachusetts 02109
        Telephone: (617) 598-7800
        Facsimile: (866) 974-7329
        mgorman@wsgr.com