# UNITED STATES DISTRICT COURT

## for the

## District of Massachusetts

| | |
|---|---|
| JOSE MARIA DECASTRO, an individual | ) Case No. 1:22-cv-11421 |
| Plaintiff, | ) |
| | ) **PLAINTIFF'S MOTION FOR LEAVE** |
| v. | ) **FOR SURREPLY IN OPPOSITION TO** |
| | ) **YOUTUBE (GOOGLE LLC)'S** |
| | ) **MOTION TO TRANSFER OR DISMISS** |
| JOSHUA ABRAMS, an individual, et al., | ) |
| Defendants. | ) |
| | ) |

## INTRODUCTION

Plaintiff Jose DeCastro ("Plaintiff") respectfully moves this Court, pursuant to D. Mass. Local Rule 7.1(b)(3), for leave to file a surreply in further opposition to YouTube (GOOGLE LLC) ("YouTube" or "Defendant")'s Motion to Transfer or Dismiss (ECF No. 124). In support of this motion, Plaintiff submits a memorandum of law, which is fully incorporated herein.

If allowed, the reply would be no more than 5 pages, and would be submitted by June 22, 2023 or within seven days of the Court's order, whichever is later.

Most of the arguments in YouTube's reply require little response, as their defects are readily apparent. See Reply (ECF No. 127) where YouTube puts evidence in the record showing that Plaintiff has works registered after arguing that Plaintiff doesn't. But at least two of Defendant's arguments are worth addressing in a short reply.

**(1)** Defendant YouTube tries to cure deficiencies in its motion. However, reply papers may only address issues raised in the moving papers. It is improper to introduce new facts, or a

different legal argument in the reply brief. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894–95 (1990); *United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000); *Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016) ("a party waives issues and arguments raised for the first time in a reply brief."). Since YouTube did not raise, in its motion, the argument that copyright registration was untimely, YouTube's argument for untimely copyright registration is itself untimely and should be disregarded.

Even if YouTube is allowed to inappropriately raise the alleged "untimely copyright registration" of Plaintiff's video, the video was *actually registered prior* to the second supplemental complaint in where it is mentioned, so their argument is irrelevant. YouTube doesn't support the legal basis of their untimely copyright registration argument anyway.

*Cortes-Ramos v. Martin-Morales*, No. 16-1223 (DRD), 2020 U.S. Dist. LEXIS 152384 (D.P.R. Aug. 21, 2020) is an unpublished case that YouTube cites, where in it was decided that where a copyright holder had filed a registration late that the district court should not have dismissed the action with prejudice. Instead, it was decided that the action should have been dismissed *without* prejudice. Additionally, the copyright holder in *Cortes-Ramos, id.* could not cure the defect by amending the complaint. Here, Plaintiff *can* cure any defect in failing to allege copyright registration by simply alleging registration in his second supplemental complaint.

Additionally, *Cortes-Ramos, id.* ultimately relies on (at \*9) a district court case in the 2nd Cir. where the Court admits to parting ways "with several courts that have held that a post-registration amendment can cure the defect in a complaint filed before a copyright claim was registered within the meaning of Section 411(a)". See *Malibu Media, LLC v. Doe*, No. 18-CV-10956 (JMF), 2019 U.S. Dist. LEXIS 56578, at \*9 (S.D.N.Y. Apr. 2, 2019).

Finally, YouTube's argument is moot. In general, Courts have agreed that they lack the

jurisdiction to make a ruling on a moot issue but have done so only in the matter of public interest. *See Muskrat v. United States*, 219 U.S. 346, 31 S. Ct. 250 (1911) and *Flast v. Cohen*, 392 U.S. 83, 88 S. Ct. 1942 (1968).

**(2)** Plaintiff never published the key video in its complaint. YouTube says that this fact contradicts Plaintiff's FAC, but the key video in this complaint was not mentioned until Plaintiff's request to make a second supplemental complaint and is also mentioned in the second supplemental complaint itself. The video is obviously not mentioned at all in the Plaintiff's FAC.

Even if it was published, on YouTube even, which Plaintiff denies, YouTube does not dispute that their TOS only applies to products and services that YouTube provides to a user of YouTube's service. YouTube would have this Court believe that allowing third party users of YouTube to copy Plaintiff's creative works is a product and service that YouTube provides to Plaintiff, which is unconscionable. Allowing YouTube's users to copy Plaintiff's works is not a service provided to Plaintiff.

YouTube continues to be oblivious to the fact that they were joined in this action because of their third-party liability to the infringing users of their service. YouTube is trying to abandon this action so that those users must take on YouTube's portion of the damages. It is possible that the YouTube user defendants in this action may need to make their third-party claims against YouTube under a forum selection clause between YouTube and those defendants. However, YouTube has not made that argument or provided evidence that those defendants agreed to the TOS. Instead, they purposefully mischaracterize Plaintiff's complaint.

## **CONCLUSION**

Again, YouTube should at least be required to read the complaints in their entirety and plead relevant arguments, but so far, its motion to dismiss lacks any merit.

Plaintiff should be allowed to amend its complaint, but if Plaintiff cannot amend its complaint, only the claims in Plaintiff's first amended complaint under 17 U.S.C. § 106(1) will be lost, but the first and second supplemental claims would survive as well as claims under 17 U.S.C. § 501, which don't require registration according to statute.

## DECLARATION

I declare under penalty of perjury, that the foregoing is true and correct.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

The court has waived this local rule for the remainder of this action.

Dated: June 14, 2023                                  Respectfully submitted,

/s/ Jose DeCastro
Jose DeCastro
1258 Franklin St.
Santa Monica, CA 90404
chille@situationcreator.com
(310) 963-2445
*Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Jose DeCastro