# UNITED STATES DISTRICT COURT

## for the

## District of Massachusetts

| | |
|---|---|
| JOSE MARIA DECASTRO, an individual<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA ABRAMS, an individual, et al.,<br><br>Defendants. | )   Case No. 1:22-cv-11421<br>)<br>)   **SURREPLY IN OPPOSITION TO**<br>)   **DEFENDANT YOUTUBE (GOOGLE**<br>)   **LLC)'S MOTION TO TRANSFER TO**<br>)   **THE NORTHERN DISTRICT OF**<br>)   **CALIFORNIA, OR IN THE**<br>)   **ALTERNATIVE, TO DISMISS**<br>)<br>) |

## **INTRODUCTION**

Plaintiff Jose DeCastro ("Plaintiff"), offers the following surreply in opposition to Defendant YouTube (GOOGLE LLC) ("YouTube" or "Defendant")'s Motion to Transfer Case to Northern District of California, Motion to Dismiss for Failure to State a Claim (ECF No. 121). In support of this surreply, Plaintiff submits a memorandum of law, which is fully incorporated herein.

In general, Defendant YouTube's forty-nine (49) page Motion to Transfer Case to Northern District of California, Motion to Dismiss for Failure to State a Claim (ECF No. 121) was filed with many defects and failed to raise arguments. In that Motion, YouTube asked the court to do its work for it by vaguely asserting that Plaintiff's complaint had "glaring pleading failures", but that the court need not even look at those because they were only going to raise two issues. (1) Plaintiff filed in the wrong court, and (2) Plaintiff didn't have any works in the complaint registered.

## MEMORANDUM OF POINTS AND AUTHORITIES

**1. Defendant's "wrong court" argument.** Even if Plaintiff's registered work was published on YouTube, which Plaintiff denies, YouTube does not dispute that their TOS only applies to products and services that YouTube provides to a user of YouTube's service. YouTube would have this Court believe that allowing third party users of YouTube to copy Plaintiff's creative works is a product and service that YouTube provides to Plaintiff, which is unconscionable. Allowing YouTube's users to copy Plaintiff's works is not a service that YouTube provided to Plaintiff. If the TOS doesn't apply, then the forum selection clause in the TOS does not apply.

Additionally, Plaintiff's raised arguments with citations to authority, in his opposition at ECF No. 123: (a) Plaintiff YouTube is not a necessary party in this action; (b) Circumstances would have changed since entering into the TOS; (c) YouTube must show good cause for the transfer due to their overweening bargaining power in any TOS; (d) Plaintiff should be allowed to amend its supplemental complaint to allege copyright registration; (e) The TOS does not license a user's videos to YouTube for copying by other users.

YouTube continues to be oblivious to the fact that they were joined in this action because of their third-party liability to the infringing users of their service. YouTube is trying to abandon this action so that those users must take on YouTube's portion of the damages. It is possible that the YouTube user defendants in this action may need to make their third-party claims against YouTube under a forum selection clause between YouTube and those defendants. However, YouTube has not made that argument or provided evidence that those defendants agreed to the TOS. Instead, they purposefully mischaracterize Plaintiff's complaint.

**2. Defendant's "no registered works" alleged argument.** YouTube could have checked

to see if Plaintiff had any works registered before alleging that he had none, but they didn't. Since then, Defendants themselves have admitted evidence showing that Plaintiff has works that are registered and named in the supplemental complaint. Plaintiff should be allowed to amend his supplemental complaint to add this allegation.

**3. Defendants can't lawfully raise new arguments in their reply.** Now YouTube wants to attempt to cure the deficiencies in its motion by adding additional arguments that it didn't initially raise. Reply papers may only address issues raised in the moving papers. It is improper to introduce new facts, or a different legal argument in the reply brief. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894–95 (1990); *United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000); *Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016) ("a party waives issues and arguments raised for the first time in a reply brief.").

**4. Defendants unlawful reply arguments about a late registration.** Where YouTube's argument is allowed, it is easily defeated.

(A) The video that YouTube alleges was registered untimely was registered prior to the supplemental complaint that added the video to the complaint. YouTube continues to beat their dead horse with "amended complaint" citations, totally ignoring the fact that Plaintiff used a *supplemental complaint*, which is not an amended complaint. Supplemental complaints never relate back and they set "out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. § 15(d). The date of the supplemental complaint is after the date of the copyright registration, and the supplemental complaint was stipulated to by the other parties.

(B) YouTube alleges that Plaintiff can't correct his supplemental pleading to allege registration based on an inapposite case. *Cortes-Ramos v. Martin-Morales*, No. 16-1223 (DRD),

2020 U.S. Dist. LEXIS 152384 (D.P.R. Aug. 21, 2020) is an unpublished case, where in it was decided that where a copyright holder had filed a registration late that the district court should not have dismissed the action with prejudice. Instead, it was decided that the action should have been dismissed *without* prejudice. Additionally, the copyright holder in *Cortes-Ramos, id*. could not cure the defect by amending the complaint. Here, Plaintiff can cure any defect in failing to allege copyright registration by simply alleging registration in his second supplemental complaint. If YouTube thinks it'll be futile, then they won't be harmed by the amendment.

Additionally, *Cortes-Ramos, id*. ultimately relies on (at *9) a district court case in the 2nd Cir. where the Court admits to parting ways "with several courts that have held that a post registration amendment can cure the defect in a complaint filed before a copyright claim was registered within the meaning of Section 411(a*)*". *See Malibu Media, LLC v. Doe*, No. 18-CV10956 (JMF), 2019 U.S. Dist. LEXIS 56578, at *9 (S.D.N.Y. Apr. 2, 2019).

Finally, YouTube's argument is moot. In general, Courts have agreed that they lack the jurisdiction to make a ruling on a moot issue but have done so only in the matter of public interest, which YouTube has not alleged and would be unable to prove. See *Muskrat v. United States*, 219 U.S. 346, 31 S. Ct. 250 (1911) and *Flast v. Cohen*, 392 U.S. 83, 88 S. Ct. 1942 (1968).

(C) YouTube claims that Plaintiff admitted in its FAC to having uploaded the registered video to YouTube. This is false and is not alleged in the FAC.

**5. If the Court grants the Motion to Dismiss, it should allow leave to amend, as it would not be futile, undue delay, or dilatory.** The Federal Rules of Civil Procedure embody a liberal policy in favor of allowing amendments to pleadings. Specifically, Rule 15(a) provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a).

As the Supreme Court has instructed, "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Indeed, courts enjoy discretion under Rule 15(a), "but amendments under the rule are liberally granted, and some justification is required for a refusal." *Desrosiers v. Hartford Life & Acc. Ins. Co.*, 354 F.Supp.2d 119, 129 (D.R.I. 2005) (quoting *Ondis v. Barrows*, 538 F.2d 904, 909 (1st Cir. 1976)). "[O]utright refusal to grant the leave [to amend] without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman*, 371 U.S. at 182.

Plaintiff has registered a work before adding that work to the supplemental complaint, as evidenced by the Defendant. Plaintiff simply forgot to allege it. It would be dilatory to amend the complaint before the motions to dismiss are decided, but Plaintiff is willing to move for leave to amend if that's what the other parties want.

While Plaintiff believes the Court should deny the motion to dismiss in its entirety, to the extent the Court grants the motion in any respect, Plaintiff should be given leave to amend.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants Motion to Dismiss or Transfer in its entirety.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

The court has waived this local rule for the remainder of this action.

Dated: June 16, 2023                                         Respectfully submitted,

/s/ Jose DeCastro
Jose DeCastro
1258 Franklin St.
Santa Monica, CA 90404
chille@situationcreator.com
(310) 963-2445
*Pro Se*

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Jose DeCastro