UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE MARIA DeCASTRO, a/k/a CHILLE DeCASTRO, a/k/a DELETE LAWZ,<br><br>    Plaintiff and Counterclaims Defendant,<br><br>        v.<br><br>JOSHUA ABRAMS a/k/a ACCOUNTABILITY FOR ALL, KATE PETER a/k/a MASSHOLE TROLL MAFIA,<br><br>    Defendants and Counterclaims Plaintiffs, and<br><br>GOOGLE LLC, JOHN DOES 1–50, JOHN DOES 1–20,<br><br>    Defendants. | Civil Action No. 1:22-cv-11421-ABD |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Before the Court is Plaintiff Jose DeCastro's Second Motion for Contempt in which he asks that this Court hold Defendant Katherine Peter in contempt of court. [ECF No. 103]. For the reasons stated below, Plaintiff's motion is **DENIED**.

I.   **BACKGROUND**

DeCastro and Peter both publish videos on YouTube. [ECF No. 62 ¶¶ 10, 13; ECF No. 54 ¶¶ 5, 7]. On September 2, 2022, DeCastro filed suit against Peter and another defendant for defamation and intentional infliction of emotional distress, alleging that Peter made defamatory videos about him, including, for example, a video in which she claimed "[DeCastro] was arrested for manufacturing and with the intent to sell [a] date rape drug." See, e.g., [ECF No. 1 ¶ 10]. DeCastro amended his complaint on November 16, 2022, dropping his claims for defamation

and intentional infliction of emotional distress and instead alleging that Peter and other defendants infringed his copyrights. [ECF Nos. 62, 79, 118]. In response, Peter filed a counterclaim for defamation, alleging that, for example, DeCastro published a video in which he falsely stated that she "pimped out her daughter. She sold her daughter for sex." [ECF No. 54 at 1, 12].

Over the Course of this litigation, the parties have repeatedly claimed mistreatment by one another. As examples, on October 20, 2022, Peter filed a motion claiming that DeCastro "makes it his practice to harass, threaten and taunt parties and counsel," [ECF No. 27 at 3], and that he had "approached Ms. Peter as she sat in the gallery" of an unrelated court proceeding and said "[y]ou have no idea what's coming for you. You have no idea. I am going to destroy you," [id. at 5]. Similarly, DeCastro filed a response claiming that Peter "harassed [him] by email multiple times" and that she "facilitate[ed], direct[ed], and le[d]" individuals to "stalk [him] online and then sen[t] people to confront [him]." [ECF No. 32 at 6–7].

As a result of the parties' treatment of one another, on October 21, 2022, the Court ordered the parties "not to engage in any threatening, harassing, illegal, or otherwise inappropriate behavior when engaging with each other, or with any individual or entity that may have knowledge pertaining to this matter." [ECF No. 33]. The Court then held a hearing on October 24, 2022, at which it stated:

> I asked the[] [Defendants' counsel] for a moratorium [on the parties speaking about one another online], and they pointed out to me that they have a First Amendment right to speech. And I have suggested to them that they go back to their clients and reconsider the idea of a moratorium. I can't order them to suspend their First Amendment rights unless they're willing to agree to that. Same way as I can't make you give up yours. But if you people are going to continue with these videos and this kind of thing, you're running the risk that you're crossing the line into defamation or harassment. Defamation has legal consequences and harassment will be in violation of my court order, and I will impose sanctions if that's what

happened.  We'll begin with monetary sanctions and we'll take it from there.  So that is forewarned.

[ECF No. 68 at 19:1–14].

That same day, the Court issued an order: "remind[ing] [the parties] of their obligation to comply with the Court's Order on October 21, 2022, which forbids all parties from engaging in threatening, harassing, illegal, or otherwise inappropriate behavior with respect to the other parties in this lawsuit."  [ECF No. 43].  Approximately two weeks later, on November 2, 2022, the Court again cautioned the parties not to "harass, disparage or otherwise act unkindly to each other or any potential witnesses in this matter."  [ECF No. 51].

Notwithstanding these orders, on November 14, 2022, DeCastro brought a motion for contempt alleging that Peter violated the Court's October 21, October 24, and November 2, 2022 orders by publishing a video on her YouTube channel in which Peter "speaks directly to [him] and harasses [him]."  [ECF No. 61 at 2–3].  In her response, Peter sought sanctions and claimed that she was "responding to Mr. DeCastro's antagonistic attacks and [that] Mr. DeCastro has sought to harass and threaten witnesses and others."  [ECF No. 71 at 2].  The Court denied both requests, finding that "both parties have repeatedly engaged in inappropriate behavior towards one another and the Court will not single out one party for punishment where both are at fault."  [ECF No. 78].

On January 16, 2023, DeCastro brought the instant Second Motion for Contempt, claiming that, among other things, Peter published a YouTube video "committing trade disparagement," incorrectly "call[ing] [DeCastro] a 'liar' several times," and "invit[ing] her followers to" leave "comments and fake stories on [his] unpublished website."  [ECF No. 103 at 2–3].  Peter opposed the motion on February 1, 2023.  [ECF No. 109].

## II.     ANALYSIS

A district court may issue a civil contempt order if the moving party establishes by clear and convincing evidence that "(1) the alleged contemnor had notice of the order, (2) 'the order was clear and unambiguous,' (3) the alleged contemnor 'had the ability to comply with the order,' and (4) the alleged contemnor violated the order." Hawkins v. Dep't of Health & Hum. Servs., 665 F.3d 25, 31 (1st Cir. 2012) (quoting United States v. Saccoccia, 433 F.3d 19, 27 (1st Cir. 2005)); see also AngioDynamics, Inc. v. Biolitec AG, 780 F.3d 420, 426 (2015) (same).

Peter concedes that she had notice of the Court's orders and does not dispute that she had the ability to comply with them. See [ECF No. 109 at 3, 8]. Instead, Peter argues that she did not violate the orders and that they are not "clear and unambiguous." [Id. at 8]. Peter also avers that DeCastro does not allege "with any amount of specificity how any of [her] actions . . . amount to 'threatening, harassing, illegal or otherwise inappropriate behavior' that occurred 'when engaging with each other.'" [Id. at 8–9].

The parties did not agree to a moratorium on speaking about one another on the internet and the Court declined to place a prior restraint on the parties' speech. See [ECF No. 68 at 19:1–14]. Thus, the fact that Peter spoke about DeCastro on the internet, even if it was in a disparaging manner, does not itself violate the Court's order.

The Court also explained, however, that any videos made by the parties could not cross the line into "defamation or harassment" because "[d]efamation has legal consequences and harassment will be in violation of [the] court order." See [id.]. Though the Court has repeatedly recommended that the parties refrain from hostile behavior, and does so again here, it finds that calling DeCastro a liar and inviting others to comment on his publicly available website, without more detail, does not constitute harassment or defamation. Moreover, "trade disparagement" is

4

neither harassment nor defamation.  Thus, the Court finds Peter did not violate the Court's order, and DeCastro's motion, [ECF No. 103], is denied.[1]

       **SO ORDERED.**

July 11, 2023                                                   /s/ Allison D. Burroughs  
                                                             ALLISON D. BURROUGHS  
                                                             U.S. DISTRICT JUDGE

---

[1] Because the Court finds Peter did not violate the Court's order, it need not address whether the Court's orders were clear and unambiguous.