UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE MARIA DeCASTRO, a/k/a CHILLE DeCASTRO, a/k/a DELETE LAWZ,<br><br>    Plaintiff and Counterclaims Defendant,<br><br>    v.<br><br>JOSHUA ABRAMS a/k/a ACCOUNTABILITY FOR ALL, KATE PETER a/k/a MASSHOLE TROLL MAFIA,<br><br>    Defendants and Counterclaims Plaintiffs, and<br><br>GOOGLE LLC, JOHN DOES 1–50, JOHN DOES 1–20,<br><br>    Defendants. | * * * * * * * * * * * * * * * * * * * Civil Action No. 1:22-cv-11421-ABD |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

    Before the Court is Plaintiff Jose DeCastro's motion for (1) disclosure of ex parte communications received by the Court, (2) disclosure of information regarding any personal bias or prejudice this Court has against Plaintiff, and (3) answers from the Court to two questions posed by Plaintiff. [ECF No. 116]. Defendants did not file a response. For the reasons stated below, Plaintiff's motion is DENIED.

    First, Plaintiff asks for disclosure of any ex parte communications concerning this action. [ECF No. 116 at 2]. As support, Plaintiff identifies the Code of Conduct for United States Judges Canon 3(A)(4) (2019), which provides, in relevant part, "[i]f a judge receives an unauthorized ex parte communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an

opportunity to respond, if requested." See Code of Conduct for United States Judges Canon 3(A)(4) (2019).  Plaintiff also references the Court's previous Order in this action, providing that "[a]ny communication received from a party to this litigation will be placed on the public record." [ECF No. 47].

The Court has notified and will notify the parties of unauthorized ex parte communication bearing on the substance of a matter and/or will file on the docket any ex parte communication received from a party to this litigation.  See [ECF No. 117].[1]  To the extent Plaintiff requests additional and broader disclosure, Plaintiff's request is denied.

Second, Plaintiff requests disclosure of information regarding any personal bias or prejudice this Court has against Plaintiff that may give rise to a reasonable question about the Court's impartiality.  [ECF No. 116 at 2].  There is no information to disclose in this regard, and Plaintiff's request is therefore denied.

Third, Plaintiff requests that the Court answer the following questions:

1) Is Judge Burroughs a member of any law enforcement/police associations (including any and all contributions and awards)?

2) What does Judge Burroughs know about Plaintiff in addition to the record for this action?

[ECF No. 116 at 1].  The Court is in full compliance with all applicable ethical obligations and has no obligation to respond beyond that.  The Court nonetheless notes that it has no information to disclose in this regard that bears on the substance of this matter or the Court's impartiality.  Thus, Plaintiff's third request is denied.

Accordingly, Plaintiff's motion is denied.

---

[1] Plaintiff references communications from Todd Lyon discussed at an October 18, 2022 hearing. [ECF No. 22 at 7–12].  Mr. Lyon is not a party to the action and any communications from him have no bearing on the issues before the Court.  See [id. at 11:5–15].

**SO ORDERED.**

July 11, 2023 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE