UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE MARIA DeCASTRO, a/k/a CHILLE DeCASTRO, a/k/a DELETE LAWZ,<br><br>    Plaintiff and Counterclaims Defendant,<br><br>    v.<br><br>JOSHUA ABRAMS a/k/a ACCOUNTABILITY FOR ALL, KATE PETER a/k/a MASSHOLE TROLL MAFIA,<br><br>    Defendants and Counterclaims Plaintiffs, and<br><br>GOOGLE LLC, JOHN DOES 1–50, JOHN DOES 1–20,<br><br>    Defendants. | Civil Action No. 1:22-cv-11421-ABD |

## MEMORANDUM AND ORDER

BURROUGHS, D.J.

Plaintiff Jose Maria DeCastro ("Plaintiff") filed suit against Joshua Abrams, Kate Peter, Google LLC ("Google"), unknown John Doe defendants who publish on YouTube ("YouTube John Does"), and unknown John Doe defendants working on behalf of Google ("Google John Does") (collectively, "Defendants") claiming copyright infringement.[1]  Before the Court are Abrams' and Peter's motions to dismiss, [ECF Nos. 94 & 95], and Google's motion to transfer or, in the alternative, to dismiss, [ECF No. 121].  For the following reasons, Defendants' motions

---

[1] Though Plaintiff and Defendants reference "RICO violations," violations of the Digital Millenium Copyright Act ("DMCA"), and Plaintiff's prior but abandoned complaint, see [ECF Nos. 1, 67], the only count raised by Defendant in the operative complaint and thus the only claim before the Court is for copyright infringement.  See, e.g., [ECF No. 62 ¶¶ 5, 7–8; ECF No. 79 ¶¶ 1, 13; ECF No. 96 at 11; ECF No. 100 at 4; ECF No. 121 at 11–12].

to dismiss are GRANTED and Google's motion to transfer is DENIED AS MOOT with leave to renew if necessary.

I.  BACKGROUND

The following relevant facts are taken primarily from the amended complaint and supplements,[2] [ECF Nos. 62, 79, 118 (collectively, "the Complaints")], which the Court assumes to be true when considering a motion to dismiss.  Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014).

Plaintiff creates original video content and publishes it on YouTube to generate revenue.  See, e.g., [Compl. ¶¶ 3, 13–14, 22].  He claims that he is the "owner of the valid copyright" for the videos that he publishes.  [Compl. ¶¶ 13, 19, 21, Ex. 1; First Supp. Compl. ¶ 9, Ex. 1; Second Supp. Compl. ¶ 3, Ex. 1].

Defendants Peter, Abrams, and the YouTube John Does also publish content to YouTube for monetary gain.  [Compl. ¶¶ 1, 4, 16–17].  The videos these defendants publish target the same YouTube content market as Plaintiff, and "[t]o save from having to create content themselves," these defendants have allegedly willfully "st[olen]" and "copied" Plaintiff's content without his consent.  See, e.g., [id. ¶¶ 4, 15, 17, 23–24, 26].  As a result, these defendants "profit from [Plaintiff's] content simply by using it to save them time and money and the effort of creating their own content."  [Compl. ¶ 18].

In addition, Google and the Google John Does have caused Plaintiff harm by interfering with his ability to exercise his copyright.  [First Supp. Compl. ¶ 1].  Specifically, Plaintiff has

---

[2] On November 16, 2022, Plaintiff filed an amended complaint, [ECF No. 62 ("Compl.")], which superseded the original complaint in its entirety, see [ECF No. 67].  Plaintiff then filed two "supplements" to his amended complaint on December 2, 2022, [ECF No. 79 ("First Supp. Compl.")], and April 24, 2023, [ECF No. 118 ("Second Supp. Compl.")].

identified instances of alleged copyright infringement to Google and the Google John Does, but they have failed to take down the identified content. [Id. ¶ 13]. Google and the Google John Does have failed to take down the content because they determined that it is exempt from takedown based on copyright fair use principles, notwithstanding that Plaintiff told them that he had filed a court action identifying the allegedly infringing content. [Id. ¶¶ 13–15]. Plaintiff claims that their failure to address his complaints is in violation of the DMCA. [Id.].

Between November 16, 2022 and April 24, 2023, Plaintiff filed the Complaints seeking recovery for alleged copyright infringement. [ECF Nos. 62, 79, 118]. Defendants Abrams and Peter moved to dismiss, [ECF Nos. 94–96], and Plaintiff responded to both motions in a combined opposition, [ECF No. 100]. Google separately moved to transfer or, in the alternative, to dismiss, [ECF No. 121], Plaintiff responded, [ECF No. 123], Google replied, [ECF No. 127], and Plaintiff filed a sur-reply, [ECF No. 130]. Because the same infringement claims apply to all parties, the Court rules on all of the motions to dismiss in this Order.

## II.    LEGAL STANDARD

On a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all well-pled facts, analyze those facts in the light most favorable to the plaintiff, and draw all reasonable inferences from those facts in favor of the plaintiff. U.S. ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2011). Additionally, "a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice." MIT Fed. Credit Union v. Cordisco, 470 F. Supp. 3d 81, 84 (D. Mass. 2020) (citing Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011)). A complaint "must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief[,]'" Cardigan Mountain Sch. v. N.H. Ins. Co., 787

F.3d 82, 84 (1st Cir. 2015) (quoting Fed. R. Civ. P. 8(a)(2)), and must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory[,]" Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988).  Although detailed factual allegations are not required, a complaint must set forth "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[,]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Rather, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).[3]

### III.     ANALYSIS

To establish copyright infringement, a plaintiff must "prove two elements: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" Soc'y of Holy Transfiguration Monastery, Inc. v. Gregory, 689 F.3d 29, 39 (1st Cir. 2012) (quoting Situation Mgmt. Sys., Inc. v. ASP. Consulting LLC, 560 F.3d 53, 58 (1st Cir. 2009)).

First, "to show ownership of a true copyright, a plaintiff must prove that the work as a whole is original and that the plaintiff complied with applicable statutory formalities." Soc'y of Holy Transfiguration Monastery, Inc., 689 F.3d at 40 (quoting Lotus Dev. Corp. v. Borland Int'l, Inc., 49 F.3d 807, 813 (1st Cir. 1995)).  With regard to statutory formalities, 17 U.S.C. § 411(a) provides that a party bringing a federal copyright infringement suit must show that the party had either registered its copyright with the U.S. Copyright Office or that the U.S. Copyright Office had refused to register the copyright after the party had delivered the proper deposit, application,

---

[3] Plaintiff cites to Fed. R. Civ. P. 8 and Feist Publications, Inc. v. Rural Telephone Service Co., 499 U.S. 340 (1991) as supposedly supporting a lower pleading standard for copyright infringement claims.  [ECF No. 100 at 2].  Neither does so.

4

and fee to that office.  17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."); see Cortés-Ramos v. Martin-Morales, 956 F.3d 36, 42–43 (1st Cir. 2020) (affirming dismissal for failure to allege that registration had been obtained prior to suit); see also Foss v. E. States Exposition, 67 F.4th 462, 468 (1st Cir. 2023) ("[T]he copyright registration requirement set forth in § 411(a) is a precondition to federal copyright infringement suits").

Second, to show that a defendant copied constituent elements of the work that are original, a plaintiff must show that (1) the defendant actually copied the work as a factual matter, and (2) the defendant's copying of the copyrighted material was so extensive that it rendered the infringing and copyrighted works "substantially similar." Cortés-Ramos, 956 F.3d at 41; Tr. Safe Pay, LLC v. Dynamic Diet, LLC, No. 17-cv-10166, 2018 WL 3614799, at *6 (D. Mass. July 27, 2018).

Defendants, in pertinent part, move to dismiss because (1) Plaintiff has failed to show that he has met the copyright registration requirements to file suit, [ECF No. 96 at 5–7; ECF No. 121 at 13]; (2) Plaintiff has not identified any allegedly infringing material from Defendants, [ECF No. 96 at 7; ECF No. 121 at 13]; and (3) Plaintiff's claims are barred by the fair use doctrine, [ECF No. 94 at 3–6; ECF No. 96 at 7–9].  As to registration, Plaintiff argues that he need only allege ownership of the copyrighted materials, which he has done, and that in any event, he "hereby declare[s in response to the motion] that [he] has successfully and completely registered at least one key video in [his] complaint and that the registration can easily be found by searching the public catalog at loc.gov."  [ECF No. 100 at 3; ECF No. 123 at 4].

With regard to infringement, Plaintiff argues that the materials infringed by Defendants "can be further clarified through the discovery process," and that "[t]he fact that the Defendants have not requested a more definite statement, but rather ask[] that this Court decide fair use[,] makes it clear that the complaint was sufficient to give notice." [ECF No. 100 at 3].

The Court agrees that Plaintiff has failed to plead sufficient facts to support a finding that he has met the copyright registration requirement which is a prerequisite to bringing suit. In the Complaints, Plaintiff pleads, without record support, that he is the "owner of the valid copyright" for the videos that he publishes. [Compl. ¶¶ 13, 19, 21, Ex. 1; First Supp. Compl. ¶ 9, Ex. 1; Second Supp. Compl. ¶ 3, Ex. 1]. This is insufficient to support an inference that he has complied with the registration requirements of § 411(a). See Foss, 67 F.4th at 468 ("[T]he copyright registration requirement set forth in § 411(a) is a precondition to federal copyright infringement suits"); see also Calden v. Arnold Worldwide LLC, No. 12-cv-10874, 2012 WL 5964576, at *3 (D. Mass. Nov. 27, 2012) (finding a plaintiff's statement that his work was "fixed and copyrighted under the Copyright Act of 1976 U.S.C.A. 203(a)" insufficient to plead a valid registration).

Plaintiff's claim in his response to Google's motion that he has "registered at least one key video in [his] complaint" does not remedy the deficient pleading. [ECF No. 123 at 4]. Plaintiff must have (1) obtained his registration prior to instituting this action, which it appears he did not,[4] and (2) sufficiently alleged in the Complaints that he did so, which he did not. See

---

[4] The Court takes judicial notice of Plaintiff's February 2, 2023 registration of one video, see [ECF No. 127-2], which occurred both after Plaintiff initiated this action on September 2, 2022, [ECF No. 1], and after Plaintiff first brought a copyright claim on November 16, 2022, [ECF No. 62]. See Island Software & Comput. Serv. v. Microsoft Corp., 413 F.3d 257, 261 (2d Cir. 2005) ("The district court was entitled to take judicial notice of [defendant]'s federal copyright registrations, as published in the Copyright Office's registry").

Cortés-Ramos, 956 F.3d at 41 (affirming dismissal where plaintiff failed to allege "that registration had been obtained prior to suit," despite finding there was "no dispute that the Copyright Office registered [plaintiff's work] after he filed his complaint."); see also Cortés-Ramos, No. 16-cv-01223, 2020 WL 4920045, at *4 (D.P.R. Aug. 21, 2020) (on remand, denying motion to amend complaint because copyright was not registered prior to filing the original complaint). Thus, as Plaintiff has failed to allege that he complied with the copyright registration requirements prior to filing suit, the Court dismisses the Complaints against all Defendants.

Because the Court finds that the Complaints should be dismissed for failure to comply with the applicable statutory formalities of § 411, it need not decide whether Plaintiff adequately pled a claim for copyright infringement. In any event, the Court notes that Plaintiff's Complaints do little more than generally allege that Defendants copied his videos. See, e.g., [Compl. ¶¶ 4, 15, 17, 23–24, 26]. For example, Plaintiff does not cite, identify, or describe a single instance of the alleged copying that would allow the Court to infer that Defendants' copying of the material was so extensive that it rendered the infringing and copyrighted works "substantially similar." See Cortés-Ramos, 956 F.3d at 41; see also Tr. Safe Pay, 2018 WL 3614799, at *6 ("The mere allegation that a defendant copied the work of a plaintiff is insufficient, on its own, to establish a claim for copyright infringement.") (citing Johnson, 409 F.3d at 18 ("copying does not invariably constitute copyright infringement"); and then citing Feist, 499 U.S. at 361)).[5]

---

[5] Similarly, the Court does not have sufficient information to assess whether Defendants' actions are protected by the fair use doctrine.

## IV. CONCLUSION

Accordingly, Defendants' motions to dismiss at ECF Nos. 94, 95, and 121 are granted, and Google's motion to transfer at ECF No. 121 is denied as moot with leave to renew if necessary.

**SO ORDERED.**

July 11, 2023                                                                 /s/ Allison D. Burroughs
                                                                              ALLISON D. BURROUGHS
                                                                              U.S. DISTRICT JUDGE